

**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:* (302) 425-6408
*Fax:* (302) 428-5106
*Email:* Caponi@BlankRome.com

March 25, 2009

**BY HAND & ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court, District of Delaware
844 North King Street
Wilmington, DE 19801

      Re: *Leader Technologies, Inc. v. Facebook, Inc.*, C.A. No. 08-862-JJF

Dear Judge Farnan:

      Facebook respectfully submits this letter concerning the scheduling that the Court asked the parties to propose following the Scheduling Conference that took place on March 3, 2009. As the Court will recall, the parties were asked to submit their proposals for a schedule for this case after each side had an opportunity to review initial discovery responses. Given the complete lack of any meaningful response from Plaintiff regarding infringement or the scope of this case, Facebook hereby requests that the Court defer entry of a definitive schedule (with the exception of the already set June 7, 2010 trial date) until Plaintiff meets its discovery obligations and establishes the scope of its allegations. Until this threshold matter is resolved, this case cannot meaningfully move forward, as we discussed during the Scheduling Conference.

      As Facebook explained at the Scheduling Conference on March 3, an understanding of the claims asserted and products accused in this case is a critical necessity for formulating a realistic schedule that ensures the parties will not constantly be back in front of the Court asking for extensions or changes. As a threshold matter, Plaintiff must specifically identify the accused instrumentality and how it believes Facebook infringes the patent-in-suit. The identity of what Plaintiff is accusing is a necessary precursor to determining what witnesses have discoverable information (including third parties), what documents and records are discoverable, who will be qualified technical expert witnesses and which terms and phrases of the asserted patent claims will need to be construed by the Court. Despite asking Plaintiff these questions repeatedly informally and through formal discovery, those questions all still remain unanswered.



Facebook raised all of these issues during the March 3, 2009 Scheduling Conference. As a direct result of those arguments, the Court deferred submission by the parties of scheduling proposals until Facebook could evaluate Plaintiff's response to Facebook Interrogatory No. 1. This interrogatory simply requested a clear disclosure of accused product(s) and infringement theories. At the Conference, Facebook made it very clear that the Court's proposed schedule was acceptable if, and only if, Plaintiff met its obligation to reasonably define the scope of the case in a clear answer to that interrogatory. Facebook just received the Plaintiff's response (attached) in which Plaintiff has again failed to meaningfully narrow this case or provide any guidance on the scope of this action.[1] Plaintiff's response asserts 24 claims in the following broad fashion:

> "Plaintiff asserts that the Facebook Website (as defined in its [sic] Plaintiff's First Set of Requests for Documents and Things) literally infringes, or in the alternative, infringes under the doctrine of equivalents Claims 1-2, 4-5, 7-16, 21, 23-26, 29, 31-34 of the '761 Patent."

(Plaintiff's Response to Interrogatory No. 1, p. 6). The term "Facebook Website" is defined in the Plaintiff's written discovery as:

> The term "Facebook Website" shall mean the Facebook services and network currently located at www.facebook.com and formerly located at www.thefacebook.com (including any directly associated current or former domains), and all functionalities, components, programs and modules (both software and hardware) currently or formerly built, used, or made available by Facebook. "Facebook Website" includes, but is not limited to, all components and information necessary to currently or formerly build, use, and make available Facebook Marketplace, Facebook Flyers, Facebook Platform, Facebook Platform Applications (including, but not limited to Facebook Video, Facebook Notes, Facebook Mobile, Facebook Posted Items, Facebook Photos, Facebook Events, Facebook Gifts, Facebook Groups, Discussion Boards, Discography, Music Player, Translations, Wall, Reviews, Facebook Exporter for iPhoto and Facebook Toolbar for Firefox), Facebook Mobile Services, Facebook Connect, Facebook Pages, Share Service, Share Link, Facebook Ads, Facebook

---

[1] Facebook has lodged a copy of the Plaintiff's interrogatory responses with this letter rather than filing them in the public docket because the Plaintiff designated them as "Confidential" under the Local Rules.



Beacon, Social Ads, and any other tools which facilitate Site Content or User Content.

(Plaintiff Plaintiff Technologies, Inc.'s First Set of Requests for Production of Documents and Things to Defendant Facebook, Inc. [1-73], at 2).

Plaintiff's response also includes a "chart" that fails to add any meaningful information. The chart is comprised solely of parroted claim language from the patent with a combined, repeated reference to over 150 pages of screenshots of the Facebook website. No explanation of how any of these screen shots relate to any recited claim elements is provided. The chart does not provide infringement theories, the identity of accused products, or an element-by-element explanation of infringement as expressly required by Facebook Interrogatory No. 1. Facebook is back to square one as far as deciphering Plaintiff's allegations.

Facebook is a publicly available website. Thus, there is nothing preventing Plaintiff from providing a precise, step-by-step explanation of its theory of infringement if it has one. Indeed, in order to have filed this case, Plaintiff was required to have conducted a pre-filing investigation requiring this very analysis. A schedule should not be established, and Facebook should not be subjected to discovery requests effectively seeking production of every document in the company, until Plaintiff meets its threshold obligations.

Accordingly, next week Facebook will bring a motion to compel a full and complete response to its Interrogatory No. 1. Until the Plaintiff defines the scope of this case, it is simply not possible to determine how long fact discovery will need to remain open or when the parties will be prepared for a Markman hearing. Facebook respectfully requests that the Court defer the entry of a definitive schedule (except for the June 2010 trial date) until the Court has ruled regarding the sufficiency of Plaintiff's response and any action that needs to be taken thereon. Facebook therefore proposes that the Court set another scheduling conference for 45 days after a ruling on Facebook's motion to compel so that the parties can set a meaningful schedule for the case going forward.



March 25, 2009
Page 4

      We are available at the Court's convenience if Your Honor should have any questions.

Respectfully submitted,

/s/ *Steven L. Caponi*

Steven L. Caponi
I.D. No. 3484

and

Heidi L. Keefe (Co-Counsel)
White & Case LLP

SLC:pfc
Enclosure – via hand (under seal)

cc:     Philip A. Rovner, Esquire – via e-service (w/o enc.)
         Paul J. Andre, Esquire – via e-service (w/o enc.)
         Lisa Kobialka, Esquire – via e-service (w/o enc.)