IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC., a Delaware ) 
corporation, )
 )
          Plaintiff, )     C. A. No. 08-862-JJF
 )
          v. )
 )
FACEBOOK, INC., a Delaware corporation, )
 )
          Defendant. )

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above entitled litigation may involve the disclosure of

confidential trade secret, technical know-how, or other confidential or proprietary research,

development, commercial, personal, financial information or information furnished in confidence

by a third party (hereinafter individually and collectively referred to as "confidential material")

relating to the subject matter of this litigation, regardless of how generated;

WHEREAS, the parties desire to limit the extent of disclosure and use of such

confidential material, and to protect such confidential material from unauthorized use and further

disclosure, and wish to insure that no advantage is gained by any party through the use of such

confidential material which could not have been learned without the discovery in this litigation.

NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and between

the parties, through their respective counsel, subject to the approval of the Court, the parties

request that the following Protective Order pursuant to Fed. R. Civ. P. 26(c) be entered,

IT IS HEREBY ORDERED THAT:

1.     This Protective Order shall apply to all information, documents, electronic documents, electronically stored information, things, exhibits, discovery responses and testimony designated in good faith as constituting or containing confidential material by parties and non-parties in this litigation. Any confidential material produced by a party or non-party in this litigation may be designated by such party or non-party as (1) CONFIDENTIAL, (2) HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or (3) HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE under the terms of this Protective Order.

2.     For the purposes of this Protective Order, confidential material designated as CONFIDENTIAL shall be information or tangible things that the producing party believes in good faith qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure as non-public confidential and/or proprietary information, whether personal or business related. Absent a specific order by this Court, once designated as CONFIDENTIAL such designated confidential material shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3.     Confidential material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be information that the producing party believes in good faith is extremely sensitive confidential information that if disclosed to another party or non-party would create a substantial adverse impact on the producing party's business, financial condition, ability to compete, standing in the industry or any other risk of injury that could not be avoided by less restrictive means. Such material includes, without limitation:  technical or product information not released to the public; confidential business information, including but not limited to market

2

studies and analyses, future projections, strategies, forecasts, business plans, and information concerning business decisions or negotiations; company financial information and projections in any form that have not been made available to the public; license agreements and other contractual relationships with third parties; identification of current, former, or potential customers and vendors; materials relating to ongoing research and development efforts and future products; technical materials used solely for internal purposes in connection with development, production, engineering, or sales training; source code; and non-public correspondence and documents relating to the prosecution of any patent applications or any other proceeding before the United States Patent and Trademark Office or any foreign patent office. Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such designated material shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such material shall not be disclosed to anyone except as provided herein.

4.     The scope of this Protective Order shall be understood to encompass not only those items or things which encompass CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information, but also any information derived therefrom and all excerpts and summaries thereof, as well as testimony and oral conversation related thereto.

5.     Each party or nonparty that designates confidential material for protection under this Protective Order must limit any such designation to specific material that qualifies under the appropriate standards. The designation of confidential material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –

3

ATTORNEYS' EYES ONLY – SOURCE CODE for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

a.     in the case of documents, electronic documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, things or other materials (apart from documents and things made available for inspection, depositions, pretrial or trial testimony) by affixing the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, as appropriate, to every page of any document containing designated material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the material disclosed and sought to be protected;

b.     for documents and things made available for inspection, all documents shall be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Upon request for copying and production by the inspecting party, the producing party shall designate such documents with the appropriate confidentiality marking;

c.     in the case of depositions, pretrial and trial testimony: (i) by a statement by counsel on the record during such deposition, pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) calendar days after receipt of the transcript of the testimony. The parties shall treat all deposition,

4

pretrial and trial testimony as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY hereunder until the expiration of thirty (30) calendar days after the receipt of the
transcript. Unless so designated, there shall be no duty to treat the transcript as
confidential after the expiration of the 30-day period, unless otherwise stipulated or
ordered. The parties may modify this procedure for any particular deposition or
proceeding through agreement on the record at such deposition or proceeding or
otherwise by written stipulation, without further order of the Court.

    d.    in the case of confidential material designated as CONFIDENTIAL,
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE used during the
course of a deposition as a deposition exhibit or otherwise, that portion of the deposition
record reflecting such confidential material shall be sealed and stamped with the
designated degree of confidentiality, and access thereto shall be limited pursuant to the
other terms of this Protective Order; and

    e.    Each party retains the right to subsequently redesignate documents and to
require such documents to be treated in accord with such designations from the date of
the redesignation forward.

