IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation<br><br>    Defendant and Counterclaimant. | Civil Action No. 1:08-cv-00862-JJF |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**

Dated: May 18, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

I. NATURE AND STAGE OF PROCEEDINGS ....................................................1

II. SUMMARY OF ARGUMENT ............................................................................1

III. STATEMENT OF FACTS ...................................................................................2

IV. ARGUMENT ........................................................................................................2

    1. Facebook has Produced over 100,000 Pages of Information, Mooting Numerous Requests in this Motion .........................................3

    2. LTI's Requests Regarding "Technical Information" and Infringement Are Impossible to Respond to Until LTI Supplements its Infringement Contentions .................................................................3

        a. LTI's Requests Regarding the "Technology" of the "Facebook Website" Are Overly Burdensome and Futile Until LTI Identifies With Specificity What it is Accusing of Infringement ......................................................4

        b. The Fact That There is Software Involved Does Not Lessen LTI's Burden of Establishing Relevance Through Solid Infringement Contentions ...................................6

        c. The Case Law Cited by LTI Supports Facebook's Position, or is Inapposite..............................................................7

    3. LTI's Remaining Requests Seek Burdensome, Irrelevant Materials and so Should Be Denied .........................................................................9

        a. Facebook's Patents, Patent Applications and Related Materials Are Irrelevant and Should Not Be Compelled ..............9

        b. Materials From Unrelated Litigations are Irrelevant and Should Not Be Compelled ......................................................9

V. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*American Video Graphics v. Elec. Arts, Inc.*,
359 F.Supp.2d 558 (E.D. Tex. 2005) ................................................................................ 7

*America Standard Inc. v. Pfizer, Inc.*,
828 F.2d 734 (Fed. Cir. 1987) ........................................................................................... 4

*Connectel, LLC v. Cisco*,
391 F.Supp.2d 256 (E.D. Tex 2005) .................................................................................. 8

*ConnecTel, LLC v. Cisco System, Inc.*,
391 F.Supp.2d 526 (E.D. Tex. 2005) ......................................................................... 6, 7, 8

*E.I. du Pont De Nemours & Co. v. Phillips Petrol. Co.*,
24 F.R.D. 416 (D. Del. 1959) ............................................................................................ 4

*McKesson Information Solutions LLC v. Epic System Corp.*,
242 F.R.D. 689 (N.D. Ga. 2007) ....................................................................................... 3

*Orion IP v. Staples, Inc.*,
407 F. Supp. 2d 815 (E.D. Tex. 2006) ............................................................................... 8

*Prism Tech LLC v. VeriSign, Inc.*,
579 F.Supp.2d 625 (D. Del. 2008) .................................................................................... 7

*Under Sea Industrial, Inc. v. Dacor Corp.*,
833 F.2d 1551 (Fed. Cir. 1987) ......................................................................................... 4

*View Engineering, Inc. v. Robotic Vision System, Inc.*,
208 F.3d 981 (Fed. Cir. 2000) ........................................................................................... 5

*Willemijn Houdstermaatschaapij BV v. Apollo Comp. Inc.*,
707 F.Supp. 1429 (D. Del. 1989) ...................................................................................... 9

*Wyeth v. Impax Laboratories, Inc.*,
248 F.R.D. 169 (D. Del. 2006) ........................................................................................ 10

## DOCKETED CASES

*3Com Corp. v. D-Link Sys., Inc.*,
No. C 03-277-VRW, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007) ................................... 9

128605.00602/40181124v.1

*CIF Licensing, LLC v. Agere System, Inc.*,
   No. 07-170-JJF, 2008 WL 2019492 ............................................................................9

*Cross Atlantic Capital Partners v. Facebook, Inc.*,
   No. 07cv02768 (E.D. Pa.) ........................................................................................9

*King Pharm., Inc. v. EON Laboratories, Inc.*,
   No. 04-CV-5540, 2008 WL 2788199 (E.D.N.Y. Jul. 15, 2008) ..............................10

