# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation, ) ) ) | |
| Plaintiff-Counterdefendant, ) ) | Civil Action No. 08-862-JJF |
| v. ) ) | |
| FACEBOOK, INC., a Delaware corporation, ) ) | |
| Defendant-Counterclaimant. ) | |

### LEADER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

Dated: May 20, 2009

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

# TABLE OF CONTENTS

Page

I. BACKGROUND .................................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A. Leader Seeks Reasonable Discovery Regarding Facebook's Technology .............. 3

        1. Leader Provided a Definition of the Accused Product and Detailed Infringement Contentions ................................................................. 3

        2. The Court Should Order Complete Responses to Requests Regarding the Technology of the Facebook Website ........................................ 4

        3. Relevant Case Law Supports Discovery of Facebook's Source Code and Technical Information .................................................................. 5

    B. The Timing of Facebook's Belated Document Production Raises Significant Questions Regarding Facebook's Handling of Discovery .................... 8

    C. Facebook Has No Valid Basis for Withholding Information Related To Leader's Claims of Infringement and Damages ...................................................... 9

    D. Facebook Has No Valid Basis for Withholding Information In Response to Leader's Request for Production No. 18 ............................................................. 10

    E. Leader Requests an Order Compelling Responses to Leader's Requests for Production Nos. 4-12, 64-65 .............................................................................. 11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

CASES

*American Video Graphics, L.P. v. Electronic Arts, Inc.*,
   359 F. Supp. 2d 558 (E.D. Tex. 2005) ............................................................................. 6

*ConnecTel, LLC v. Cisco Sys. Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005) ............................................................................. 5

*King Pharms., Inc. v. Eon Labs, Inc.*,
   No. 04-CV-5540, 2008 WL 2788199 (E.D.N.Y. July 15, 2008) .................................... 11

*New York Univ. v. E. Piphany, Inc.*,
   No. 05Civ.1929, 2006 WL 559573 (S.D.N.Y. Mar. 6, 2006) ......................................... 5

*Orion IP, LLC v. Staples, Inc.*,
   407 F. Supp. 2d 815 (E.D. Tex. 2006) ......................................................................... 6-7

*Rates Tech. Inc. v. Mediatrix Telcom, Inc.*,
   No. CV 05-2755, 2007 WL 2581777 (E.D.N.Y. Sept. 5, 2007) ...................................... 5

*Willemjin Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
   707 F. Supp. 1429 (D. Del. 1989) .................................................................................. 10

*Wyeth v. Impax Labs., Inc.*,
   248 F.R.D. 169 (D. Del. 2006) ...................................................................................... 11

# I. BACKGROUND

Leader Technologies, Inc. ("Leader") was forced to file its Motion to Compel Responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories ("Motion") due to Facebook, Inc.'s ("Facebook") unreasonable positions. Leader has in good faith attempted to negotiate with Facebook, through both formal and informal means, a reasonable resolution to the current discovery dispute. Facebook's response thus far has been: 1) to insist it does not understand what is meant by the Facebook Website and how Leader's infringement contentions relate to the Facebook Website; 2) to file a Motion to Compel, which mischaracterized the claims of Leader's Patent, and 3) to take inconsistent positions during discovery. On the very same day that Facebook belatedly delivered 100,000 pages of allegedly relevant documents to Leader, it filed its opposition to this Motion, claiming it cannot provide discovery because it does not know what is accused of infringement. *See* D.I. 48 (Facebook's Opp. at 1 ("what is [Leader] accusing of infringement?")). Facebook claims that it does not know "what aspects" of the Facebook Website are accused of infringement is an attempt to confuse the technology at issue. On numerous occasions, Leader informed Facebook that the fundamental architecture of the Facebook Website and Facebook's natively development applications are at issue. Indeed, this is evident from Leader's Response to Interrogatory No. 1.

The discovery requests at issue fall into four categories: 1) requests related to Facebook's counterclaims and defenses; 2) requests related to the source code and technology incorporated into the Facebook Website; 3) requests related to Facebook's marketing and sales information for the Facebook Website; and 4) requests related to Facebook's prior and concurrent litigation relevant to the claims and defenses in this action. This Court should grant Leader's Motion because these discovery requests are reasonably defined in scope, are directed toward information highly relevant to Leader's infringement, damages and willfulness claims, as well as Facebook's noninfringement and invalidity defenses, and because Facebook's transparent delay tactics demonstrate that Facebook will not respond to Leader's discovery requests unless forced to by this Court.

