IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation<br><br>Defendant and Counterclaimant. | Civil Action No. 1:08-cv-00862-JJF |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF MOTION FOR ORDER
COMPELLING RESPONSE TO FACEBOOK INTERROGATORY NO. 10**

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Dated: May 20, 2009

Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and
Counterclaimant Facebook, Inc.*

# TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT ......................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................ 1

    A. The Seventeen-Page Provisional Application ............................................................. 1

    B. The Sixty-Page Later-Filed Utility Patent Application .............................................. 2

    C. Facebook Interrogatory No. 10 .................................................................................. 2

    D. Meet-and-Confer with LTI ......................................................................................... 3

IV. ARGUMENT .................................................................................................................... 3

    A. LTI Should be Ordered to Provide a CompleteResponse to Facebook Interrogatory No. 10 ............................................................................... 3

    B. There are No Prerequisites to Facebook Obtaining a Response to Interrogatory No. 10 ............................................................................................. 5

V. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Engate, Inc. v. Esquire Deposition Servs. LLC*,
  No. 01-C-6204, 2005 U.S. Dist. LEXIS 4939 (N.D. Ill. March 29, 2005) ................................ 6

*IMAX Corp. v. In-Three, Inc.*,
  No. 05-1795-FMC (Mcx), 2005 U.S. Dist. LEXIS 13807 (C.D. Cal. July 8, 2005) ................ 6

*McKesson Info. Solutions LLC v. Epic Sys. Corp.*,
  242 F.R.D. 689, 692 (N.D. Ga. 2007) .................................................................................... 5

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
  522 F.3d 1299, 1303-07 (Fed. Cir. 2008) ............................................................................... 4

**Rules**

35 U.S.C. § 111(b) ........................................................................................................................ 2

35 U.S.C. § 112 ....................................................................................................................... 4, 5

35 U.S.C. § 119(e) ........................................................................................................................ 2

35 U.S.C. § 119(e)(1) ................................................................................................................... 5

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Leader Technologies, Inc. ("LTI") filed its Complaint on November 19, 2008 accusing Defendant, Facebook, Inc. ("Facebook") of infringing U.S. Patent No. 7,139,761 (the "'761 patent"). Discovery opened on February 17, 2009. Written fact discovery is set to close in November 2009, *Markman* is set for January 20, 2010 and trial is set for June 28, 2010. D.I. 30.

## II. SUMMARY OF ARGUMENT

LTI is improperly withholding information during discovery. LTI asserts that Facebook infringes 24 claims of the '761 patent and that each of those claims is entitled to the earliest possible priority date (December 11, 2002) based on the filing of a provisional patent application which predates the actual filing date of the '761 patent (December 10, 2003) by a year. Through its Interrogatory No. 10, Facebook has asked LTI to describe why it believes it is entitled to such a priority date by indicating where it believes each claim is supported in the provisional application. LTI has refused to answer this interrogatory fully, responding instead with a bald, unsupported claim that the entire provisional application supports all matter claimed by the '761 patent. The information Facebook seeks is highly relevant to Facebook's defenses and counterclaims, including invalidity. The priority date established in this case will constrain the universe of prior art and is discoverable at this stage of the case. Because LTI's current response fails to provide any support for its claim that the patent deserves to claim priority to the provisional application filing, Facebook seeks an order compelling LTI to provide a detailed and specific response or to admit that it is not entitled to claim priority to any filing earlier than that date.

## III. STATEMENT OF FACTS

### A. The Seventeen-Page Provisional Application

On December 11, 2002, LTI filed Provisional Patent Application Serial No. 60/432,255 entitled "Method for Dynamic Association of Electronically Stored Information With Iterative

1

Workflow Changes" (the "Provisional Application").[1] The Provisional Application was cursory. It contained no figures, no claims and bore little resemblance to the later-filed application. It contained just over six double-spaced pages of text and an attachment consisting of two more pages of text and nine pages of source code, which were ultimately omitted from the application that would lead to the issuance of the '761 patent. *See* Decl. of Craig Clark in Supp. of Def.'s Mot. for Order Compelling Resp. to Facebook Interrog. No. 10 ("Clark Decl"), Ex. A.

