IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation<br><br>Defendant and Counterclaimant. | Civil Action No. 1:08-cv-00862-JJF |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSE TO FACEBOOK INTERROGATORY NO. 1**

Dated: May 21, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE  19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

   A. The Deficiency of LTI's Interrogatory Response is Proven By The Extra Information it Provides at Every Turn, Yet Refuses to Put into a Supplemental Response .......................................................................................................... 1

   B. The '761 Patent Claims Are Directed at User Action ...................................... 2

   C. LTI's Excuses Lack Merit .................................................................................. 3

   D. LTI Ignores Case Law Requiring a Showing of Infringement Based on Publically Available Information ...................................................................... 4

III. CONCLUSION .............................................................................................................. 6

# TABLE OF AUTHORITIES

## Cases

*CIF Licensing, LLC v. Agere Sys., Inc.*,
　No. 07-170-JJF, 2009 WL 187823 *2 (D. Del., Jan. 23, 2009) ................................................. 4

*New York Univ. v. E. Piphany, Inc.*,
　No 05Civ.1929(LTS)(RLE), 2006 WL 559573, *2-3 (S.D.N.Y. March 6, 2006) ..................... 5

*Orion IP v. Staples, Inc.*,
　407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) ............................................................................ 5

*Rates Tech. Inc. v. Mediatrix Telcom, Inc.*,
　No. CV 05-2755(JS)(AKT), 2007 WL 2581777 *5 (E.D.N.Y. Sept 5, 2007) ........................... 4

I. INTRODUCTION

Facebook has asked simply for a straightforward, detailed explanation of how LTI believes Facebook infringes its patent. Facebook needs the information that LTI currently has, at least at the level of detail that was necessary for LTI to bring this case, in order to understand what this case is about and how discovery should be circumscribed going forward. LTI's repeated assertion that it has nothing more to say is belied in every writing it makes to justify not supplementing its response. First in letters, and now in its opposition brief LTI provides more detail about its infringement accusations than it ever has in its actual interrogatory response. Respectfully, the Court should now compel LTI to supplement its responses to fully describe how it believes the outward-facing elements of Facebook's website meet all of the outward-facing elements of the claims it is asserting. If it can not, then it should dismiss this case as unfounded.

II. ARGUMENT

A. The Deficiency of LTI's Interrogatory Response is Proven By The Extra Information it Provides at Every Turn, Yet Refuses to Put into a Supplemental Response

Facebook remains at a loss as to which aspects of its website are at issue in this case. Remarkably, every time LTI attempts to justify its insufficient response to Facebook Interrogatory No. 1, more information trickles in. Originally, LTI claimed everything about "the Facebook Website" infringed. *See e.g.*, D.I. 40, Clark Decl., Ex. D. When Facebook confronted LTI, it appeared to drop any claim as to third party features and added some color to its response through unsworn correspondence limited to claim 1. *Id.* Ex. G. But, it steadfastly refused to supplement its response to include even that information. Now, in opposing this motion, LTI provides yet more detail (which is not in its interrogatory response) about how it believes Facebook infringes that claim. In fact, the most lucid description (though still far from complete) of what LTI is accusing to date is found in it opposition papers. LTI argues:

> [LTI's] provided screenshots show Facebook's infringement of Claim 1 by operation of an application called "Gifts." In one particular screenshot, it is evident that a "context component" of the Facebook Website captures context

> information associated with user-defined data when a user selects a "gift." *See* [LTI000868-69.] As shown in the provided screenshots, a user who selects a gift is automatically associated with the "gift" in different areas of the website.

Pl. Opp'n Br. at 7. While still less than clear and not linked directly to any claim limitations, this language is a revelation compared to LTI's claim chart, which does not even cite the screenshots referenced in LTI's papers. *See* Def. Opening Br. at 3-4. In fact, LTI's opposition provides a clearer explanation of LTI's infringement contentions than its sworn response. *Compare* Def. Opening Br. at 3-4 *to* Pl. Opp'n Br. at 7-8. LTI clearly has more information about how it believes Facebook to be allegedly infringing the claims. Respectfully, why are they not disclosing this information in response to Facebook's interrogatory? LTI has demonstrated that it can and should supplement its responses, and Facebook respectfully asks this Court to compel LTI do so for all asserted claims.

## B. The '761 Patent Claims Are Directed at User Action

Facebook has had to examine the claims of the '761 patent in a vacuum due to LTI's deficient discovery responses. However, that examination shows that each asserted claim of the '761 patent recites multiple steps that a user of a covered system or method must take to infringe. Stephan Gray[1] sets forth the likely elements of claim 1 as follows:

1. A computer-implemented network-based system that facilitates management of data, comprising:

[a] a computer-implemented <u>context component</u> of the network-based system

[b] for capturing <u>context information</u> associated with <u>user-defined data</u>

[c] <u>created by user interaction</u> of a <u>user in a first context</u> of the network-based system,

[d] the <u>context component</u> dynamically storing the <u>context information</u> in <u>metadata</u> associated with the <u>user-defined data</u>,

[e] the <u>user-defined data</u> and <u>metadata</u> stored on a storage component of the network-based system; and

---

[1] LTI's unjustified attack on Mr. Gray is yet another distraction. Mr. Gray has been a computer scientist for more than 30 years and his *C.V.* speaks for itself. *See* D.I. 41, Ex. A.

