IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Civil Action No. 1:08-cv-00862-JJF |

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Facebook, Inc., through its attorneys, served subpoenas on Autonomy, Inc. and Interwoven, Inc. to produce documents and things. A copy of the subpoenas are attached hereto.

| By E-Mail and First-Class Mail | By E-Mail and Hand Delivery |
|---|---|
| Paul J. Andre, Esq. (pandre@kslaw.com)<br>Lisa Kobialka, Esq. (lkobialka@kslaw.com)<br>James Hannah, Esq. (jhanna@kslaw.com)<br>King & Spalding<br>333 Twin Dolphin Drive, Suite 400<br>Redwood Shores, CA 94065 | Philip A. Rovner, Esq.<br>(provner@potteranderson.com)<br>Potter Anderson & Corroon LLP<br>P.O. Box 951<br>Wilmington, DE 19899-0951 |

128605.00601/40181238v.1

BLANK ROME LLP

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Dated: July 7, 2009

By: _/s/ Steven L. Caponi_
Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADER TECHNOLOGIES, INC. <br> *Plaintiff* <br> v. <br> FACEBOOK, INC. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:08-cv-862-JJF <br> ) <br> ) (If the action is pending in another district, state where: <br> ) _____ District of <u>Delaware</u>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:
CUSTODIAN OF RECORDS: Autonomy, Inc., One Market Plaza, Spear Tower, Suite 1900, San Francisco, CA. 94105

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE SCHEDULE A

| Place: <br> White & Case LLP, 3000 El Camino Real, 5 Palo Alto Square, 9th Floor, Palo Alto, CA 94306 | Date and Time: <br> July 15, 2009 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 1, 2009

*CLERK OF COURT*

OR  /s/ Craig W. Clark

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*
                                                                    Craig W. Clark

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Facebook, Inc. _____, who issues or requests this subpoena, are:
Craig W. Clark; White & Case LLP, 3000 El Camino Real, 5 Palo Alto Square, 9th Floor, Palo Alto, CA 94306; cclark@whitecase.com; 650.213.0300

American LegalNet, Inc.
www.FormsWorkflow.com

Civil Action No. 1:08-cv-862-JJF

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* <u>Autonomy, Inc.</u>
was received by me on *(date)* _____

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

American LegalNet, Inc
www.FormsWorkflow.com

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# SCHEDULE A

## I. DEFINITIONS

A. "You" shall mean Autonomy, Inc. and all predecessors thereto, including but not limited to, iManage, Inc. and Interwoven, Inc.

B. "Document Management System" and "DMS" shall mean a collaboration and/or document management product and/or program sold, offered for sale and/or publically disclosed by You in the United States on or before December 10, 2003 that allow users to create, share, track, audit, log, change and/or manipulate data, including, but not limited to iManage, MailSite, WorkSite, WorkSite MP, WorkSite Server, WorkSite Development Kit., WorkDocs, DeskSite, WorkTeam, WorkRoute, WorkPortal, WorkKnowlege, Work-in-Process, infoLink, infoRite, infoLook, infoCommerce, and Primera.

C. "DOCUMENTS" means all writings, recordings, and photographs, including the original, all drafts, and any and each copy bearing notations or marks not found on the original or draft, of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any typed or printed matter, microfilm, photographs, maps, correspondence, letters, interoffice communications, diaries, calendars, memoranda insurance policies, contracts, checks, statements of account, receipts, summaries, notes, papers, files, books, records, telegrams, messages, reports, tables, graphs, computer printouts, tape recordings, charts, logs, ledgers, surveys, blue prints, engineering or architectural drawings or diagrams, studies, manuals, consultants' or experts' reports, resumes, exhibits, notices, instructions, minutes, purchase orders, financial records, accounting records, tax records, county or tax worksheets, magnetic tapes, and any other data compilations from which the information can be obtained or translated. The term "DOCUMENTS" also includes all electronic media on which responsive information is stored or recorded, including, but not limited to, all computer databases, indexes, and e-mails.

## II. DOCUMENTS AND THINGS REQUESTED

1. A copy of each DMS.

2. A copy of each user manual, user guide, tutorial, product documentation, product specification and/or other Documents that refer to, explain or demonstrate operation of each DMS.

