

**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:*    *(302) 425-6408*
*Fax:*       *(302) 428-5106*
*Email:*    *Caponi@BlankRome.com*

July 9, 2009

**BY HAND & ELECTRONIC FILING**

The Hon. Leonard P. Stark
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

     Re:     *Leader Technologies, Inc. v. Facebook, Inc.*, **C.A. No. 08-862-JJF**

Dear Judge Stark:

     This is a patent infringement action brought by Plaintiff Leader Technologies, Inc. ("LTI"), in which LTI asserts that Defendant Facebook, Inc. ("Facebook") infringes certain claims of U.S. Patent No. 7,319,761 ("'761 patent"). Facebook has denied that it infringes and has asserted various defenses, including that the '761 patent is invalid in light of the prior art.

     Facebook respectfully submits this letter brief to address LTI's withholding of information responsive to Facebook Interrogatory No. 10, which seeks LTI's contentions regarding whether an earlier-filed provisional patent application filed by LTI's inventors discloses the elements claimed in the '761 patent. This information, which is exclusively in LTI's possession, is critical to Facebook's invalidity defense because it bears on the effective filing date of the '761 patent for determining what constitutes "prior art" that may be used to invalidate it. LTI has refused to provide a firm answer, despite having all the knowledge and information to do so.

     In response to Facebook Interrogatory No. 10, LTI initially responded that the "entirety" of its six-page provisional application disclosed the "entirety" of its 60-page later-filed application, providing no further explanation. After Facebook filed a motion to compel on this issue, LTI retreated and supplemented its response, but provided only "non-limiting" and "non-exhaustive" "examples" in its response. LTI's supplemental response does not cure the deficiencies of its initial response, leaves uncertainty and is not an actual answer. Facebook respectfully requests that the Court require LTI to provide a complete response to Interrogatory

1201 Market Street   Suite 800   Wilmington, DE 19801
www.BlankRome.com

128605.00602/40182076v.1

California  •  Delaware  •  Florida  •  New Jersey  •  New York  •  Ohio  •  Pennsylvania  •  Washington, DC  •  Hong Kong



No. 10.

### A. LTI's Six-Page Provisional Application and 60-Page Utility Application

On December 11, 2002, LTI's named inventors filed U.S. Provisional Patent Application No. 60/432,255 (the "Provisional Application"). *See* Ex. C. The Provisional Application contained no figures or claims and consisted of only six pages of text and an attachment with some additional text and several pages of source code. *Id.* Twelve months later, on December 10, 2003, the inventors filed U.S. Patent Application Ser. No. 10/732,744 (the "'744 Application"). The later-filed '744 Application ultimately led to the issuance of the patent-in-suit. *See* D.I. 1 at Ex. A.

The '744 Application claims priority to the earlier-filed Provisional Application and shares its title, but the similarities end there. The later-filed application contains substantial additions, triples the page count and adds 21 figures and 44 claims. Most importantly, the later-filed '744 Application, for the first time, disclosed new subject matter absent from the Provisional Application, including, for example, "tracking," "tracking components," "workspaces," "dynamic association" and "user-defined data," which are all limitations incorporated into the claims of the patent-in-suit at issue here.

### B. Facebook's Discovery and LTI's Responses

In order to determine the exact universe of potentially invalidating prior art, Facebook needs to understand which filing date LTI will be held to using in this case. To that end, Facebook propounded Interrogatory No. 10 asking:

> For each claim of the '761 patent that you contend is entitled to the benefit of the filing date of U.S. Provisional Application No. 60/432,255 (December 11, 2002) ("'255 Application"), identify with particularity all portions of the '255 Application that you contend disclose each element of each such claim.

Ex. A at 2. This is a standard interrogatory in any patent infringement case. As noted by the Federal Circuit: "It is elementary patent law that a patent application is entitled to the benefit of the filing date of an earlier filed application only if the disclosure of the earlier application provides support for the claims of the later application, as required by 35 U.S.C. § 112." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008) (citation omitted).



All of the information LTI needs to provide a full response is contained in the four corners of its Provisional Application and is, therefore, entirely within its possession. No external discovery is required for LTI to provide a complete response. LTI initially responded to Interrogatory No. 10 by simply stating the Provisional Application "in its entirety provides support for the subject matter of the claims," without further explanation. Ex. A at 2. Facebook filed a motion to compel after LTI refused to supplement its response. See D.I. 55. Faced with Facebook's motion, LTI changed its mind and stated that it would supplement its response.

LTI's served its supplemental response to Interrogatory No. 10 on June 8. The supplemental response purports to identify portions of the Provisional Application, but the entire response is qualified with the statement that LTI has provided only "non-limiting" and "non-exhaustive" "examples" of its contentions. See Ex. A at 3. An additional conference and further correspondence failed to resolve the issue. Ex. B.

### C. LTI Should be Ordered to Provide a Complete Response

The parties disagree about whether the patent-in-suit is entitled to the priority date of the Provisional Application or the '744 Application. This issue will turn on whether the content of LTI's Provisional Application discloses the subject matter of the claims of the '761 patent. Facebook is entitled to obtain all of LTI's contentions on this issue.

LTI, as the alleged patent owner, bears the burden of establishing that its claims are entitled to the benefit of the filing date of the Provisional Application. See PowerOasis, Inc., 522 F.3d at 1303-07. To meet its burden, LTI must show that the Provisional Application discloses each and every aspect of the claims of the patent as issued and in a manner that enables a person reasonably skilled in the art to make and use it without undue experimentation. See 35 U.S.C. § 119(e)(1); 35 U.S.C. § 112 ¶ 1. In other words, LTI can successfully claim priority to the Provisional Application only if it can show that the earlier-filed application disclosed all of the elements later claimed in the patent-in-suit. See PowerOasis, Inc., 522 F.3d at 1306.

As noted, LTI has only provided purported "non-limiting" and "non-exhaustive" "examples" of how the Provisional Application allegedly discloses the elements of the asserted claims. See Ex. A at 3. Its supplemental response does not answer the interrogatory or provide the information that Facebook is entitled to receive. See, e.g., Herdlein Techs., Inc. v. Century Contractors, Inc., 147 F.R.D. 103, 106-07 (W.D.N.C. 1993) (party failed to properly respond to interrogatory requiring identification of "all" documentary evidence when it only provided examples).



LTI's agreement to provide only "non-limiting" and "non-exhaustive" "examples" of its contentions unfairly prejudices Facebook. The obvious motive behind LTI's equivocations is so it can later rely on portions of the Provisional Application that it has not identified in its response to Interrogatory No. 10. This defeats the whole purpose of Interrogatory No. 10 and discovery generally – to narrow issues and "to avoid 'surprise' or 'trial by ambush.'" *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). Again, all of the information LTI would need to provide a complete response is, and has always been, in its possession.

Accordingly, Facebook respectfully requests that the Court compel LTI to respond fully and unequivocally, or to state that its June 8 supplemental response sets forth all of its contentions.

Respectfully submitted,

Steven L. Caponi
I.D. No. 3484

SLC:pfc
Enclosures

cc: Philip A. Rovner, Esquire – via e-service (w/o enc.)
    Paul J. Andre, Esquire – via e-service (w/o enc.)
    Lisa Kobialka, Esquire – via e-service (w/o enc.)