

**Potter
Anderson
Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140  Direct Phone
302 658-1192  Fax

July 10, 2009

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26
Room 6100
Wilmington, DE 19801-3556

      Re:    *Leader Technologies, Inc. v. Facebook, Inc.*, C. A. No. 08-862-JJF (LPS)

Dear Judge Stark:

      Leader Technologies, Inc. ("Leader") writes to the Court in response to Facebook, Inc.'s ("Facebook") letter[1] seeking a "complete" response to Facebook's Interrogatory No. 10, which requested support for Leader's U.S. Patent No. 7,139,761's ("'761 Patent") claim of priority to Provisional Patent Application No. 60/432,255 ("'255 Application"), filed December 11, 2002.

**Facebook is Attempting to Shift Its Burden to Leader**

      The '761 Patent is presumed valid and entitled to the priority date of its provisional application. 35 U.S.C. §§ 282, 119(e)(1). If Facebook wants to challenge either of these presumptions, it is Facebook's burden to prove by clear and convincing evidence that the patent is invalid and/or not entitled to the provisional date. It is not Leader's burden to prove otherwise. In its letter, Facebook argues that the '761 Patent is not entitled to the priority date of its provisional application because the provisional application does not enable ***the claims*** of the '761 Patent pursuant to 35 U.S.C. § 112. Based on this conclusory statement, Facebook then argues that it is Leader's burden to provide a claim chart to prove that the '255 Application is enabling of the '761 Patent claims. Facebook does not cite to any supporting authority for this burden shifting exercise, and in fact ignores the plain language of the relevant statutes. However, just as the Friskit court found, "[t]here is nothing in the Local Rules or Fed.R.Civ.P. that requires [the patentee] to provide a validity claim chart." *Friskit, Inc. v. Real Networks, Inc.*, 2006 WL 1305218, at *2. The law is quite unambiguous that it is the alleged infringer's burden of proving lack of enablement under 35 U.S.C. § 112, or any other theory of invalidity.

      Facebook's reliance on PowerOasis is misplaced. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299 (Fed. Cir. 2008). PowerOasis concerned summary judgment on the issue of invalidity, not discovery. Furthermore, PowerOasis requires that the party challenging a priority date based on an earlier filed application to satisfy its initial burden of production by coming

---

[1] It is not surprising that Facebook disregarded the clear direction from the Court and filed its letter over 30 minutes late and exceeding the Court's stated page limit. Throughout this case, Facebook has disregarded its discovery obligations under the Federal Rules of Civil Procedure.

forward with sufficient evidence to put at issue whether there is relevant prior art to invalidate the claims asserted. Only then does the burden shift to the patentee to establish an earlier filing date. PowerOasis, 522 F.3d at 1305 ("the party asserting invalidity [] must still show by clear and convincing evidence that the asserted patent is invalid. Once it has established a prima facie case of invalidity and its burden is met, the party relying on validity is then obligated to come forward with evidence to the contrary.") (internal citations omitted). Similarly, during the prosecution of a patent application, the patent office procedure places the "initial burden" on the patent examiner to "present evidence or reasoning to explain why persons skilled in the art would not recognize in the original disclosure a description of the invention defined by the claims." Manual of Patent Examining Procedure ("MPEP") § 2163, sec. II(A)(3)(b) (MPEP §2163 is attached hereto as Exhibit A). Facebook has not attempted to contest Leader's claim of priority to the '255 Application with any support, much less provide clear and convincing evidence of invalidity. Facebook's request that Leader provide detailed support for the '761 Patent's claim of priority to the '255 Application is therefore a blatant attempt at improper burden shifting.

**Leader's Response to Interrogatory 10 is More Than What is Required**

As noted above, U.S. Patent Law recognizes that a patent application claiming priority to a properly filed provisional application "shall have the same effect, as to such invention, as though filed on the date of the provisional application." 35 U.S.C. §119(e)(1). Furthermore, the MPEP acknowledges that a patentee is entitled to rely on a provisional application *as a whole* in establishing support for the claims of a later filed utility patent application. MPEP, §2163(emphasis added). Therefore, in accordance with well established patent law, Leader initially responded to Interrogatory No. 10 by stating that the claims of the '761 Patent are entitled to a priority date of no later than December 11, 2002 because the '255 Application in its entirety provides support for the subject matter of the asserted claims. By providing this response, Leader identified the relevant priority filing date for the '761 Patent, December 11, 2002, which provided Facebook with the necessary information to understand "the exact universe of potentially invalidating art." Despite this, Facebook continued to demand that Leader provide additional support for its claim of priority, repeatedly relying on PowerOasis to bolster its argument that Leader bears the burden of establishing that the asserted claims of the '761 Patent are enabled pursuant to 35 U.S.C. §112 by the '255 Application and entitled to the benefit of the provisional filing date.

