## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a <br> Delaware corporation, ) <br> ) <br> Plaintiff-Counterdefendant, ) <br> ) <br> v. ) <br> ) <br> FACEBOOK, INC., ) <br> a Delaware corporation, ) <br> ) <br> Defendant-Counterclaimant. ) <br> ) | Civil Action No. 08-862-JJF/LPS |

### PLAINTIFF'S NOTICE OF FED. R. CIV. P. 45 SERVICE OF SUBPOENA
### (ConnectU, Inc.)

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Leader Technologies, Inc. has served the attached subpoena on ConnectU,

Inc. ("ConnectU"). Plaintiff requests that ConnectU produce for inspection and copying the

documents and things set forth in Schedule A of the subpoena to ConnectU, Inc., 500 West

Putnam Avenue, Greenwich, CT 06830, or another location as may be agreed, on or before

July 29, 2009, or at such other date, time, as may be agreed.

Dockets.Justia.com

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. André
Lisa Kobialka
King & Spalding, LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, California  94065-6109
(650) 590-7100

Dated:  July 13, 2009
924508

By:  /s/ Philip A. Rovner
      Philip A. Rovner (#3215)
      Hercules Plaza
      P.O. Box 951
      Wilmington, DE  19899
      (302) 984-6000
      provner@potteranderson.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| Leader Technologies, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:08 CV 00862-JJF |
| Facebook, Inc. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) District of Delaware |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: ConnectU, Inc.
500 West Putnam Avenue, Greenwich, CT 06830

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED SCHEDULE A

| Place: ConnectU, Inc. 500 West Putnam Avenue, Greenwich, CT 06830 | Date and Time: 07/29/2009 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/07/09

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Plaintiff, Leader Technologies, Inc. , who issues or requests this subpoena, are:
Paul Andre of King & Spalding LLP, 333 Twin Dolphin Drive, Suite 400, Redwood Shores, CA 94065, telephone: (650) 590-0721; email: pandre@kslaw.com

Civil Action No:  1:08 CV 00862-JJF

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    ConnectU, Inc.

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                    *Server's signature*

                              _____

                                                    *Printed name and title*

                              _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## Definitions

1.     The terms "Plaintiff" and "Leader" shall mean Plaintiff Leader Technologies, Inc., its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interests, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors and any other person acting on its behalf, pursuant to its authority or subject to its control.

2.     The terms "Facebook," and "Defendant" shall mean Defendant Facebook, Inc. ("Facebook"), its present and former directors, officers, employees, parent organization(s), subsidiary organization(s) including ConnectU, Inc., predecessors in interests, successors in interests, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors and any other person acting on its behalf, pursuant to its authority or subject to its control.

3.     The terms "you," "your," "ConnectU," shall mean ConnectU, Inc., ("ConnectU"), its present and former directors, officers, employees, parent organization(s) including Facebook, Inc., subsidiary organization(s), predecessors in interests including Harvard Connection, successors in interests, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors and any other person acting on its behalf, pursuant to its authority or subject to its control.

4.     The term "Facebook Website" shall mean the Facebook services and network currently located at www.facebook.com and formerly located at www.thefacebook.com (including any directly associated current or former domains), and all functionalities,

components, programs and modules (both software and hardware) currently or formerly built, used, or made available by Facebook. "Facebook Website" includes, but is not limited to, all components and information necessary to currently or formerly build, use, and make available Facebook Marketplace, Facebook Flyers, Facebook Platform, Facebook Platform Applications (including, but not limited to Facebook Video, Facebook Notes, Facebook Mobile, Facebook Posted Items, Facebook Photos, Facebook Events, Facebook Gifts, Facebook Groups, Discussion Boards, Discography, Music Player, Translations, Wall, Reviews, Facebook Exporter for iPhoto and Facebook Toolbox for Firefox), Facebook Mobile Services, Facebook Connect, Facebook Pages, Share Service, Share Link, Facebook Ads, Facebook Beacon, Social Ads, and any other tools which facilitate Site Connect or User Content. For purposes of clarification and not limitation, these terms shall have at least the same meaning as used in Facebook's Privacy Policy located at www.facebook.com/policy.php (effective as of November 26, 2008), Terms of Use located at www.facebook.com/terms.php (revised on September 23, 2008), and Product Overview FAQ located at www.facebook.com/press/faq.php (accessed on December 17, 2008).

