

*Phone:*     *(302) 425-6408*
*Fax:*       *(302) 428-5106*
*Email:*     *Caponi@BlankRome.com*

July 23, 2009

**BY HAND & ELECTRONIC FILING**

The Hon. Leonard P. Stark
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

    Re: *Leader Technologies, Inc. v. Facebook, Inc.*, C.A. No. 08-862-JJF

Dear Judge Stark:

  As per the Court's instructions during the July 14, 2009 conference, Facebook, Inc. respectfully submits this letter detailing its position on unresolved discovery matters. Facebook understood your Honor's instructions at that conference to require a single, joint letter, not to exceed five pages, outlining the respective positions of both parties. After conferring with LTI's counsel twice, LTI refused to cooperate in drafting a joint letter to the Court. Facebook was therefore forced to submit this separate letter, without the benefit of being able to see or address LTI's positions, as we believe this Court intended. Nonetheless, Facebook has attempted to divine the proper issues, has confined its positions to its two-and-a-half-page allotment, and will submit a brief supplement only if necessary after finally seeing LTI's actual arguments.

  Facebook has faithfully adhered to the iterative discovery process ordered by Judge Farnan on May 28, 2009. By contrast, LTI has repeatedly attempted to flout Judge Farnan's order regarding Facebook's most valuable asset – its source code. The last time the parties were before the Court, LTI had attempted to put the cart before the horse, demanding all of Facebook's code before LTI's counsel took the time to review the source code *that they requested*. Once again, LTI is demanding the entire universe of Facebook's source code and technical documents before reviewing any of the additional files that they requested and that have been provided by Facebook.

  Per the Court's order, Facebook first provided LTI with a list of modules, each encompassing a group of functionally related source code files based on their location in the directory structure of the Facebook source code repository. From this list, LTI was to select a



"reasonable" number that it could review in detail. Facebook then made every source code file LTI requested available for inspection on July 10. LTI did not review those modules until Thursday, July 16. LTI's counsel and expert spent approximately six hours reviewing these files. Thereafter, LTI requested a meet-and-confer on discovery issues, which took place on Tuesday, July 21. Facebook received no other communication from LTI until Tuesday's meet-and-confer, when LTI surprisingly demanded the *entirety* of Facebook's source code and all accompanying "technical documents."

Only after considerable discussion did LTI admit that there were, in fact, 27 specific files that it needed. Later that evening, LTI sent Facebook a letter, primarily reiterating LTI's demand for the entirety of the source code. Facebook responded the next day (yesterday) that all of the specific files LTI was now requesting were available for review. As to LTI's demand for the entire source code and all technical documents, Facebook reminded LTI of Judge Farnan's order that LTI was entitled only to a "reasonable" amount of Facebook's source code, and that LTI was not entitled to go "full bore" into Facebook until it provided detailed infringement contentions.

The parties again met and conferred on Wednesday, July 22 regarding the additionally provided source code files and LTI's other non-specific requests for technical documents. Once again, LTI demanded nothing less than the full source code, a demand that Judge Farnan specifically denied, without even looking at the specific files that they requested. LTI's *refusal* to review the newly provided source code files before approaching the Court to demand the entirety of Facebook's source code only proves the pretextual nature of their complaints. Even when Facebook offered up the possibility of providing a *full list of all Facebook's source code files* in order to assuage LTI's stated issues about the level of detail provided in the June 19 module list, LTI refused to consider anything less than production of the entire code. This stubborn all-or-nothing approach shows an utter failure to engage in good faith in the iterative discovery process ordered by Judge Farnan.

Judge Farnan's order was a test of LTI's reasonableness: could LTI produce reasonably detailed infringement contentions if given access to a reasonable amount of Facebook's source code? LTI has failed that test, and LTI appears unable to provide any reasonably detailed infringement contentions. When asked during the parties' July 22 meet and confer whether LTI could amend its infringement contentions following its July 16 review, LTI stated that it could not take a position on whether it would be able to do so. In short, LTI seeks to defy Judge Farnan's order by demanding that Facebook produce everything before LTI will provide anything in return.



July 23, 2009
Page 3

     Facebook has demonstrated that it will honor reasonable requests for additional source code, even if the requested files exist outside the specific modules that LTI requested. However, LTI needs to be reasonable as well. LTI's demand for the entirety of the Facebook source code, and unidentified "technical documents," invites the very fishing expedition that Judge Farnan curtailed. Accordingly, Facebook respectfully requests that the Court deny LTI's requests, require LTI to review the code it has requested, and put the parties back on the process Judge Farnan established.

Respectfully submitted,

Steven L. Caponi
I.D. No. 3484

SLC:pfc

cc:     Philip A. Rovner, Esquire – via e-service
         Paul J. Andre, Esquire – via e-service
         Lisa Kobialka, Esquire – via e-service

128605.00602/40182480v.1