IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation<br><br>    Defendant and Counterclaimant. | CIVIL ACTION<br><br>NO. 1:08-cv-00862-JJF<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |

**DEFENDANT'S OBJECTIONS TO**
**JULY 28, 2009 ORDER OF MAGISTRATE JUDGE STARK**

Dated: August 10, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

## TABLE OF CONTENTS

I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ................................. 1
II. SUMMARY OF ARGUMENT ................................................................................ 1
III. STATEMENT OF FACTS ...................................................................................... 2
    A. This Court's May 28 Order .......................................................................... 2
    B. Facebook's First Source Code Production .................................................. 3
    C. LTI Demands Production of the Entire Facebook Source Code Before Even Reviewing the Source Code Modules it Requested ..................... 3
    D. LTI's Perfunctory Review of Facebook Source Code .................................. 4
    E. Subsequent Meet-and-Confer Efforts Between the Parties .......................... 4
    F. The Parties' Simultaneous Letter Briefs to Magistrate Judge Stark ............. 5
    G. LTI's Meritless Arguments for Production of the Entire Source Code ....... 5
    H. LTI's Unreasonable Demand for All Facebook Technical Documents ....... 6
IV. ARGUMENT ........................................................................................................... 7
    A. Judge Stark's Order Is Contrary to Law. ...................................................... 7
    B. Judge Stark's Order is Clearly Erroneous .................................................... 8
V. CONCLUSION ........................................................................................................ 9

## TABLE OF AUTHORITIES

**FEDERAL STATUTES**

Fed. R. Civ. P. 72 .................................................................................................................7

Pursuant to Federal Rule of Civil Procedure 72(a), defendant Facebook, Inc. respectfully submits the following Objections to Magistrate Judge Stark's July 28, 2009 Order Regarding Discovery Matters (D.I. 78, "July 28 Order") with respect to Plaintiff Leader Technologies, Inc.'s ("LTI") Letter Brief to Compel Production of Documents and Source Code.

I.  STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

LTI filed its Complaint against Facebook alleging infringement of U.S. Patent No. 7,139,761 on November 19, 2008. Discovery opened on February 17, 2009. Written fact discovery is set to close on November 20, 2009, *Markman* is set for January 20, 2010 and trial is set for June 28, 2010. *See* D.I. 76.

II. SUMMARY OF ARGUMENT

Facebook's objections concern Paragraphs 2 and 3 of Judge Stark's Order, which require production of technical documents and the "entire source code" for the Facebook website. Facebook respectfully submits that these portions of the order are clearly erroneous and contrary to law because they conflict with the framework for source code discovery established by this Court at the hearing on May 28, 2009. During that hearing, the Court ruled that LTI would only be entitled to a subset of Facebook's source code (to be selected by LTI), which LTI would review. LTI was then supposed to review that code and supplement its infringement contentions. *See Official Transcript of 05/28/2009 Motion Hearing before Judge Farnan*, D.I. 72.

Because of the one-sided way that LTI presented its position to Magistrate Judge Stark, he did not have all the facts he needed to issue his order. Magistrate Judge Stark's order dismantles this Court's framework by requiring the production of the entirety of Facebook's source code *before* LTI makes any supplementation to its infringement contentions – and mandating that Facebook turn over all of its highly valuable, trade secret information in exchange for nothing. Facebook is not opposed to producing a reasonable amount of its source code, nor in providing additional source code as reasonably requested by LTI, which Facebook has already done. But Facebook firmly agrees that, using this Court's words, LTI should not be

1

allowed "to go full bore into Facebook," (May 28, 2009, Tr. at 23:7), until it serves supplements to its infringement contentions. Accordingly, Facebook respectfully requests that the Court set aside Paragraphs 2 and 3 of Judge Stark's order and reestablish the procedures for review of source code established at the May 28 hearing.

