IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation<br><br>      Plaintiff and Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation<br><br>      Defendant and Counterclaimant. | CIVIL ACTION<br><br>NO. 1:08-cv-00862-JJF<br><br>FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER |

### DECLARATION OF CRAIG W. CLARK IN SUPPORT OF DEFENDANT'S OBJECTIONS TO JULY 28, 2009 ORDER OF MAGISTRATE JUDGE STARK

Dated: August 10, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Craig W. Clark (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Thomas P. Preston (DE Bar #2548)
Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

I, Craig W. Clark, declare:

1. I am an attorney with White & Case LLP, counsel of record in this action for defendant Facebook, Inc. ("Facebook"). I have personal knowledge of the facts contained within this declaration and, if called as a witness, could testify competently to the matters contained herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of a letter dated June 19, 2009 sent to Rowena Young, counsel for plaintiff Leader Technologies, Inc. ("LTI"). ███████████████████████████████████████████████████████████████

3. Attached hereto as **Exhibit B** is a true and correct copy of a letter dated June 26, 2009 received by me from Paul Andre, counsel for LTI, ████████████████████████████████████████

4. Attached hereto as **Exhibit C** is a true and correct copy of a letter dated July 6, 2009 from Heidi Keefe, counsel for Facebook, to Mr. Andre advising ████████████████████████████████████████████████████████████████

5. On July 16, 2009 at approximately 9:00 a.m. PDT, I met James Hannah, counsel for LTI, and Giovanni Vigna, consultant for LTI, at the Palo Alto, California offices of White & Case LLP. I directed Messrs. Hannah and Vigna to a conference room housing a stand alone computer ████████████████████████████████████████████████████████████████

6. On July 21, 2009, I participated in a conference of counsel with Mr. Hannah and Ms. Young to discuss LTI's July 16 source code inspection. Mr. Hannah said that LTI required access to the entirety of Facebook's source code and would ask Judge Stark to order the production of the entirety of that code and all related "technical documents." Counsel for LTI refused to explain why it required such access and initially refused to provide any identification

1

of specific files or technical documents that LTI wished to review saying that they would only be identified in papers LTI planned to file with the Court on July 23, 2009. When repeatedly pressed, counsel for LTI eventually agreed to provide that identification to Facebook before filing papers with the Court, but that LTI would not be satisfied with anything less than production of the entirety of Facebook's source code and all related "technical documents." Attached hereto as **Exhibit D** is a true and correct copy of an email received by me from Mr. Hannah dated July 21, 2009 and my July 22, 2009 response to that email.



7. On July 22, 2009 I participated in a second conference of counsel with Mr. Hannah and Ms. Young regarding the July 16, 2009 source code inspection. During that conference, LTI has not served supplemental infringement contentions on Facebook and, when asked during the above conferences whether LTI could supplement its infringement contentions based on its July 16 source code inspection, Mr. Hannah and Ms. Young refused to answer.

8. During both the July 21 and July 22 conferences referenced above, I explained that Judge Stark had ordered the parties to submit a joint, five-page letter by July 23, 2009

outlining any disputes not resolved following the source code inspection. I asked LTI's counsel when Facebook could expect a draft of LTI's portion of the joint letter. Counsel said that LTI would not participate in filing a joint letter, would submit its own letter to Judge Stark, and would not provide Facebook with a copy of LTI's letter brief prior to filing it with the Court.

9. Attached hereto as **Exhibit E** is a true and correct copy of a letter dated July 31, 2009 sent to Ms. Young ███████████████████████████████████████

10. Attached hereto as **Exhibit F** is a true and correct copy of a letter I received from Mr. Hannah dated August 7, 2009 requesting production of "technical documents" ███████████████████████████████████████

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 10, 2009 in Palo Alto, California.

_____
Craig Clark

3

PALOALTO 99960 (2K)