6.    Confidential material designated as CONFIDENTIAL, copies of or extracts
therefrom, and compilations and summaries thereof, may be disclosed, summarized, described,
characterized, otherwise communicated, or made available in whole or in part only to the
following persons:

    a.    Outside counsel for the parties identified as follows:

(1)     For Plaintiff Leader Technologies, Inc.: King & Spalding LLP and
        Potter, Anderson & Corroon LLP.

(2)     For Defendant Facebook, Inc.: White & Case LLP and Blank
        Rome LLP.

(3)     As used herein, "outside counsel" shall mean attorneys for the
        respective firms, including supporting personnel employed by the
        attorneys, such as paralegals, legal secretaries, legal clerks, and
        litigation support employees.

b.      no more than one officer, director or employee from each party whose
assistance is needed by counsel for the purposes of this litigation;

c.      consultants and experts as defined in and pursuant to the provisions of
paragraph 9 herein;

d.      the Court and those employed by the Court, pursuant to paragraph 11
herein;

e.      court reporters, videographers, outside copying, interpreters or translators,
employed in connection with this litigation;

f.      graphics or design services retained by counsel for a party for purposes of
preparing demonstrative or other exhibits for deposition, trial, or other court proceedings
in this litigation;

g.      non-technical jury or trial consulting services retained by counsel for a
party;

h.      the author(s) and all recipients of the document or the original source of
the information; and

6

i. any other person upon order of the Court or upon written consent of the party producing.

j. Subject to the other provisions of this Protective Order, individuals that fall under Paragraphs 6(b), 6(c), 6(f), 6(g) and 6(i), may not be given access to any information or material designated as "Confidential" unless they first complete and sign a copy of an undertaking in the form attached hereto as Exhibit A confirming their understanding and agreement to abide by the terms of this Protective Order and to submit to the jurisdiction of this Court for matters related to the above-entitled action, including enforcement of this Protective Order.

7. Confidential material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated or made available in whole or in part only to the following persons:

a. parties' outside counsel of record in this litigation, as defined in subparagraph 6(a) above;

b. consultants and experts as defined in and pursuant to the provisions of paragraph 9 herein;

c. the Court and those employed by the Court, pursuant to paragraph 11 herein;

d. court reporters, videographers, outside copying, interpreters or translators, employed in connection with this litigation;

e.     graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this litigation;

f.     non-technical jury or trial consulting services retained by counsel for a party;

g.     the author(s) and all recipients of the document or the original source of the information; and

h.     any other person only upon order of the Court or upon written consent of the party producing.

i.     Subject to the other provisions of this Protective Order, individuals that fall under Paragraphs 7(b), 7(e), 7(f) and 7(h), may not be given access to any information or material designated as "Highly Confidential - Attorneys' Eyes Only" unless they first complete and sign a copy of an undertaking in the form attached hereto as Exhibit A confirming their understanding and agreement to abide by the terms of this Protective Order and to submit to the jurisdiction of this Court for matters related to the above-entitled action, including enforcement of this Protective Order.

8.     PROTECTION OF SOURCE CODE - Documents or other things that contain a party's or non-party's source code, or the substance thereof, shall be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE and shall be subject to all protections applicable to materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the following additional protections:

a.     After reasonable notice to the receiving party, a single electronic copy of source code or executable code shall be made available for inspection on a non-

networked, standalone computer at an office of the producing party's California-based counsel at mutually agreeable times during normal business hours. The non-networked, standalone computer shall be password protected and supplied by the party producing the source code.

b. Access to the standalone computer shall be permitted, after notice to the provider and an opportunity to object, to two (2) outside counsel representing the receiving party and two (2) experts retained by the receiving party, all of whom have been approved under Paragraph 9 of this Protective Order.

c. Forty-eight (48) hours prior to the scheduled time for the receiving party's outside counsel or expert to review source code at the office of a producing party's counsel, the receiving party shall be entitled to a specific identification (by name, version number, and date of release) of the source code being made available for inspection, if reasonably available. If specific identification is not reasonably available at such time, the producing party shall provide notice to the receiving party that specific identification is not reasonably available and explain the reason(s) why specific identification is not reasonably available.

d. The source code provider shall provide a manifest of the contents of the standalone computer. This manifest, which will be supplied in both printed and electronic form, will list the name and location of every source and executable file on the standalone computer made available by the producing party.