*Network Caching Tech. v. Novell, Inc.*,
   C-01-2079-VRW, 2003 WL 21699799 (N.D. Cal. March 21, 2003) .......................9

*New York University v. E. Piphany, Inc.*,
   No 05-1929, 2006 WL 559573 (S.D.N.Y., March 6, 2006) ..................................6, 7

*Rates Tech. Inc. v. Mediatrix Telcom, Inc.*,
   No. 05-2755, 2007 WL 2581777 *3 (E.D.N.Y. Sept 5, 2007) .......................4, 5, 6, 7

## FEDERAL STATUTES

Fed. R. Civ. P. 26(b)(2)(C) .....................................................................................................1

## MISCELLANEOUS

U.S. Patent No. 7,139,761 ......................................................................................................1

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Leader Technologies, Inc. ("LTI") filed its Complaint on November 19, 2008 accusing Defendant, Facebook, Inc. ("Facebook") of infringing U.S. Patent No. 7,139,761 (the "'761 patent"). Discovery opened on February 17, 2009. Written fact discovery is set to close in November 2009, *Markman* is set for January 20, 2010 and trial is set for June 28, 2010. D.I. 30.

## II. SUMMARY OF ARGUMENT

To date, Facebook has produced over 100,000 pages of information and has supplemented its interrogatory responses. Facebook has done everything it can to keep this case moving forward, and has produced all relevant materials which speak to issues that LTI has properly identified. LTI's motion ignores the fact that Facebook promised these supplements, and has now delivered them.

What remains is a single dispositive issue addressed both in this motion and in Facebook's concurrent motion to compel: what is LTI accusing of infringement? LTI has made broad allegations of infringement against the "Facebook Website," without any identification of what features or technologies are claimed to be infringing. Without this identification, Facebook cannot determine which technologies are relevant and therefore subject to discovery in this action. Because LTI has failed to come forward with this identification, Facebook respectfully requests that the Court deny LTI's motion.

LTI's motion includes requests for three categories of information, none of which should be granted at this time for at least the following reasons:

1. Facebook supplemented its document production. This mooted LTI's motion with respect to all issues related to Facebook's counterclaims and affirmative defenses and financial, marketing, valuation and competitive information.

2. Facebook cannot, as a practical matter, respond to LTI's requests for "technical information" and source code until Facebook knows what aspects of its website LTI is accusing of infringement. When LTI makes that clear, Facebook will produce relevant information.

3. As a final matter, LTI has asked for materials that are neither relevant to this

1

action, nor likely to lead to relevant information.

### III. STATEMENT OF FACTS

Facebook has asked LTI to identify the functionalities it is accusing of infringement since the inception of this case. *See* Declaration of Craig Clark in Support of Facebook's Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories ("Clark Opp. Decl"), Ex. A. In an apparent attempt to say something while giving up nothing, LTI has sought broad discovery relating to the "Facebook Website," which LTI has unworkably defined as "the Facebook services and network ... and all functionalities, components, programs and modules (both software and hardware) currently or formerly built and used by Facebook." *See* D.I. 36, Plaintiff's Brf. at 9-10.

During meet and confer discussions, Facebook explained that LTI's definition improperly incorporates all features, functionality and 500,000-plus third party current applications, as well as all legacy applications, features and functionalities that ever existed – even those existing years before the '761 patent issued. Clark Opp. Decl., Ex B, at 2-3. LTI insisted that its definition was proper and propounded expansive discovery targeting the "technology" of the "Facebook Website." *See* D.I. 36, Kolbialka Decl. at Ex. 1, 2. Because Facebook still did not understand what was being accused in this case, Facebook was forced to file its Motion for Order Compelling Response to Defendant's Interrogatory No. 1, also before the Court. D.I. 38.