## II. STATEMENT OF FACTS

In response to the overwhelming majority of discovery requests at issue, Facebook stated "it will produce non-privileged, responsive documents in its possession, custody, or control after Plaintiff identifies the basis, if any, for its allegations of infringement." Leader engaged Facebook in a two month long dialogue in an attempt to resolve this discovery dispute. Leader's meet and confer efforts are detailed in the Motion and in the Answering Brief to Facebook's Motion to Compel. *See* D.I. 36 and 45. Leader's efforts included identifying the accused product, providing Facebook with a definition of the Facebook Website, responding to Interrogatory No. 1 with detailed preliminary infringement contentions, and setting forth additional explanations of the accused product and infringement in subsequent correspondence and discussion. Nonetheless, Facebook continues to make the hollow assertion that "Facebook cannot determine which technologies are relevant" to this litigation throughout this process. D.I. 48 (Facebook's Opp. at 1).

After Leader brought this Motion, Facebook produced 100,000 pages of documents, which appears to be about 2,759 documents. Notably, this production was delivered to Leader on May 18, the very same day Facebook filed its opposition brief ("Opposition") to this Motion. D.I. 48-51; Declaration of Lisa Kobialka in Support of Leader Technologies, Inc.'s Reply in Support of Its Motion to Compel Responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories ("Kobialka Reply Decl."), ¶ 2, Ex. A. Facebook now claims, without supplementing the relevant discovery responses, to have responded to Leader's discovery requests seeking information about Facebook's counterclaims and defenses, and about Facebook's marketing and sales information for the Facebook Website. D.I. 48 (Facebook's Opp. at 3). Facebook continues to refuse to produce documents and interrogatory responses related to the source code and technology of the Facebook Website, as well as documents related to Facebook's prior and concurrent litigation.

2

## III. ARGUMENT

### A. Leader Seeks Reasonable Discovery Regarding Facebook's Technology

#### 1. Leader Provided a Definition of the Accused Product and Detailed Infringement Contentions

Facebook's contention that it is "impossible to respond" to Leader's Requests for Production Nos. 23-31, 35-36, 40, and Interrogatories Nos. 1 and 2 is meritless. Facebook cannot fail to produce discovery it does not want to give Leader just because it does not like the identification and definition of the accused product and Leader's discovery responses. Anticipating that Facebook's counsel would try to delay discovery, Leader provided Facebook with a definition of the accused product of the Facebook Website on January 27, well before discovery started. D.I. 37 (Declaration of Lisa Kobialka in Support of Leader's Motion ("Kobialka Decl."), ¶16, Ex. 14). Leader's lead trial counsel also discussed U.S. Patent No. 7,139,761 (the "'761 Patent") and the definition of the accused product in detail with Facebook's counsel. *See* D.I. 46 (Declaration of Paul J. Andre in Support of Leader's Opposition to Facebook's Motion, ¶2). Leader subsequently responded with a letter explicitly stating that third party application were not a part of Leader's discovery requests and provided a table of 27 example components that Leader considers to fall within the definition of the Facebook Website. D.I. 37 (Kobialka Decl., ¶8, Ex. 6 at 3). Out of an abundance of caution, Leader also provided an updated definition of the Facebook Website to Facebook that explicitly included the phrase: "'Facebook Website' does not include applications created by third parties." *Id.*, ¶11, Ex. 9 at 2.

Leader's Motion contains a copy of the amended definition of the Facebook Website with accompanying explanation that Leader "does not want discovery of third party applications." D.I. 36 (Leader's Mot. at 9). Incredibly, Facebook's Opposition alleges that Leader's definition of the Facebook Website includes "500,000-plus third party current applications" without any discussion of Leader's multiple confirmations that the definition explicitly excludes third party applications. D.I. 48 (Facebook's Opp. at 2). Facebook knows third party applications are not

the subject of discovery, despite its protestations to the contrary in its Opposition. It continues to raise this thoroughly settled issue purely to delay discovery.

In addition to providing a definition of the accused product, Leader provided infringement contentions in response to Facebook's Interrogatory No. 1. *See* D.I. 45 (Leader's Opp. at 6-8).[1] Like Leader's definition of the Facebook Website, these infringement contentions included narrative descriptions of Facebook's infringement of the asserted claims, as well as examples of specific infringing features of the Facebook Website. *Id.* at 7 (describing infringing example of the "Gifts" portion of the Website).