### B. The Sixty-Page Later-Filed Utility Patent Application

Twelve months later, on December 10, 2003, the named inventors filed U.S. Patent Application Serial No. 10/732,744 (the "'744 Application"), which ultimately led to the issuance of the '761 patent. *See* D.I. 1, Ex. A. The '744 Application facially claims priority to the Provisional Application and shares its title, but few other similarities exist. A comparison of the two applications shows that the later-filed '744 Application contains substantial additions to the disclosure of the Provisional Application. At nearly 60 pages, the '744 Application more than tripled the page count of the Provisional Application: in total it included 31 pages of text, 21 figures and 44 claims. Clark Decl., Ex. B. Most importantly, the later-filed '744 Application, for the first time, disclosed matter absent from the Provisional Application, including, for example, "tracking," "tracking components," "workspaces," "dynamic association" and "user-defined data," all of which are limitations in the asserted claims.

### C. Facebook Interrogatory No. 10

To determine whether LTI was claiming priority to the Provisional Application, and whether it had support for any such claim, Facebook propounded Interrogatory No. 10 asking:

> For each claim of the '761 patent that you contend is entitled to the benefit of the filing date of U.S. Provisional Application No. 60/432,255 (December 11, 2002)

---

[1] Inventors may file a provisional patent application in lieu of an actual application as a type of place holder. The provisional application need not include any formal claims, oaths, declarations, or information disclosure statements. *See* 35 U.S.C. § 111(b). The Patent Office does not review provisional patent applications for validity, and they expire 12 months after filing if not converted into a formal utility patent application. If the inventors file a utility patent application within the twelve-month term of the provisional application, and if the provisional patent application fully discloses the inventions claimed in the later-filed application, the inventors can claim priority to the filing date of the provisional. *See* 35 U.S.C. § 119(e).

2

("'255 Application"), identify with particularity all portions of the '255 Application that you contend disclose each element of each such claim.

Clark Decl., ¶ 4; Ex. C at 6. LTI provided the below response on April 24, 2009:

> Subject to and without waiving its objections, Leader responds that each claim of the '761 Patent is entitled to a priority date of no later than December 11, 2001 [sic[2]] on the basis of Provisional Application No. 60/432,255 ("'255 Application"). The '255 Application in its entirety provides support for the subject matter of the claims.

*Id.* at 7. The response did not identify any specific portions of the Provisional Application that allegedly support any claim of the '761 patent.

### D. Meet-and-Confer with LTI

Facebook wrote LTI on April 27, 2009 explaining that its response to Facebook Interrogatory No. 10 was insufficient. Clark Decl., Ex. D. LTI responded by claiming that its answer was sufficient and that it would not supplement its response unless Facebook produced prior art dated between the filing of the Provisional Application and the later-filed '744 Application. *Id.*, Ex. D. The parties met and conferred on May 11, 2009 but maintained their respective positions. *Id.* ¶ 6; Ex. E.

Facebook wrote again on May 12 requesting that LTI supplement its response. Clark Decl., Ex. E. LTI again refused, claiming supplementation was unnecessary and that Facebook, rather than LTI, bore the burden of establishing that the claims of the '761 patent Facebook were *not* entitled to benefit of the Provisional Application's filing date. *Id.*, Ex. F. In a May 14, 2009 letter that cited authorities supporting its position, Facebook again asked LTI to supplement its response. *Id.*, Ex. G. However, LTI did not respond. *Id.* ¶ 8.

## IV. ARGUMENT

### A. LTI Should be Ordered to Provide a Complete Response to Facebook Interrogatory No. 10.

Establishing which priority date applies to the '761 patent is highly relevant, in fact critical, to this case. It is needed to establish the universe of prior art which can be considered in

---

[2] Facebook assumes that LTI meant to claim December 11, 2002, as is printed on the face of the '761 patent.