[f] a computer-implemented tracking component of the network-based system

[g] for tracking <u>a change of the user</u> from the <u>first context</u> to a <u>second context</u> of the network-based system and

[h] dynamically updating the stored <u>metadata</u> based on <u>the change</u>,

[i] wherein the <u>user accesses the data</u> from <u>the second context</u>.

*See* D.I. 41, Gray Decl., ¶ 4. Each of the underlined portions of claim 1, above, are either input by or visible to a user. Thus, LTI should be able to demonstrate where it contends each of these limitations appear on the website, since it must have used the Facebook website in performing its pre-filing analysis.

Nothing prevents LTI from mapping the user-facing functions of the website that it contends read on claim 1 against the user-facing limitations of the asserted claims. For example, as to limitation 1[d], the "context component," the "associated metadata," and the "user-defined data" must, by definition, appear on the user interface of a claimed system. An identification of where these elements allegedly exist would point to where and how the allegedly hidden "dynamic storing" occurs. Thus, mapping the user-facing elements of an accused system will identify the back-end components used in that system. Facebook has maintained this position all along, and LTI should be made to answer the interrogatory fully so that both parties know what pieces of Facebook's massive website are actually at issue.

### C. LTI's Excuses Lack Merit

While ignoring all of the user-facing elements of the claims in an attempt to avoid mapping claims, LTI asserts that two elements, a "tracking component" and a "storage component," are invisible and therefore prevent it from providing any *more* detail without resort to source code. Their position is spurious. Notwithstanding its failure to provide *any* detail in its formal discovery response, LTI has demonstrated that it *can* provide detail in its communications and briefings.

Moreover, Facebook is not convinced that access to source code is required merely because the '761 patent contains the words "computer implemented." First, the recitation of

"computer implemented" in the claims does not change the fact that they are written in terms of user action. Second, the "computer implemented" language was not even introduced into the file history of the '761 patent until *after* the application was *rejected* for attempting to claim non-patentable ideas.

Legally, Facebook's entire set of source code is not relevant to this case. Practically, it makes little sense for Facebook to produce, or for LTI to review, terabytes of data before LTI streamlines the discovery process by providing sufficient infringement contentions. LTI's "dump truck" approach carries great risk. Facebook can envision counsel for LTI becoming frustrated as it swims through terabytes of data in search of relevant source code. That frustration would no doubt lead it to ask Facebook to identify specific portions of source code responsible for broadly defined functionality. This Court is familiar with just such problems. *See CIF Licensing, LLC v. Agere Sys., Inc.*, No. 07-170-JJF, 2009 WL 187823 *2 (D. Del., Jan. 23, 2009) (denying patentee's motion to compel accused infringer to identify relevant lines of source code). The parties can avoid such inefficiencies if LTI would simply provide detailed infringement contentions based on publicly available information. The law requires no less.

### D. LTI Ignores Case Law Requiring a Showing of Infringement Based on Publically Available Information

Facebook only seeks what the law requires of LTI: that LTI provide a complete response to the interrogatory asking it for its basic infringement contentions. *See e.g., Rates Tech. Inc. v. Mediatrix Telcom, Inc.*, No. CV 05-2755(JS)(AKT), 2007 WL 2581777 *5 (E.D.N.Y. Sept 5, 2007) (denying patentee's motion to compel as to products for which the patentee had not provided adequate infringement contentions); *see also, Orion IP v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (describing accused infringer's duty to challenge an infringement allegation that accuses an entire website); *New York Univ. v. E. Piphany, Inc.*, No 05Civ.1929(LTS)(RLE), 2006 WL 559573, *2-3 (S.D.N.Y. March 6, 2006) (stating patentee must demonstrate that it exhausted other ways of showing infringement before production of source code would be warranted). LTI seems to agree that the purpose of infringement

contentions is to "streamline the discovery process." *See* Pl. Opp'n Br. at 11. This is exactly what Facebook is attempting to accomplish through its interrogatory and this motion. Streamlining the discovery process here requires LTI to provide detailed infringement contentions based on publicly available information that it obtained before filing this suit.

Facebook has explained since the beginning of this case that (1) LTI can access www.facebook.com, (2) walk Facebook through the allegedly infringing scenarios, and (3) Facebook will produce relevant technical documentation.[2] *See e.g.*, D.I. 40, Clark Decl., Ex. H at 2-3; Def.'s Opening Br. at 5-6. LTI's response has been that Facebook "knows" its website. *See* Pl. Opp'n Br. at 4. However, Facebook's knowledge of its own website is not in dispute. What Facebook does not know, and what LTI refuses to explain, is how LTI believes any of the asserted claims of the '761 patent apply to any instrumentality present on Facebook's website.

---

[2] Facebook is not "refusing" to produce source code. Indeed, it spent a great deal of time negotiating the Stipulated Protective Order entered by the Court in anticipation of doing just that. *See* D.I. 35 at 8-11. As set forth in Facebook's Opposition to LTI's concurrent motion, what Facebook sees as unnecessary and unduly burdensome is the production of *all* of its source code. *See* D.I. 48 and 3-4.

## III. CONCLUSION

For the foregoing reasons, Facebook respectfully requests the Court grant its motion and enter an order compelling LTI to provide a complete response to Facebook Interrogatory No. 1.

Dated: May 21, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

BLANK ROME LLP

By: _____
Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*