3. Documents sufficient to show and establish the date You first sold, offered for sale and first publicly disclosed each DMS in the United States.

4. All code (in source and executable form) for each DMS.

5. All Documents that refer to or mention Leader Technologies, Inc.; Leader Technologies, LLC; Michael McKibben, and/or U.S. Patent No. 7,139,761.

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADER TECHNOLOGIES, INC. ) <br> _Plaintiff_ ) <br> v. ) <br> ) <br> FACEBOOK, INC. ) <br> _Defendant_ ) | Civil Action No. 1:08-cv-862-JJF <br><br> (If the action is pending in another district, state where: <br> ____ District of <u>Delaware</u>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:
Custodian of Records: Interwoven, Inc. 160 East Tasman Drive, San Jose, CA 95134; C/O Dona Niemeyer, 3730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833-3503

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE SCHEDULE A

| Place: <br> White & Case LLP, 3000 El Camino Real, 5 Palo Alto Square, 9th Floor, Palo Alto, CA 94306 | Date and Time: <br> July 15, 2009 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 1, 2009

_CLERK OF COURT_

OR  _/s/ Craig W. Clark_

_Signature of Clerk or Deputy Clerk_  _Attorney's signature_

Craig W. Clark

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Facebook, Inc.
_____, who issues or requests this subpoena, are:
Craig W. Clark; White & Case LLP, 3000 El Camino Real, 5 Palo Alto Square, 9th Floor, Palo Alto, CA 94306; cclark@whitecase.com; 650.213.0300

American LegalNet, Inc.
www.FormsWorkflow.com

Civil Action No. 1:08-cv-862-JJF

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Interwoven, Inc. _____

was received by me on *(date)* _____

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.

Date: _____           _____
                                 *Server's signature*

                                 _____
                                 *Printed name and title*

                                 _____
                                 *Server's address*

Additional information regarding attempted service, etc:

American LegalNet, Inc
www.FormsWorkflow.com

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# SCHEDULE A

## I. DEFINITIONS

A. "You" shall mean Interwoven, Inc. and all predecessors and successors thereto, including but not limited to, iManage, Inc. Autonomy-Interwoven, and Interwoven, Inc.

B. "Document Management System" and "DMS" shall mean a collaboration and/or document management product and/or program sold, offered for sale and/or publically disclosed by You in the United States on or before December 10, 2003 that allow users to create, share, track, audit, log, change and/or manipulate data, including, but not limited to iManage, MailSite, WorkSite, WorkSite MP, WorkSite Server, WorkSite Development Kit., WorkDocs, DeskSite, WorkTeam, WorkRoute, WorkPortal, WorkKnowlege, Work-in-Process, infoLink, infoRite, infoLook, infoCommerce, and Primera.

C. "DOCUMENTS" means all writings, recordings, and photographs, including the original, all drafts, and any and each copy bearing notations or marks not found on the original or draft, of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any typed or printed matter, microfilm, photographs, maps, correspondence, letters, interoffice communications, diaries, calendars, memoranda insurance policies, contracts, checks, statements of account, receipts, summaries, notes, papers, files, books, records, telegrams, messages, reports, tables, graphs, computer printouts, tape recordings, charts, logs, ledgers, surveys, blue prints, engineering or architectural drawings or diagrams, studies, manuals, consultants' or experts' reports, resumes, exhibits, notices, instructions, minutes, purchase orders, financial records, accounting records, tax records, county or tax worksheets, magnetic tapes, and any other data compilations from which the information can be obtained or translated. The term "DOCUMENTS" also includes all electronic media on which responsive information is stored or recorded, including, but not limited to, all computer databases, indexes, and e-mails.

## II. DOCUMENTS AND THINGS REQUESTED

1. A copy of each DMS.

2. A copy of each user manual, user guide, tutorial, product documentation, product specification and/or other Documents that refer to, explain or demonstrate operation of each DMS.

3. Documents sufficient to show and establish the date You first sold, offered for sale and first publicly disclosed each DMS in the United States.

4. All code (in source and executable form) for each DMS.

5. All Documents that refer to or mention Leader Technologies, Inc.; Leader Technologies, LLC; Michael McKibben, and/or U.S. Patent No. 7,139,761.