Notwithstanding the law being in Leader's favor, in an attempt to resolve this issue without court intervention and to facilitate discovery, Leader offered to supplement its response to Facebook's Interrogatory No. 10 if Facebook would simply identify prior art which might put Leader's claim of priority to the '255 Application at issue.[2] Facebook provided exactly one piece of such prior art. As promised, Leader supplemented its response with a detailed twenty-six page claim chart providing an element-by-element analysis of each asserted claim of the '761 Patent which included citations to and quotes from the '255 Application and accompanying source code. These explicit examples from the '255 Application are more than sufficient to support the priority date of each of Leader's asserted claims. *See* Supplemental Response to

---

[2] Leader notes that a mere identification of prior art does not meet the "clear and convincing" evidence standard required to establish invalidity of a patent.

The Honorable Leonard P. Stark
July 10, 2009
Page 3

Facebook's Interrogatory 10 (May 18, 2009). To properly claim priority to the '255 Application, the "disclosure of the earlier application, the parent, must convey to one of skill in the art that the inventor possessed the later-claimed subject matter at the time the parent application was filed." Tronzo v. Biomet, Inc., 156 F.3d 1154, 1158 (Fed. Cir. 1998) (citation omitted). The exemplary portions from the '255 Application provided in Leader's detailed response to Interrogatory 10 clearly demonstrate that the inventors of the '761 Patent were in full possession of the claimed invention when the '255 Application was filed.

Despite Leader's detailed analysis, Facebook continues to demand more, making the baseless accusation that Leader is affirmatively withholding information.[3] Leader is not withholding relevant information. To the contrary, Leader's detailed element-by-element claim chart clearly demonstrates that Leader has gone beyond what is required in an effort to facilitate discovery. However, the exemplary portions of the '255 Application cited in Leader's claim chart must be read in the context of the entire application. Therefore, the "complete" support for the priority date of each asserted claim is the '255 Application as a whole, as Leader stated in its initial response to Interrogatory No. 10. Furthermore, Facebook contradicts itself in its letter to the Court, claiming first that Leader is withholding information "exclusively in [Leader's] possession," but then acknowledging that "[a]ll the information [Leader] needs to provide a full response is contained in the four corners of its Provisional Application and is, therefore, within its possession." The '255 Application is public information and was produced to Facebook during discovery, therefore Facebook is fully in possession of the information supporting Leader's claims of priority.

Facebook's request for a "complete response" to Interrogatory No. 10 is simply an attempt to shift the burden to Leader to prove the validity of the '761 Patent before Facebook makes any showing of potential invalidity. Facebook has the information needed to understand the "universe of potentially invalidity art." Accordingly, Leader respectfully requests that the Court deny Facebook's request that Leader further supplement its response to Interrogatory 10.[4]

                    Respectfully,

                    /s/ *Philip A. Rovner*

                    Philip A. Rovner

924375
Enclosure

---

[3] Facebook's letter contains a number of incorrect statements and misrepresentations of facts and law. For example, Facebook's claim that the '255 Provisional Application contained only six pages conveniently excludes the 13 pages of attached source code disclosing the invention later claimed in the '761 Patent. Furthermore, Leader never stated that the '255 "provisional application disclosed the 'entirety' of [Leader's] 60-page later-filed ['761 Patent] application," rather Leader stated that the '255 Application provided the requisite support for the subject matter of the '761 Patent *claims*.

[4] In correspondence and discussions between the parties, Facebook has also demanded that Leader provide support for any claims of priority to the '255 Application for claims not even asserted in this action. The priority date of unasserted claims is simply not relevant to any claim or defense in this matter. Therefore, Leader requests that the Court deny any request by Facebook that Leader provide priority date support for unasserted claims.