     5.    The terms "person(s)" and "entit(y, ies)" shall mean, without limitation, any natural person, or association, firm, partnership, corporation or any other form of legal entity, unless the context indicates otherwise.

     6.    The term "third party" means any person or entity other than Leader or Facebook.

     7.    The term "Action" refers to Civil Action No. 08-862 filed in the United States District Court for the District of Delaware on November 19, 2008 styled Leader Technologies, Inc. v. Facebook, Inc.

     8.    The term "Leader Complaint" refers to the Complaint filed by Leader in the Action (D.I. 1).

9. The term "Facebook Amended Answer" shall mean Facebook's First Amended Answer to Complaint for Patent Infringement; Affirmative Defenses; and Counterclaims filed by Facebook in the Action. (D.I. 12)

10. The terms "'761 Patent" and "Patent-in-Suit" shall mean United States Patent No. 7,139,761 entitled "Dynamic Association of Electronically Stored Information with Iterative Workflow Changes," the application leading to this patent and any related patent application, including any WIPO, EPO or other foreign counterpart application or patents, any continuations, continuations in part, divisionals, reissues, reexaminations, extensions or parents thereof.

11. The term "document" shall mean all "writings" and "recordings" as those terms are defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001 as well as any writing or recording of any type, whether written, printed, transcribed, recorded (mechanically or electronically) or reproduced by hand, including, but not limited to, all letters, correspondence, facsimiles, e-mail, telegrams, transcriptions and records of telephone conversations, memoranda, notes, records, reports, statements, minutes, communications, slide presentations, microfilm, microfiche, tape recordings, videotapes, photographs, studies, policy manuals and statements, books, plans, analyses, computer records, computer log files, runs, programs, software and any code(s) necessary to comprehend the same, test results, notebooks, diaries, agreements, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, third party or joint development agreements, bills, statements and any other written, printed, typed, recorded or graphic matter, however produced or recorded, including copies and drafts of same, and any handwritten or typewritten notes of any kind thereon or attached thereto. The term "document" shall also include all technical documents, defined as source code, specifications, schematics, flow charts, artwork, drawing, pictures, pictorial representations,

formulas, troubleshooting guides, service bulletins, technical bulletins, production specification sheets, white papers, operator manuals, operation manuals, instruction manuals and all other documents sufficient to show the operation of any aspects or elements of your products which includes all past and present releases, revisions, versions and upgrades.

12.   The term "communication" shall mean every manner or method of disclosure, transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, facsimile, personal delivery or through another medium, including, but not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, statements or questions.

13.   The term "transcript" shall mean any written, audio, and/or video recording.

14.   The terms "concerning" and "concern" mean constituting, relating to, mentioning, discussing, evidencing, involving, depicting, describing, listing, consisting of, forming the basis of, commenting on, supporting, analyzing, forwarding, demonstrating, referring to, connected with, relying upon or in any way related to the indicated person, entity, event, document or product.

15.   The terms "relating to," "relate to," "refer to" and "referring to" mean referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, identifying, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, supporting, refuting, contradicting, memorializing, pertaining to, bearing upon or illuminating the subject matter into which inquiry is made.

16.   The words "and" and "or" shall be construed conjunctively or disjunctively in a manner making the request inclusive rather than exclusive.

17. The singular of any word or phrase shall include the plural of such word or phrase, and the plural of any word or phrase shall include the singular of such word or phrase.