## III. STATEMENT OF FACTS

### A. This Court's May 28 Order

On May 1, 2009 Facebook filed a motion to compel LTI to supplement its response to an interrogatory that asked LTI to explain the basis of its claim of infringement against the Facebook website. D.I. 39. As Facebook explained in its motion, LTI failed to identify which aspects of the Facebook website were accused of infringement, let alone articulate any coherent theory of infringement, making it impossible to ascertain the scope of discovery or assess the relevance of LTI's requests. LTI also filed its own motion to compel. D.I. 36. Seeking nothing less than a full-blown fishing expedition, LTI's motion included demands for: (1) all Facebook's "source code, including all past and present releases, revisions, versions, updates and upgrades;" (2) all Facebook's technical documentation and all documents related to all "applications, programs, features, components, functionalities, or modules incorporated in the Facebook Website;" and (3) all documents produced by Facebook in unrelated litigations. *Id.* at 12, 16.

During the hearing before this Court on May 28, 2009, LTI complained that it could not articulate an infringement theory, despite the continuous public availability of the Facebook website, unless it was given access to all of Facebook's source code and technical documents. Facebook responded that LTI should not be granted broad access to Facebook's source code or other discovery until LTI provided some explanation of the bases for its claim.

The Court denied both motions and instead adopted a staged discovery procedure designed to require that each party disclose certain information before it could obtain additional information from the other party. Specifically, the Court required: (1) Facebook to produce a list of "modules" that comprise Facebook's source code, (*see* May 28, 2009 Tr. at 14:22-24; 22:4-9);

(2) LTI to select a reasonable subset of modules from that list, (*see id.* at 22:4-9; 23:13-16); (3) Facebook would make the source code selected by LTI available for review and inspection; and (4) LTI would then prepare and serve "very firm" infringement contentions based upon its review of the code Facebook produced (*see id.* at 25:18-20). Only after LTI produced firm infringement contentions would it be entitled to obtain broader discovery. This staged approach to source code discovery was designed to provide LTI with sufficient information to craft specific infringement contentions, while at the same time protecting Facebook's source code from unnecessary disclosure. *See id.* at 16:21-24; 17:1-5.

### B. Facebook's First Source Code Production

On June 19, in accordance with the Court's directions at the May 28 hearing, Facebook produced its list of source code modules for the Facebook website. *See* Declaration of Craig W. Clark in Support of Defendant's Objections to July 28, 2009 Order of Magistrate Judge Stark ("Clark Decl."), Ex. A. LTI made its selection of source code modules (*id.*, Ex. B) and Facebook promptly made those files available for inspection by LTI's reviewers (*id.* Ex. C).

### C. LTI Demands Production of the Entire Facebook Source Code Before Even Reviewing the Source Code Modules it Requested

Almost immediately after selecting the source code modules it wished to review, but before bothering to actually review them, LTI wrote to Judge Stark renewing its request for materials from unrelated litigations and technical documents. *See Letter to The Honorable Leonard P. Stark from Philip A. Rovner regarding Discovery Issues*, D.I. 65. Recognizing the logic of the staged discovery process ordered by this Court, Judge Stark denied LTI's requests as premature. *See Official Transcript of Teleconference held on 07-14-09 before Judge Leonard P. Stark*, D.I. 77 at 33:15-21. Judge Stark stated that he wanted "to let the situation in place play out," and agreed with Facebook that a review of the produced source code should precede any decision on LTI's request for technical documents. *Id.* at 33:22-23. Judge Stark told the parties that if additional disputes arose following LTI's review of the Facebook source code, he would entertain a single letter filed jointly by both parties outlining each party's position, to be filed no

later than July 23. *Id.* at 34:9:16.

### D.      LTI's Perfunctory Review of Facebook Source Code

On July 16, LTI's counsel and expert appeared to review the source code that had been made available by Facebook on July 10. Clark Decl., ¶ 5. LTI's expert and counsel spent about six hours reviewing the code. *Id.* LTI has since refused to supplement its infringement contentions or identify any accused instrumentalities following that July 16 review.