e. The standalone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (a) view and search (by line-number) any source

9

file, (b) search for a given pattern of text through a number of files, and (c) compare two files and display their differences.

    f.        No portion of the source code may be copied or printed without the agreement of the producing party or further order of the Court. Nothing in this paragraph shall prevent a person accessing the source code pursuant to subsection (b) above from taking handwritten notes while reviewing the source code, provided the reviewing party affixes the legend HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE to every page of all such notes and maintains such notes in accordance with the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE designation.

    g.        Outside counsel for a receiving party shall maintain a Source Code Access Log identifying, each and every time source code is viewed, accessed, or analyzed: (i) the name of each person who viewed, accessed or analyzed the code; (ii) the date and time of such viewing, access, or analysis; and (iii) the length of time of viewing, access, or analysis.; and (iv) in the case of an agreement of the parties or Court order permitting copying of any portion of the source code, whether any electronic or hard copies of any portion of the code were created and the portion of the code that was copied, identified by the full path and file name of the file from which the code was copied.

    h.        The Source Code Access Logs maintained by outside counsel shall be considered privileged and shall not be discoverable except on further order of this Court.

    i.        Counsel for the producing party shall be entitled to maintain a log detailing (i) the name of each person who has accessed the source code and (ii) the date and time of such access; and (iii) the and length of time of such access.

10

j.     Under no condition may any party disclose, in whole or in part, copies of, or the substance of, the source code of the producing party to any person not allowed to receive it, including any officers, directors, in-house counsel, employees, non-litigation consultants of the receiving party, or any lawyer or patent agent who is prosecuting patent applications for the receiving party before any domestic or foreign patent office.

k.     The receiving party shall notify the producing party within twenty-four (24) hours of becoming aware of any loss, theft, or unauthorized copying and/or disclosure of any source code made available under this Paragraph 8.

l.     No source code or documents describing source code shall be lodged or filed with the Court except under seal and referencing this Protective Order. If required in connection with any motion or other proceedings, an additional non-networked, stand-alone laptop computer containing the source code shall be provided directly to the Court in chambers.

m.     Nothing in this Protective Order shall obligate the parties to produce any source code or particular portion thereof, and this Protective Order is not an act or admission that any portion of a producing party's source code is discoverable or relevant to any issues in this action.

9.     For purposes of this Protective Order, a consultant or expert shall be defined as a person who is neither an employee, agent or representative of a party, nor anticipated to become an employee, agent or representative of a party in the near future, who is not involved in the application or prosecution of patents for the party, and who is retained or employed to assist in the preparation for trial in this litigation, whether full or part time, by or at the direction of counsel for a party. The procedure for having a consultant or expert approved for access to

11

confidential material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
SOURCE CODE under this Protective Order shall be as follows:

      a.      Outside counsel for the receiving party shall (i) provide the consultant or
expert with a copy of this Protective Order, (2) explain its terms, and (3) obtain the
written agreement of the consultant or expert, in the form of Exhibit A hereto, to comply
with and be bound by the terms of this Protective Order. Before providing information
designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE
CODE by a producing party pursuant to this Protective Order to a consultant or expert,
the party seeking to disclose the information to a consultant or expert shall identify the
consultant or expert to the producing party in writing and provide the producing party
with (a) an executed Exhibit A, and (b) a written statement setting forth the consultant's
or expert's residence address, business address, employer, job title, curriculum vitae, and
past or present association with any party, as well as a list of litigation matters for which
the consultant or expert has provided any professional services during the preceding five
years;

      b.      Five (5) court days following the identification specified in the preceding
subparagraph, the identifying party may disclose the information designated
CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE under
this Protective Order to the identified consultant or expert unless the party receives a
written objection to the identification, served by facsimile or electronic mail, setting forth

in detail the grounds on which it is based. Failure to object within five (5) days of the identification shall be deemed a waiver of the objection. If an identifying party receives such an objection within five (5) days of the identification, the consultant or expert shall be barred from access to any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE under this Protective Order for fourteen (14) calendar days commencing with the receipt by the producing party of a copy of the executed Exhibit A and accompanying information required in subparagraph (a) above;

c. If within fourteen (14) calendar days, the parties are unable to resolve their differences and the opposing party moves for a further protective order preventing disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE under this Protective Order to the identified consultant or expert, then the confidential material shall not be provided to said consultant or expert except by further order of the Court. Any such motion by the opposing party must describe the circumstances and reasons for objection, setting forth in detail the reasons for which the further protective order is reasonably necessary, assessing the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. The party opposing the disclosure to said consultant or expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the seeking party's need to disclose the confidential material to said consultant or expert.