During those same meet and confer discussions, Facebook promised to supplement many of its discovery responses. Such interrogatory responses have been supplemented, and over 100,000 pages have been produced, mooting all but a few issues raised in this motion.[1]

### IV. ARGUMENT

The LTI requests covered in its motion can be easily grouped into three categories: (1) documents which have already been produced, rendering those issues moot; (2) technology-

---

[1] *See* Clark Opp. Decl., Ex. C (reflecting discussions that Facebook would supplement its responses to LTI's interrogatory nos. 1 and 2 after resolution of the fundamental dispute about the scope of LTI's discovery) and Ex. D (discussing LTI's requests for unrelated litigation materials).

2

related documents that Facebook has said it will produce after LTI defines what is relevant in this case by specifically identifying what it is accusing of infringement; and (3) documents which simply are not relevant and should not be compelled.

1. **Facebook has Produced over 100,00 Pages of Information, Mooting Numerous Requests in this Motion**

LTI Request for Production Nos. 33, 34, 37, 38, 39 41, 42, 43 and 45[2] seek Facebook financial, revenue, competitive analyses, historical information, marketing and promotional materials. Facebook agreed to produce responsive materials and recently produced nearly 110,000 pages of responsive documents, thereby mooting LTI's motion. Clark Opp. Decl. Ex. E.

LTI Requests for Production Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 64 and 65 generally seek production of documents relating to Facebook's defenses and alleged pre-suit knowledge of LTI and its patent. Facebook has produced, and will continue to produce, responsive materials and has recently supplemented its responses to LTI's interrogatories relating to its defenses. *See* Clark Opp. Decl., Ex. F; D.I. 44. Facebook maintains that it had no knowledge of LTI or the '761 patent prior to the filing of this action and Facebook cannot produce documents that do not exist. Facebook has also explained that it will supplement its production of prior art and other documents supporting its counterclaims and defenses as they become available despite LTI's ongoing refusal to provide any information about the alleged priority date of the '761 patent. Clark Opp. Decl. Ex. D; *see also, McKesson Information Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689 (N.D. Ga. 2007) ("threshold question of whether the prior art is in fact 'prior' depends upon the ... priority date"). LTI's motion should be denied as to these Requests for Production.

2. **LTI's Requests Regarding "Technical Information" and Infringement Are Impossible to Respond to Until LTI Supplements its Infringement Contentions**

LTI Request for Production Nos. 23, 24, 25, 26, 27, 28, 29, 30, 31, 35, 36, 40 and LTI

---

[2] Request No. 45 also requests valuations of any Facebook intellectual property assets incorporated into the website. Information about Facebook's intellectual property assets is not relevant to this case as explained *infra*.

3

Interrogatory Nos. 1 and 2 seek information relating to technical aspects of the Facebook website, including source code. Facebook has always maintained that it would provide responsive information to these requests after LTI identified the accused functionalities, including source code and the revision control history of that code for the identified components. But without this identification, which LTI has yet to provide, LTI's current requests would require Facebook to produce terabytes of irrelevant data, encompassing nearly every scrap of paper in its files and every component in the website's history. This overly burdensome and irrelevant venture should not be compelled until LTI defines the scope of this case by providing clear infringement contentions. LTI's motion should be denied as to these Requests.

In the context of patent litigation, this Court has recognized for more than 50 years that "unless the Court requires the moving party to show that there is something more than a mere possibility that relevant evidence exists, the only appropriate order would be one requiring the party to turn over every scrap of paper in its files as well as the contents of its waste baskets." *E.I. du Pont De Nemours & Co. v. Phillips Petrol. Co.*, 24 F.R.D. 416, 423 (D. Del. 1959). This principle persists in modern discovery. Only relevant materials bearing on the claims and defenses in the action are discoverable. And, in patent litigation, a party seeking discovery must show a relationship between the information sought and the claimed invention. *Am. Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987). Discovery should be denied where the requesting party has not established proof of relevance or need is not established. *Id.* at 743.