In light of Leader's extensive efforts to provide Facebook with definitions of the accused product and infringement contentions for each claim at issue, one would expect Facebook to, at the very least, be able to produce some technical documents and make available some source code. Instead, Facebook chooses to metaphorically plunge its head into the sand, declare "Facebook cannot determine what documentation is relevant to this litigation" and refuse to permit discovery into any technical documentation or source code.[2]

### 2. The Court Should Order Complete Responses to Requests Regarding the Technology of the Facebook Website

As set forth in Leader's Motion, Facebook refuses to produce documents relating to development of the initial idea for the Facebook Website. After Leader filed its Motion, Facebook informed Leader that if it is required to produce documents in response to Request Nos. 23, 26, 27, 30, and 31, it will only produce documents that are dated subsequent to the

---

[1] Facebook's Response contains references to the Declaration of Stephen Gray, originally used to support Facebook's Motion to Compel. D.I. 51. To the extent that the Court relies on Mr. Gray's Declaration, Leader reiterates its objections to Mr. Gray's qualifications and statement. *See* D.I. 45 (Leader's Opp. at 8-9).

[2] Facebook has rejected Leader's offers to work with Facebook and streamline discovery, including Leader's request to discuss production of electronic discovery, which would include identifying the custodian of relevant documents and agreeing upon key word searching of electronic documents. D.I. 37 (Kobialka Decl., Ex. 9). Facebook also rejected Leader's offer to have a discussion regarding how Facebook maintains documents and summaries of modules of the Facebook Website. D.I. 47 (Declaration of Lisa Kobialka in Support of Leader's Opposition to Facebook's Motion to Compel, ¶ 6).

4

issuance of the '761 Patent. D.I. 37, ¶ 15, Ex.13; Kobialka Reply Decl., ¶ 3, Ex. B. However, Facebook should not be allowed to restrict its production in such a manner. These requests seek information regarding the technology of the accused product. *See* D.I. 36 (Leader's Mot. at 12). Such information is relevant to how Facebook was founded and the story of the how the accused product was developed. Facebook will likely use such information predating the issuance of the '761 Patent at trial, and Leader should be entitled to discovery of this information. Thus, Leader respectfully requests that the Court order Facebook to produce all responsive documents in response to these requests regarding the technology of the Facebook Website.

### 3. Relevant Case Law Supports Discovery of Facebook's Source Code and Technical Information

Facebook's citations to case law do not support its contention that Leader failed to provide adequate preliminary infringement contentions. The patentees in the cases that Facebook relies upon uniformly failed to provide virtually ***any basis*** for infringement. *See New York Univ. v. E. Piphany, Inc.*, No. 05Civ.1929, 2006 WL 559573, at *4 (S.D.N.Y. Mar. 6, 2006)(denying patentee's motion only as to those products where the patentee's infringement contentions consisted solely of references to an infringement chart for an unrelated product); *see also ConnecTel, LLC v. Cisco Sys. Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005) (the patentee produced preliminary infringement contentions so sparse and vague that they "[did] not refer in their text to a single structure, process, algorithm, feature or function of any accused product")[3]; *Rates Tech. Inc. v. Mediatrix Telcom, Inc.*, No. CV 05-2755, 2007 WL 2581777, at *3 (E.D.N.Y. Sept. 5, 2007) (plaintiff failed to provide infringement contentions or claim construction more than one year into litigation). These cases are inapposite to Leader's claims because, as discussed above, Leader provided Facebook with a definition of the accused product, infringement contentions, and examples of infringement from the Facebook Website.

---

[3] Facebook asserts that the *ConnecTel* plaintiff "could not demonstrate that it required access to the source code," which is curious because this plaintiff *already had access to the defendant's source code* at the time the court's order issued. *See* D.I. 48 (Facebook's Opp. at 8); *see also ConnecTel*, 391 F. Supp. 2d at 528-29.

5

Facebook's attempts to distinguish *American Video Graphics* and Orion IP from the present case are based on misstatements of the law. *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005); *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006). Courts have repeatedly acknowledged that software cases present unique challenges with regard to preliminary infringement contentions because "prior to discovery, plaintiffs usually only have access to the manifestation of the defendant's allegedly infringing source code and not the code itself." *American Video Graphics*, 359 F. Supp. 2d at 560; *see also Orion IP*, 407 F. Supp. 2d at 817. This is especially true where, as here, "[the plaintiff's] preparation is restricted by [the defendant's] sole possession of the information [the plaintiff] need[s]." *American Video Graphics*, 359 F. Supp. 2d at 560.