128605.00602/40181196v.1

assessing the invalidity of the patent in this case. It is no surprise that a patentee would want to claim the earliest priority date possible, in order to limit the possible universe of prior art. But in order to legally claim an earlier priority date and therefore circumscribe the available prior art, the patentee must be able to show that all of the claims are fully disclosed in the earlier filing. Facebook simply asked LTI to demonstrate its support for any claim of an early priority date. LTI's two-sentence response attempting to claim back to the earlier date does not answer the interrogatory, and does not demonstrate with any particularity where the limitations in the asserted claims are disclosed in the earlier filing. LTI should now be required either to provide a full response or admit that the '761 patent is not entitled to priority to the Provisional Application.

Based on the two patent applications in the file of the '761 patent, there are only two possible priority dates: (1) December 11, 2002 based on the filing date of the Provisional Application; or (2) December 10, 2003 based on the filing date of the '744 Application. If, as LTI contends, the '761 patent is actually entitled to the priority date of the Provisional Application, it would require invalidating prior art to pre-date December 11, 2002. If the claims are instead entitled only to the filing date of the later-filed '744 Application—which is likely given the substantial differences between the two applications—then invalidating prior art need only pre-date December 10, 2003.

The Federal Circuit has made clear that unless the Patent Office explicitly considered priority date issues during prosecution of the patent-in-suit (which did not occur here), the patentee bears the burden of establishing entitlement to the priority date of an earlier-filed application. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1303-07 (Fed. Cir. 2008).

To establish entitlement to the priority date of the Provisional Application, LTI must show that the Provisional Application discloses the claimed invention "in the manner provided by the first paragraph of [35 U.S.C. § 112]." 35 U.S.C. § 119(e)(1). That paragraph requires:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which

4

it is most nearly connected, to make and use the same . . .

35 U.S.C. § 112 ¶ 1. In other words, LTI can claim priority to the Provisional Application only if it can show that that application disclosed all of the elements later claimed in the '761 patent.

Facebook propounded its Interrogatory No. 10 to determine what support LTI could muster, if any, for a claim that the '761 patent was entitled to the filing date of the Provisional Application. LTI provided no support whatsoever for its response that the entirety of the Provisional Application supports the entirety of the '761 patent. And, it refused to cite to or otherwise indentify any specific passage of the Provisional Application that discloses any limitation of any asserted claim. LTI's "non-response" is insufficient. Respectfully, LTI should now be compelled to respond fully, or to admit that it can not and disavow its claim of priority.

### B. There are No Prerequisites to Facebook Obtaining a Response to Interrogatory No. 10.

In an attempt to evade fully responding to Facebook Interrogatory No. 10, LTI has claimed that it is not required to respond to that interrogatory or otherwise substantiate its priority claim until Facebook identifies prior art that establishes a *prima facie* case of invalidity. Clark Decl., Ex. F. LTI's position is without merit and contrary to established law.

Federal courts have repeatedly rejected the argument that the accused infringer must identify prior art before a patentee is required to provide discovery on priority date issues. *See, e.g., McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007) (finding "the threshold question of whether the prior art is in fact 'prior' depends upon the [patent-in-suit]'s priority date" and holding that accused infringer is not required to identify prior art before patentee is required to respond to discovery); *Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01-C-6204, 2005 U.S. Dist. LEXIS 4939 (N.D. Ill. March 29, 2005) (finding patentee's objection to interrogatory based on failure to produce prior art "inappropriate"); *IMAX Corp. v. In-Three, Inc.*, No. 05-1795-FMC (Mcx), 2005 U.S. Dist. LEXIS 13807 (C.D. Cal. July 8, 2005) (finding no requirement that defendant "identify prior art or make other discovery before the court may order [interrogatory responses]").

The priority date of the '761 patent is a critical issue that must be resolved in order to

constrain the universe of the prior art in this case. As explained above, there are serious questions as to whether LTI can make a non-frivolous claim that the '761 patent is entitled to the claimed earlier date. Until this issue is resolved, the universe of prior art will remain uncontained.

## V. CONCLUSION

For the foregoing reasons, Facebook respectfully requests the Court grant its motion and enter an order compelling LTI to either provide a complete response to Facebook Interrogatory No. 10 or to admit that the '761 patent is not entitled to priority to the Provisional Application.

Dated: May 20, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

BLANK ROME LLP

By: _____
Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*