18. The term "all" shall mean "any and all" and the term "any" shall mean "any and all."

## Types of Documents

1. Any and all documents relating to Mark Zuckerberg's role in the development of the Harvard Connection and ConnectU.

2. Any and all documents relating to any business relationship between the Harvard Connection and Mark Zuckerberg.

3. Any and all documents relating to any business relationship between ConnectU and Mark Zuckerberg.

4. Any and all communication between ConnectU and Mark Zuckerberg between August 1, 2003 and May 31, 2004.

5. Any and all communication between ConnectU and Facebook between August 1, 2003 and May 31, 2004.

6. Any and all communication regarding the Harvard Connection and ConnectU between Tyler Winklevoss and Mark Zuckerberg between August 1, 2003 and May 31, 2004.

7. Any and all communication regarding the Harvard Connection and ConnectU between Cameron Winklevoss and Mark Zuckerberg between August 1, 2003 and May 31, 2004.

8. Any and all communication regarding the Harvard Connection and ConnectU between Divya Narendra and Mark Zuckerberg between August 1, 2003 and May 31, 2004.

9. Any and all communication describing the ConnectU source code and platform between ConnectU and Mark Zuckerberg.

10.     Any and all communication describing the ConnectU source code and platform between Tyler Winklevoss and Mark Zuckerberg.

11.     Any and all communication describing the ConnectU source code and platform between Cameron Winklevoss and Mark Zuckerberg.

12.     Any and all communication describing the ConnectU source code and platform between Divya Narendra and Mark Zuckerberg.

13.     Any and all documents relating to any business relationship between ConnectU and Facebook.

14.     Any and all documents relating to any business relationship between Harvard Connection and Facebook.

15.     Any and all documents relating to Mark Zuckerberg and the origins of Facebook.

# CERTIFICATE OF SERVICE

I, Valerie Jones, declare:

I am a citizen of the United States and am employed in the County of San Mateo, State of California. I am over the age of 18 years and am not a party to the within action. My business address is King & Spalding, 333 Twin Dolphin Drive, Suite 400, Redwood City, CA 94065. I am personally familiar with the business practice of King & Spalding. On July 10, 2009, I served the following document:

## Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

By placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

| | |
|---|---|
| ConnectU, Inc.<br>500 West Putnam Avenue<br>Greenwich, CT 06830 | Heidi Keefe<br>Mark Weinstein<br>Craig w. Clark<br>WHITE & CASE LLP<br>3000 El Camino Real<br>5 Palo Alto Square, 9th Floor<br>Palo Alto, CA 94306 |

_____ (By Overnight Courier) I caused each envelope, with postage fully prepaid, to be sent by _____.

___X___ (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of King & Spalding LLP.

_____ (By Hand) I delivered the envelope by hand to the office listed above.

_____ (By Facsimile/Telecopy) I caused each document to be sent by Automatic Facsimile/Telecopier to the number(s) indicated above.

_____ (By E-Mail) I caused all documents to be sent by Automatic E-Mail to the
individuals indicated above

I declare under penalty of perjury that the above is true and correct and that this declaration was
executed at Redwood City, California.

DATED: July 10, 2009

Valerie Jones

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 13, 2009, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following; that the document was served on the following counsel as indicated; and that the

document is available for viewing and downloading from CM/ECF.

### BY CM-ECF, E-MAIL AND FIRST CLASS MAIL

Thomas P. Preston, Esq.
Steven L. Caponi, Esq.
Blank Rome LLP
1201 Market Street
Wilmington, DE 19801
Preston-T@blankrome.com
caponi@blankrome.com

I hereby certify that on July 13, 2009 I have sent by E-mail and first class mail the

foregoing document to the following non-registered participants:

Heidi L. Keefe, Esq.
Mark R. Weinstein, Esq.
Craig W. Clark, Esq.
Melissa H. Keyes, Esq.
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
hkeefe@whitecase.com; mweinstein@whitecase.com
cclark@whitecase.com; mkeyes@whitecase.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com