### E.      Subsequent Meet-and-Confer Efforts Between the Parties

It became immediately clear after the source code review that LTI did not find anything to substantiate its infringement theories, and thus was desperate to gain access to the entire Facebook source code in the hopes of salvaging its claim. During the parties' meet-and-confer conference on July 21, LTI once again demanded the entirety of Facebook's source code and all accompanying "technical documents." LTI did not explain why it needed the entire source code and initially refused to identify any specific additional portions of the Facebook code it needed for its review. Clark Decl., ¶ 6. After counsel for Facebook repeatedly pressed LTI to identify the specific additional portions of source code LTI needed, LTI eventually admitted that there were 26 source code files that it wanted to review. *Id.*, ¶ 6; Ex. D at 2. Facebook promptly collected those files and made them available for LTI's review by the following day. *Id.*, Ex. D at 1. Facebook also asked LTI whether it could supplement its infringement contentions based on its July 16 source code review. LTI refused to answer that question. *Id.* ¶ 7.

The parties participated in a second meet and confer conference on July 22. Facebook offered to produce a hierarchical list of all of Facebook's source code files (which Facebook has since produced) in order to assuage LTI's stated concerns about detail in the module list, and suggested that LTI review the additional source code files it requested to determine if they provided what LTI needed. LTI again said it would accept nothing less than the production of the entire source code and all "technical documents." Clark Decl., ¶ 7. LTI further indicated that it would not review the additional source code files it requested, which Facebook had

4

promptly made available. *Id.* To date, LTI has not reviewed any of those files. *Id.*

### F. The Parties' Simultaneous Letter Briefs to Magistrate Judge Stark

LTI indicated during the July 21 and 22 conferences that it intended to file a letter brief with Magistrate Judge Stark demanding production of the entire Facebook source code and technical documents. Facebook reminded LTI that, pursuant to Judge Stark's order, the parties were required to file a single joint letter brief not to exceed five pages by July 23 (*see* July 14, 2009 Tr. at 34:9:16). LTI refused to participate in the preparation of a joint letter, told Facebook that LTI was filing its own separate letter brief and that it would not let Facebook see that letter before it was filed. *See* Clark Decl. ¶ 8. Accordingly, Facebook was forced to file its own separate letter brief simultaneously with LTI's letter on July 23 and accordingly was deprived of any meaningful opportunity to review and respond to LTI's detailed positions.[1]

### G. LTI's Meritless Arguments for Production of the Entire Source Code

LTI's letter brief relied almost entirely on the accompanying declaration of its retained expert, Mr. Giovanni Vigna.



---

[1] Facebook filed quick, simple response to LTI's letter on July 24, 2009, but due to time and page contraints and LTI's refusal to disclose its positions, Facebook did not have time to consult with its expert or provide a detailed written response.

[2]

The gravamen of Mr. Vigna's argument was that certain portions of the Facebook source code refer to other portions of the code that were not included in the subset of files originally selected by LTI. *See* Vigna Decl., ¶¶ 6-8.

As explained in the Declaration of Stephen Gray, filed herewith, Mr. Vigna has provided no coherent explanation of the need for LTI to review the entire Facebook source code.

### H. LTI's Unreasonable Demand for All Facebook Technical Documents

LTI has also again demanded essentially every "technical document" in Facebook's possession. Paragraph two of the July 28 Order provides that "Leader shall provide Facebook with a list of the source code 'modules' with respect to which it seeks production of technical documents no later than August 7, 2009 [and] Facebook shall provide Leader with all such relevant technical documents no later than August 14, 2009." D.I. 78 at 1. Facebook previously produced its hierarchical source code file listing on July 31, 2009. Clark Decl., ¶ 9, Ex. E. On August 7, 2009, LTI made its request for technical documents. *Id.*, ¶ 10; Ex. F. However, LTI made an opportunistic about-face on its definition of "module" and now demands production of "technical documents" not for specifically identified files, but for all documents related to all

files ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* The request effectively sweeps up "technical documents" related to 99.99 percent of Facebook's source code.[3] *Id.* Such a result is unreasonable under both this Court's May 28 Order and the July 28 Order.