10. Any person may be examined as a witness at trial or during a deposition concerning any confidential material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE which that person had lawfully received or authored prior to and apart from this litigation. During examination, any such witness may be shown confidential material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE by a party that appears on its face, or from other documents or testimony, to have been received from or authored by that witness or communicated to that witness. At any deposition session, upon any inquiry with regard to the content of a document designated CONFIDENTIAL HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE or when counsel for a person (party or nonparty) deems that the answer to a question may result in the disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information of his or her client within the meaning of this Protective Order, counsel for the person whose CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information is involved may request that all persons other than the reporter, counsel, and individuals authorized under paragraphs 6, 7, and 9 hereof, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

11.    Materials designated CONFIDENTIAL, HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
SOURCE CODE may be filed with or presented to the Court, or may be included in briefs,
memoranda or other papers filed with this Court, but if so, they shall be filed under seal in
accordance with the Local Rules of the Court and the United States District Court for the District
of Delaware.

12.    A party may challenge any other party's designation of confidential materials
produced herein as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE by
serving a written objection upon the producing party. A party does not waive its right to
challenge a confidentiality designation by electing not to mount a challenge promptly after the
original designation is disclosed. In the event that a party challenges in writing, at any time
during this litigation, the designation of confidential material, the designating party, shall, within
fourteen (14) calendar days of such challenge, substantiate the basis for such designation in
writing. If a dispute remains, the parties shall first try to resolve such dispute in good faith on an
informal basis. If the dispute cannot be resolved, the party challenging the claim of
confidentiality may seek appropriate relief from the Court. Each such motion shall identify the
challenged material and the basis for the challenge. The burden of establishing that information
has been properly designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
SOURCE CODE is on the party making such designation. Until a dispute over the asserted
designation is finally resolved by the parties or the Court, all parties and persons shall treat the
confidential material in question as it is designated – CONFIDENTIAL, HIGHLY

15

CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE.

13. All counsel for the parties who have access to confidential material designated as
CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE under this Protective
Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this
Court for purposes of enforcing this Protective Order.

14. Entering into, agreeing to, and/or producing or receiving confidential material
designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, or otherwise
complying with the terms of this Protective Order shall not:

a. waive any right to object on any ground to use in evidence of any of the
confidential material covered by this Protective Order; or

b. waive any objection to the disclosure or production of confidential
material otherwise available on any ground not addressed in this Protective Order.

15. This Protective Order has no effect upon, and shall not apply to, a party's use or
disclosure of its own confidential material for any purpose.

16. Nothing contained herein shall impose any restrictions on the use or disclosure by
a party of confidential material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL–
ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
SOURCE CODE obtained lawfully by such party independently of any proceedings in this
action, or which:

a.      was already known to such party by lawful means prior to acquisition from, or disclosure by, any other party in this action;

b.      is or becomes publicly known through no fault or act of such party; or

c.      is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

17.      The inadvertent production or disclosure of any privileged, protected work-product, or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection as to the inadvertently produced material or any related material. The parties agree to handle inadvertently disclosed materials as follows:

a.      For all inadvertently disclosed privileged or work-product materials, the producing party must notify the receiving party promptly upon discovery, in writing, that a document has been inadvertently produced. Upon receiving written notice under this subparagraph from the producing party that privileged and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within five (5) court days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in subparagraph (b) below, except in the case of an order of the Court, so permitting. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all physical and electronic copies of the documents in electronic format.

b.      Following initial notice received under subparagraph (a) above, if the receiving party contests the privilege or work-product designation contained in the notice, the receiving party shall give the producing party written notice of the reason for said disagreement. The receiving party shall, within fifteen (15) court days from the initial

17

notice by the producing party, file a motion seeking an order from the Court compelling the production of the material. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

c. Upon receiving an initial notice provided in accordance with subparagraph (a) above, any analyses, memoranda or notes (including in electronic form to the extent reasonably practicable) which were internally generated by the receiving party based upon such inadvertently-produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged or work-product material, or (b) the Court rules that the information is privileged, work-product, or otherwise protected. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged or work-product material, or (b) the Court rules that the information is not privileged or otherwise protected from disclosure.

d. Within fifteen (15) court days of receiving an initial notice provided in accordance with subparagraph (a) above, the receiving party shall notify any person to whom it has provided a copy of the inadvertently disclosed material that the document contains privileged or work-product material that was inadvertently disclosed and that all copies of the document should be destroyed.