### a. **LTI's Requests Regarding the "Technology" of the "Facebook Website" Are Overly Burdensome and Futile Until LTI Identifies With Specificity What it is Accusing of Infringement**

As a matter of law, the plaintiff always bears the burden of coming forward with proof of infringement. *See Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 ("the burden is always on the patentee to show infringement"). Patentees cannot sidestep that burden by manufacturing discovery disputes with an accused infringer. "Plaintiff is not relieved of this burden simply because it has requested the same information in a different way and filed motions to compel for the same relief. Plaintiff is charged with the prosecution of this action and it is its

128605.00602/40181124v.1

sole responsibility to demonstrate infringement." *Rates Tech. Inc. v. Mediatrix Telcom, Inc.*, No. 05-2755, 2007 WL 2581777 *3 (E.D.N.Y. Sept 5, 2007); *see also, View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (patentee "must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement"). A patent suit does not automatically entitle LTI to wholesale access to all of Facebook's technical documents.

As a practical matter, it is impossible for Facebook to respond to LTI's written discovery relating to the "technology" of the "Facebook Website" until Facebook knows what aspects of the website are implicated by this suit. As explained by Stephen Gray, an industry expert with more than 30 years of experience who has reviewed LTI's contentions, "it is not possible to determine with any degree of certainty which features, functions or steps LTI is accusing in this action." Declaration of Stephen Gray in Support of Facebook's Motion for Order Compelling Response to Defendant's Interrogatory No. 1 ("Gray Decl."), ¶ 3.[3] Simply put, Facebook cannot divine what LTI is accusing based on the information LTI has provided, so Facebook cannot determine what documentation is relevant to this litigation. Is LTI's case limited to Facebook's Groups, Photos and Events features? Does it include others? LTI will not say. This identification is critical given that LTI has accused Facebook, a large networked system that provides millions of users many ways to share information through thousands of applications. *Id.* ¶ 6. Without a clear identification of what LTI is accusing, Facebook cannot "separate accused from non-accused functionalities." *Id.*

As set forth in Facebook's concurrent motion, (D.I. 39), LTI has refused to provide sufficient infringement contentions based on the information continuously available to it. Instead, LTI complains through this motion that it needs more, and blames Facebook for not turning over every document in the company. The only materials relevant to this matter—and thus those to which LTI is entitled—are materials that relate to specifically accused

---

[3] The Gray Decl. referenced here was also submitted in support of Facebook's concurrent motion to compel. D.I. 49

instrumentalities. When LTI identifies them, Facebook will produce relevant materials. Until then, Facebook cannot, and should not be forced to guess as to what *might* be relevant.

An order compelling Facebook to guess as to what is accused, the precise relief LTI seeks, will result in the parties coming back to the Court repeatedly. LTI should instead be required to provide its detailed infringement contentions that identify the instrumentalities at issue before Facebook produces responsive materials. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii) (court must limit extent of discovery if it determines it is "unreasonably cumulative or duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit").

### b. The Fact That There is Software Involved Does Not Lessen LTI's Burden of Establishing Relevance Through Solid Infringement Contentions

The fact that LTI's patent purports to cover software-related inventions does not lessen its burden of coming forward with its infringement theories. Patentees must always demonstrate the basis for infringement consistent with their Rule 11 pre-suit obligations, even when they have limited access to the accused product. Only after the patentee has demonstrated that it has exhausted other ways of showing infringement and that it remains without information essential to its case is the production of source code warranted. *See New York Univ. v. E. Piphany, Inc.*, No 05-1929, 2006 WL 559573, *2-3 (S.D.N.Y., March 6, 2006).

The *E. Piphany* decision clearly explained the limits of LTI's "catch 22" excuse. It held that while patentees may face challenges in having access to only the manifestation of allegedly infringing source code (e.g., the user interface), they still must identify accused instrumentalities and "demonstrate that they exhausted other ways of exploring potential infringement." *Id.* 2006 WL 559573 at *2-3; *see, also, Rates Tech.*, 2007 WL 2581777 at *3 (denying patentee's motion to compel as to products for which the patentee had not provided adequate preliminary infringement contentions); *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 528 (E.D. Tex. 2005) (requiring supplemental infringement contentions before production of source code). LTI has not done so.