In *American Video Graphics*, the plaintiff provided the defendant with a chart identifying each element of the defendant's allegedly infringing instrumentality that performed the claimed function of the plaintiff's patent. *Id.* at 559. In recognizing the pragmatic limitation on the plaintiff's ability to provide detailed infringement contentions without having access to the defendant's source code, the court in *American Video Graphics* found that the plaintiff had adequately complied with the infringement contention requirements and ordered the plaintiff to supplement its disclosures *only after* the defendant provided the plaintiff with access to its source code. *Id.* at 561. Here, like the plaintiff in *American Video Graphics*, Leader provided Facebook with a detailed claim chart that identified how the Facebook Website infringed each element of the asserted claims of the '761 Patent. *See* D.I. 36 (Leader's Mot. at 6-10); *see also* D.I. 37 (Kobialka Decl., ¶4, Ex. 3 at 6-23). In addition, Leader also provided Facebook with screen shots from the Facebook Website, examples of specific API calls that demonstrate the website includes the ability to perform the functions as claimed, and a narrative describing how Facebook's Website infringes each element of the asserted claims of the '761 Patent. *Id.* Leader provided Facebook with fair notice of infringement and, just as in *American Video Graphics*, Leader cannot supplement its infringement contentions until Leader has access to Facebook's source code.

6

In *Orion IP*, the court found that when a case involves a website, "it would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement." *Orion IP*, 407 F. Supp. 2d at 817. Rather, it is sufficient for the plaintiff to provide specific theories of infringement and representative examples of the alleged infringement to give defendants fair notice of infringement. *Id.* The *Orion IP* court held that the plaintiff's infringement contentions, which included screen shots of how the defendant's website infringed the plaintiff's patent, adequately provided notice of infringement to the defendant. *Id.* at 817-18. Relying on the same rationale as the court in *Orion IP*, this court should find that Leader's infringement contentions, which not only contain screen shots of how the Facebook Website infringes the '761 Patent, but also include representative examples of Facebook's infringement in the form of specific API calls and a narrative describing Facebook's infringing activity, provide Facebook with fair notice of infringement. *See* D.I. 36 (Leader's Mot. at 6-10); *see also* D.I. 37 (Kobialka Decl., ¶4, Ex. 3 at 6-23).

Significantly, Leader already has attempted to streamline the discovery process on numerous occasions by informing Facebook that it will be able to supplement its preliminary infringement contentions once Facebook provides it with its source code and other non-public technical information. As the court in *Orion IP* noted, a defendant has an obligation to make sure it fully understands the nature of the plaintiff's allegations. *Orion IP*, 407 F. Supp. 2d at 818. Yet, Facebook has continuously declined to work with Leader during meet and confer sessions. Facebook's tactics amount to the behavior condemned by the *Orion IP* Court when it stated that a defendant "cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions." *Id.* Thus, Facebook should not be permitted to object that Leader has been too vague for Facebook to respond to written discovery when Facebook is withholding the very sources of proof Leader requires to provide additional detail.

## B. The Timing of Facebook's Belated Document Production Raises Significant Questions Regarding Facebook's Handling of Discovery

Facebook's claim that it produced documents responsive to Requests Nos. 33-43, 45, and 54-59 does not moot the discovery issues before the Court, given Facebook's inconsistent positions during discovery and the fact that Leader has not had an opportunity to review the recent production. As a preliminary matter, these requests were the subject of Leader's Motion due to Facebook's steadfast refusal to produce any responsive documents to these requests, which related to the promotion, marketing, generation of revenue and valuation of the Facebook Website, commercial success of Facebook, market and competitors of Facebook, and licensing for technology incorporated into the Facebook Website. Unbeknownst to Leader, Facebook changed its position after Leader filed its Motion and delivered purportedly responsive documents on the same day it filed its Opposition to this Motion. D.I. 48 (Facebook's Opp. at 3).