## IV. ARGUMENT

Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge issues an order in a non-dispositive pretrial matter, such as a discovery dispute, a party may serve and file objections to the order within 10 days after service. *See* Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Paragraphs 2 and 3 of Judge Stark's Order are clearly erroneous and contrary to law because they contradict the letter and the spirit of this Court's May 28 Order. By requiring production of the entire source code for the Facebook website, without any showing of relevance and without any supplementation to LTI's infringement contentions, the order essentially invites the very kind of fishing expedition that the procedures adopted by this Court were intended to avoid. The order should also be set aside because it relied upon clearly erroneous facts.

### A. Judge Stark's Order Is Contrary to Law.

Magistrate Judge Stark's order sanctions precisely the "full bore" discovery into Facebook's source code to which, this Court held, LTI was not entitled without some further showing of relevance. *See* D.I. 72 at 23, ll. 5-7. Nothing has changed since the Court made this determination; LTI has not produced supplemental infringement contentions, nor has it otherwise told Facebook which aspects of the website are at issue. LTI's tired refrain that "it's the whole site and we can't point to anything" is not an excuse to allow extensive discovery into highly confidential and valuable materials without any showing of relevance, and in contravention of this Court's order of May 28. The fact that LTI cannot supplement its contentions, after having

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

reviewed a substantial portion of Facebook's source code, demonstrates that LTI does not know what it is looking for and is simply hoping that, with access to all of Facebook's source code, it can conjure a coherent infringement theory.

This one-sided discovery is precisely what LTI has sought all along. LTI has not participated in this Court's staged discovery process in good faith, as each action it has taken evidences a disdain for this Court's procedure. As explained in Part III, C above, just before LTI was scheduled to review the source code it had selected, it sought to end-run this Court's May 28 Order by petitioning Judge Stark to compel Facebook's production of all technical and litigation documents – requests already denied by this Court. Then again, on July 23, LTI refused to review either the additional source code files it requested, or the full list of Facebook's source code files, before submitting its letter brief to Judge Stark demanding all of Facebook's source code. This pattern of impatience and all-or-nothing demands reveals that LTI lacks any cognizable infringement theory and seeks to compel production of Facebook's entire source code in hopes of finding something to support its case.

### B. Judge Stark's Order is Clearly Erroneous.

LTI has presented no principled basis for abandoning this Court's staged procedure other than "inconvenience" and its notion based on only a cursory review that ███████████████████████████████████████████████████████████████████████████████████████████████ Facebook has shown that it is willing to engage in the staged discovery process by promptly producing additional files that LTI requests. There is no need or reason to abandon this Court's May 28 Order in favor of a wholesale dump of Facebook's entire source code.

Magistrate Judge Stark's order was based on the clearly erroneous finding, derived entirely from an expert declaration that was never shown to Facebook in advance and to which Facebook had no opportunity to meaningfully respond, that LTI needed the entirety of Facebook's source code to conduct its review. LTI presented the issues to Judge Stark in a way did not reveal all the pertinent facts. But as explained in the Declaration of Stephen Gray, filed concurrently herewith, many of the statements in Mr. Vigna's declaration are either flatly incorrect or unsupportable, and in any event, do not justify the need for the entirety of Facebook's source code or technical documents. Gray Decl. ¶¶ 5-11.

## V.   CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court set aside paragraphs 2 and 3 of Magistrate Judge Stark's July 28 Order, denying LTI's request for Facebook's entire source code repository and associated technical documents, and return the parties' to the Court's ordered, iterative discovery process.

Dated: August 10, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306

By:   /s/Steven L. Caponi

Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE  19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*