18. If a party inadvertently produces CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE material without marking it as such, it may be disclosed to others until the

receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. At such time that the producing party notifies a receiving party that a document or thing was produced without the appropriate confidentiality designation, the producing party shall provide the receiving party with replacement copies of the documents or things bearing the appropriate confidentiality designation. Upon receipt of the replacement copies, the producing party shall return or destroy all copies of the previously produced documents or things within its possession. The receiving party shall notify any person to whom it provided a copy of such document or thing that the document or thing has been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE and, if the person to whom it provided a copy of the document is not authorized under this Protective Order to view CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE material, the receiving party shall request that the person to whom it provided the document or thing return or destroy the document or thing.

19.    If a party learns that it has disclosed documents or information, by inadvertence or otherwise, that were designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE to any person or in any circumstance not authorized under this Protective Order, that party must immediately (1) notify in writing the designating party of the unauthorized disclosures, (2) use its best efforts to retrieve all copies of the confidential material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Protective Order, and (4) request such person or persons complete and sign a copy of the undertaking in the form attached hereto as Exhibit A.

20. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party or non-parties hereto for good cause.

21. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received confidential material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof.

22. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking information or material which was produced or designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE by someone other than the designating party, the party shall give prompt actual written notice no more than five (5) court days after receipt of such subpoena, demand, or legal process, to those who produced or designated the confidential material CONFIDENTIAL, HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
SOURCE CODE and shall object to its production to the extent permitted by law. Should the
person seeking access to the confidential material take action against the party or anyone else
covered by this Protective Order to enforce such a subpoena, demand or other legal process, the
party shall respond by setting forth the existence of this Protective Order. The designating party
shall bear the burdens and the expenses of seeking protection in the court of its confidential
material, and nothing in these provisions shall be construed as authorizing or encouraging a party
in this action to disobey a lawful directive from another court.

23.     The parties agree that all designated documents, information, and material
exchanged between the parties and subject to this Protective Order in this action shall be used
solely for the prosecution or defense of the claims in this action and shall not be used for any
business, commercial, competitive, personal, or other purposes, subject to the other terms of this
Protective Order.

24.     Nothing in this Protective Order shall prevent outside or inside counsel from
giving legal advice based on information that has been designated CONFIDENTIAL, HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE provided such legal advice shall not reveal the
substance of any designated information to a person who is not authorized to receive it.

25. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

POTTER ANDERSON & CORROON LLP     BLANK ROME LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

By: /s/ Steven L. Caponi
    Steven L. Caponi (#3484)
    1201 Market Street
    Suite 800
    Wilmington, DE 19801
    (302) 425-6400
    caponi@BlankRome.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

*Attorneys for Defendant*
*Facebook, Inc.*

OF COUNSEL:

OF COUNSEL:

Paul J. Andre
King & Spalding, LLC
333 Twin Dolphin Drive
Suite 400
Redwood Shores, California 94065
(650) 590-0700

Heidi L. Keefe
White & Case, LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
(650) 213-0300

SO ORDERED, this 28 day of April, 2009

United States District Judge

912878

22

## Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC., a Delaware )
corporation, )
                                       )
            Plaintiff, )        Civil Action No.
                                         )
            v. )
                                         )
FACEBOOK, INC., a Delaware corporation, )
                                       )
            Defendant. )

## **STIPULATED PROTECTIVE ORDER**

UNDERTAKING OF: _____

1. My home address is:

2. My present employer is and the address of my present employment is:

3. My present occupation or job description is:

4. I have received a copy of the Stipulated Protective Order in this litigation.

5. I have carefully read and understand the provisions of the Stipulated Protective
Order in this litigation.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the

Stipulated Protective Order, and will use only for purposes of this litigation, in strict compliance

with the terms and conditions of the Stipulated Protective Order, any confidential material which

is disclosed to me. I acknowledge that termination of the litigation does not release me from the

obligations set out in this paragraph.

8.    I will return all confidential information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Stipulated Protective Order.

9.    I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this litigation.

10.    Any accompanying resume or curriculum vitae is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or curriculum vitae I know that the receiving party shall rely thereon.

11.    I make the above statements under penalty of perjury.

Signature:_____
Date:_____

2