128605.00602/40181124v.1

Moreover, LTI is not even faced with a catch 22. It is accusing a publicly available website that allegedly reads on patent claims described in terms of user actions. Thus, the actions and steps a user takes on the website would inform any infringement analysis. As Mr. Gray explains, claim 1 "recites a system for managing data that includes multiple steps that must be performed by a user of an infringing system." Gray Decl. ¶ 4 (emphasis added). A sufficient showing of infringement, even at this early stage, requires "at the very least, a step-by-step identification of the specific actions taken by a user of the accused system (including the specific features used), and a precise description of how those actions meet or trigger each claim element." *Id.* ¶ 6. There is no reason LTI cannot provide this.[4]

The case law supports Mr. Gray's assessment. LTI should be required to use publicly available information – *i.e.* facebook.com – to identify the accused instrumentalities and convey what is relevant. *See e.g. Rates Tech.*, 2007 WL 2581777 at *3; *ConnecTel*, 391 F.Supp.2d at 528; *E. Piphany*, 2006 WL 559573 at *2-3. Nothing prevents LTI from walking Facebook and the Court through steps it believes constitute infringement using the user-facing elements of the website before it is given access to the entirety of Facebook's source code and technical documentation. It refuses to do so for no good reason. As detailed in Facebook's concurrent motion, (D.I. 39), LTI has even refused to supplement its contentions with information informally provided in correspondence.

### c. The Case Law Cited by LTI Supports Facebook's Position, or is Inapposite

LTI's reliance on *American Video Graphics v. Elec. Arts, Inc.* is curious. The *AVG* court specifically acknowledged that defendants who "are given vague infringement contentions,[] are hampered in their ability to prepare their defense." 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Therefore, the court looked to see whether plaintiff had exhausted publicly available information

---

[4] *See Prism Tech LLC v. VeriSign, Inc.*, 579 F.Supp.2d 625, 628 (D. Del. 2008) ("In patent infringement actions, Rule 11 has been interpreted to require, 'at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement'").

7

before compelling source code production. While the opinion in *AVG* is thin on facts, the facts of the case were expanded upon by the same court in *Connectel, LLC v. Cisco*, 391 F. Supp. 2d 256 (E.D. Tex 2005). In the *Connectel* decision, granting a motion for more definite infringement contentions, the court indicated that the reason the plaintiff in *AVG* was different (and therefore deserving of source code) was because the AVG did "not . .expect to narrow its claims upon the receipt of source code." But rather, AVG had served detailed contentions that already narrowed the case, thereby circumscribing discovery. *Connectel*, 391 F. Supp. 2d at 528 (describing the *AVG* decision). Since ConnecTel did not make any equivalent showing and could not demonstrate that it required access to the source code, it was ordered to provide sufficient infringement contentions. That lack of specific contentions doomed ConnecTel as it should doom LTI here.

Remarkably, LTI also relies on *Orion IP v. Staples, Inc.*, (407 F. Supp. 2d 815 (E.D. Tex. 2006)). That court deftly explained the difficulty ensuing when an entire website is accused:

> In this case, Orion has accused Toyota's website of infringement. <u>Toyota's website is not a static object that can only function in one manner, rather it is dynamic and interactive. There are innumerable paths a user can take to get from one page to another.</u> In dealing with something like a website, it would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement. <u>Instead, plaintiffs should provide specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice of infringement beyond that which is provided by the mere language of the patent claims themselves.</u>

*Id.* at 817 (emphasis added). The *Orion IP* court went on to make clear that "[w]hen information is publicly available, the Patent Rules require plaintiffs to set forth specific theories of infringement … 'with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves.'" *Id.* (quoting *ConnecTel*, 391 F.Supp.2d at 527-28). LTI failed to make any such showing with its screen captures or claim-parroting infringement contentions. The *Orion IP* court goes further chiding the accused infringer for not seeking clarification of the patentee's broad accusation of the "entire website." *Id.* at 817-18 (explaining that accused infringer should have filed a motion to challenge accusation of entire website). This is exactly the issue Facebook has with LTI's

accusation of Facebook's "entire website" and exactly the result Facebook is attempting to avoid. Facebook is doing just what the court in *Orion IP* told an accused infringer to do: holding LTI to its burden of identifying what is relevant now, early in the case.[5]

LTI faces no "catch 22;" it is either sandbagging or without an infringement theory. Facebook has told LTI repeatedly that once it identifies the accused instrumentalities, Facebook will produce relevant materials.[6] In the meantime, LTI's motion should be denied.