Facebook's questionable timing and handling of document production and discovery responses highlights its discovery gamesmanship. Facebook's responses repeatedly state that Facebook would produce documents only "after Plaintiff identifies the basis, if any, for its allegations of infringement." D.I. 37 (Kobialka Decl., ¶3, Ex. 2). Despite making this objection, and using it as a basis to withhold discovery during Leader's meet and confer efforts, Facebook now claims that it produced information responsive to some of these requests. Facebook should not be permitted to withhold discovery for some requests based on this objection while, at the same time, producing discovery on other requests, despite the fact that it made the very same objection for both groups of requests. In other words, Facebook should not be permitted to understand Leader's infringement contentions some of the time, and not understand Leader's infringement contentions when it wants to delay discovery. This is particularly true when Leader's belated production of 100,000 purportedly responsive pages, 99% of Facebook's entire production to date, demonstrates that Facebook has sufficient information regarding Leader's infringement claim to know what technology is at issue.

Facebook also represented to Leader that it would not produce any further documents after the production received by Leader on May 18 unless compelled by the Court. Kobialka Reply Decl., ¶ 4, Ex. C. In its Opposition, however, it now states that it "will continue to produce responsive materials ... relating to its defenses," suggesting that it will produce more documentation. D.I. 48 (Facebook Opp. at 3). Of greater concern is Facebook's claim in its Opposition that it produced licenses of "Facebook-owned intellectual property assets including patent applications."[4] D.I. 48 (Facebook's Opp. at 9). In Response to Leader's Interrogatories Nos. 12 and 13, however, Facebook responded that it did not have any licenses for its assets or other third party assets for technology incorporated into the Facebook Website. D.I. 37 (Kobialka Decl., ¶2, Ex. 1 at 12-13). Finally, Facebook's general, one-line response that it has produced "licenses" does not address the other information explicitly sought in these requests, including information related to assignments, grants, marketing, co-branding agreements, or other agreements related to the technology of the Facebook Website and planned or proposed licensing of technology incorporated into the Facebook Website. D.I. 36 (Leader's Mot. at 14-15); D.I. 37 (Kobialka Decl., ¶3, Ex. 2).

Leader is appropriately concerned about Facebook's position with respect to these requests, as it simply has not had time to review Facebook's recent production. Leader also wants to avoid bringing this issue back to the Court. Accordingly, Leader requests that the Court compel Facebook to produce all responsive information to these requests.

### C. Facebook Has No Valid Basis for Withholding Information Related To Leader's Claims of Infringement and Damages

Requests Nos. 24-25, 45 and 54-59 seek information regarding Facebook's patent and patent applications that are relevant to claims in this case. For example, Facebook's alleged ownership of intellectual property assets, such as its patents and patent applications, are relevant to the valuation of the Facebook Website, an issue relating to Leader's damages claims. To the

---

[4] Facebook is nonetheless refusing to produce its patents and patent applications. D.I. 48 (Facebook's Opp. at 9). Once again, Facebook is attempting to only produce those documents it wants to, as opposed to responding to Leader's discovery requests in good faith.

extent that Facebook asserts that it owns the technology of the Facebook Website for rebutting damages or that it predates the invention of the '761 Patent, discovery into those patent assets are appropriate. Furthermore, Facebook is yet again attempting to cherry pick the information it is willing to provide. On one hand, Facebook claims its licensing is relevant and produces licenses to its patented technology and patent applications, yet, on the other hand, Facebook does not want to produce the underlying actual patents or patent applications because they are allegedly irrelevant. D.I. 48 (Facebook's Opp. at 9). Facebook should not be permitted to claim that technology licenses are relevant, yet refuse to produce information regarding the technology underlying the very same relevant licenses.

Additionally, Facebook's reliance on *Willemjin Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429 (D. Del. 1989) is misplaced. In *Willemjin*, the Court stated that the plaintiff had a right to request production of defendants' patent applications that "pertain" to the case. *Id.* at 1441 That is exactly what Leader seeks.

In addition, Facebook has not shown a valid basis for withholding information related to Facebook Beacon and Facebook Ads, Facebook applications that are related to marketing of third party products and sale of advertisements on the Facebook Website. Leader's Document Requests Nos. 35 and 36 relate to the infringing aspects of the Beacon and Ads applications. Furthermore, these features generate revenue and are therefore directly related to Leader's damages claims. Thus, Leader respectfully requests the Court order Facebook to produce a substantive response to these requests.