### 3. LTI's Remaining Requests Seek Burdensome, Irrelevant Materials and so Should Be Denied

#### a. Facebook's Patents, Patent Applications and Related Materials Are Irrelevant and Should Not Be Compelled

LTI Request for Production Nos. 24, 25, 45, 54, 55, 56, 57 58 and 59 seek information relating to Facebook-owned intellectual property assets including patent applications. Because of the potential relevance of licenses that might fall under these requests, they have been produced. The remainder of the information sought, patents and patent applications, is not relevant to this case. To date, Facebook has not countersued LTI asserting infringement. Until it does, these materials are not relevant. *See Willemijn Houdstermaatschaapij BV v. Apollo Comp. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) (denying motion to compel response to interrogatory requesting identification of all patents and patent applications owned by defendant, calling discovery "little more than a fishing expedition"). LTI's motion should again be denied.

#### b. Materials From Unrelated Litigations are Irrelevant and Should Not Be Compelled

Finally, LTI's Request for Production No. 18 seeks all documents filed, obtained,

---

[5] LTI's other authorities involve situations where the patentee had already provided sufficiently detailed infringement contentions, had identified the accused instrumentality or were otherwise in late stages of litigation. *See, 3Com Corp. v. D-Link Sys., Inc.*, No. C 03-277-VRW, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007 (motion filed after *Markman* hearing); *Network Caching Tech. v. Novell, Inc.*, C-01-2079-VRW, 2003 WL 21699799 (N.D. Cal. March 21, 2003) (holding patentee failed to conduct a reasonable pre-filing investigation after service of fifth supplementation almost three years after filing of complaint but declining to issue sanctions); *CIF Licensing, LLC v. Agere Sys., Inc.*, No. 07-170-JJF, 2008 WL 2019492 (D. Del., May 9, 2008) (denying competing motions for discovery served one day before close of fact discovery).

[6] LTI's incorrect and irrelevant characterization of *Cross Atlantic Capital Partners v. Facebook, Inc.* No. 07cv02768 is an obvious ad hominem unworthy of a response.

9

produced, received or created for "each and every litigation, arbitration, mediation or administrative proceeding involving [Facebook] and the technology of the Facebook Website." D.I. 36, Ex. 2 at 11-12 (emphasis added). The only other suits involving "the Facebook Website" are unrelated in any way to this case. Unless the plaintiff can demonstrate a compelling reason that it is entitled to documents not related to issues raised in this litigation, this Court has found requests for "pleadings, deposition transcripts, hearing transcripts and expert reports" in separate litigations to be overbroad and unreasonable. *See Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 170-71 (D. Del. 2006) (denying production of documents from separate litigation involving over the same patent); *see also King Pharm., Inc. v. EON Labs, Inc.*, No. 04-CV-5540, 2008 WL 2788199 (E.D.N.Y. Jul. 15, 2008) (accused infringer not entitled to unrelated litigation documents). LTI's request improperly seeks materials that have no bearing on this case and go beyond the discovery this Court found overbroad and unreasonable in *Wyeth*.

The *Cross Atlantic Capital Partners* case has nothing to do with the patent in this case and the two *ConnectU* cases did not even involve claims of patent infringement. Neither case is relevant. Duplicating the information, even if it were relevant, would be even more complicated and onerous given that party and non-party confidential information, which LTI requests, are weaved throughout the requested files and subject to protective orders in those actions. LTI does not need these materials and its motion should be denied.

## V. CONCLUSION

For the foregoing reasons, Facebook respectfully requests the Court deny LTI's motion.

Dated: May 18, 2009

BLANK ROME LLP

By: _____
Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306