### D. Facebook Has No Valid Basis for Withholding Information In Response to Leader's Request for Production No. 18

Though Leader's Request No. 18 seeks documents related to "each and every litigation, arbitration, mediation, or administrative proceeding involving Facebook and the technology of the Facebook Website," Leader subsequently narrowed the scope of the information when it met and conferred with Facebook. *See* D.I. 37 (Kobialka Decl., ¶13, Ex. 11 at 2). As set forth in Leader's Motion, Leader is seeking documents produced by Facebook in district court litigation

involving ConnectU LLC and other patent litigation matters involving the technology of the Facebook Website and the deposition testimony of Facebook's key employees. Simply because these other litigation matters do not involve the same exact claims or the '761 Patent does not make them not relevant to this case. These documents are relevant to understanding Facebook's claims with respect to the development of the accused product, the story of how Facebook was created and founded, and party admissions regarding the technology of the Facebook Website. This information is directly relevant to Leader's claims of infringement and willfulness. Additionally, such information will likely be used by Facebook at trial. Leader will be severely prejudiced if Facebook is permitted to refuse to disclose such information during discovery.

The cases cited by Facebook actually support Leader's Motion. In both cases, the responding party had produced relevant documents from other litigation matters. *See Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006); *see also King Pharms., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540, 2008 WL 2788199, at *3 (E.D.N.Y. July 15, 2008). Furthermore, Facebook has still failed to explain how third party information would be present in Facebook documents related to Facebook's technology and business. The documents that Facebook produced in the *ConnectU* and other patent litigation matters are documents in Facebook's possession and control. To the extent that any remote third party information is present in Facebook's documents and deposition testimony, Leader is obligated to maintain the confidentiality of such information pursuant to the provisions of the stipulated protective order in place and would comply with any existing protective orders, as appropriate, from those other litigation matters.

E.  **Leader Requests an Order Compelling Responses to Leader's Requests for Production Nos. 4-12, 64-65**

Facebook refused to produce any documents or information regarding its defenses and counterclaims. In its Opposition, however, Facebook does an about-face. Facebook's Response to Leader's Request for Production Nos. 4-12 states that Facebook will produce documents when "[Leader] identifies the basis, if any, for its allegations of infringement." D.I. 37 (Kobialka

11

Decl., ¶ 3, Ex. 2). Facebook's response to Request for Production No. 64 states that it will produce documents when "[Leader] identified its infringement and claim construction contentions." *Id.* Similarly, Facebook's response to Request for Production No. 65 states that it will produce documents when "[Leader] provides appropriate discovery." D.I. 37 at ¶ 3, Ex 2. Facebook now claims in its Brief in Opposition to having "produced, and will continue to produce, responsive materials" in response to these production requests. Once again, by virtue of claiming to produce responsive documents, Facebook tacitly admits an understanding of the technology at issue in this case. It is unclear when this alleged production took place, and this statement contradicts Facebook's previous representation that it would not produce any further documents unless compelled by the Court. D.I. 48 (Facebook's Opp. at 3); Kobialka Reply Decl., ¶ 4, Ex. C at 2. To avoid bringing this issue back to the Court, Leader respectfully requests the Court compel all responsive information to these discovery requests.

## IV. CONCLUSION

Leader respectfully requests this Court order Facebook to provide substantive responses and information to Leader's Request Nos. 4-12, 18, 23-31, 33-43, 45, 54-59, 64-65, and Leader's Interrogatories Nos. 1 and 2 within 10 calendar days.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Dated: May 20, 2009
917180

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 20, 2009, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

## BY CM-ECF, E-MAIL AND FIRST CLASS MAIL

>Thomas P. Preston, Esq.
>Steven L. Caponi, Esq.
>Blank Rome LLP
>1201 Market Street
>Wilmington, DE  19801
>Preston-T@blankrome.com
>caponi@blankrome.com

I hereby certify that on May 20, 2009 I have sent by E-mail and first class mail the foregoing document to the following non-registered participants:

>Heidi L. Keefe, Esq.
>Mark R. Weinstein, Esq.
>Craig W. Clark, Esq.
>Melissa H. Keyes, Esq.
>White & Case LLP
>3000 El Camino Real
>5 Palo Alto Square, 9th Floor
>Palo Alto, CA  94306
>hkeefe@whitecase.com; mweinstein@whitecase.com
>cclark@whitecase.com; mkeyes@whitecase.com

>/s/ Philip A. Rovner
>Philip A. Rovner (#3215)
>Potter Anderson & Corroon LLP
>Hercules Plaza
>P. O. Box 951
>Wilmington, DE 19899
>(302) 984-6000
>provner@potteranderson.com