

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140    Direct Phone
(302) 658-1192    Fax

August 18, 2009

**BY E-FILE**

The Honorable Leonard P. Stark
Magistrate Judge
U.S. District Court for the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801-3556

      Re:    Leader Technologies, Inc. v. Facebook, Inc.,
              C. A. No. 08-862-JJF(LPS)

Dear Judge Stark:

     Facebook's goal from the very beginning of this case has been to stymie the discovery process. Now, with less than 3 months until the end of fact discovery, Facebook again asks this Court to delay the production of its source code and technical documents. Because Facebook cannot satisfy any of the requirements for a motion to stay, Facebook's request to stay execution of the Court's July 28th Order Regarding Ongoing Discovery Disputes ("Discovery Order") should be denied.

**Legal Standard for Granting a Motion to Stay**

     A motion[1] to stay requires the moving party to "prove, by clear and satisfactory evidence, that (a) it is likely to prevail on the merits of its appeal; (b) it will suffer irreparable injury absent a stay; (c) a stay will not cause substantial harm to other interested parties; and (d) a stay will not harm the public interest." *In re Touch America Holdings, Inc.*, et al., 2009 WL 453107 (D.Del. 2009) (citation omitted). In reaching a decision on a motion to stay, "courts rarely exercise their discretion in favor of a moving party who has failed to demonstrate a likelihood of success on the merits or irreparable harm." *Id.* As discussed below, Facebook has failed to meet the requirements for a motion to stay to be granted and, as a result, its request should be denied.

     For Facebook to prevail on its Objection to the Court's Order, Facebook must demonstrate that the Court's Discovery Order is contrary to the law and clearly erroneous. *United States v. United States Gypsum Co.*, et. al., 333 U.S. 364, 395 (1948). Facebook is not likely to prevail on the merits because (1) Facebook failed to cite any case law that is contrary to the Discovery Order and (2) Facebook has failed to prove that the Discovery Order is clearly

---

[1] For convenience, Leader refers to Facebook's request for a stay as a motion. By referring to Facebook's request as a motion, Leader does not concede that Facebook has satisfied the formal motion requirements.

erroneous.[2] As such, Facebook is not likely to prevail on its objection and its request to stay should be denied.

In fact, the Discovery Order is consistent with the case law and reasonable in light of the dispute presented to the Court. That dispute included Facebook's failure to provide a hierarchical map, technical documents and its entire source code repository, as it was originally ordered to do and then refuse to provide further information regarding its source code when requested. Facebook had every opportunity to rebut and respond to Leader's arguments before the Court in connection with this unresolvable discovery issue. Moreover, Facebook specifically reserved the right to respond to Leader's letter and chose not to do so. Upon reviewing the materials submitted by the parties, this Court set forth a reasonable timetable for Facebook to produce its technical documents and source code, and for Leader to supplement its infringement contentions, addressing both parties' issues. Given the circumstances, and the reasonableness of the Court's Discovery Order, Facebook is not likely to prevail on the merits of its Objection to the Court's Discovery Order. Because it is not likely that the Discovery Order will be overturned, Facebook's request for stay should be denied.

Moreover, Facebook's Objection to the Discovery Order is prejudicial, causes undue burden and expense, and does not comport with the local rules of Delaware. Facebook waited until the last moment to raise an objection to the Discovery Order. In fact, its objection came *after* Facebook had already begun to comply with portions of the Order. It was only once it was time for Facebook to produce its technical documents that Facebook served, without ever meeting and conferring with Leader, its Objection to the Discovery Order. By waiting until the last minute to serve its Objection to the Discovery Order and by failing to meet and confer with Leader regarding its issues with the Order, Facebook effectively delayed the discovery process further, prejudicing Leader's ability to obtain discovery in this case. Indeed, the entire purpose of having discovery disputes addressed by this Court was to reduce the parties' expense and avoid delays in discovery that Facebook telegraphed it would present in the case as early as the first scheduling conference before Judge Farnan.

Now, consistent with its previous conduct of delaying discovery, Facebook has attempted to find ways to utilize this discovery process to delay the inevitable discovery obligations it will be required to comply with in this case. Facebook's strategy is improper and has prejudiced Leader's ability to obtain and review discovery in a timely manner. It also has caused undue burden and expense to Leader. For example, because Facebook appeared to be complying with the Discovery Order and failed to meet and confer with Leader about the Objections it intended to file with Judge Farnan, Leader made non-refundable travel arrangements for its expert to review Facebook's source code on August 21, 2009. Facebook should not be permitted to implement a stay on relevant discovery in this case, only to have Leader bear the unnecessary and non-refundable expense of its expert's travel arrangements. Moreover, because Facebook failed to meet and confer with Leader regarding its objections before filing them, Facebook has failed to comply with Delaware Local Rule 7.1.1. For these reasons, it is likely that Facebook's Objection to the Discovery Order will be dismissed on procedural grounds. As a result, Facebook's motion to stay should be denied.

**Facebook Will Not Suffer Irreparable Injury Absent a Stay**

Through a negotiated Protective Order, the parties have agreed to stringent restrictions in order to protect Facebook's source code and technical documents. *See* D.I. 35. With regard to Facebook's source code, it can only be reviewed on a stand-alone computer at the office of Facebook's counsel and cannot be printed. With regard to Facebook's technical documents, if

---

[2] Leader will be filing its opposition to Facebook's objections shortly.

designated as "Highly Confidential," they can only be reviewed by counsel and experts who have signed on to the protective order. Therefore, Facebook will not suffer any injury, much less irreparable injury, if Facebook is required to fulfill its discovery obligations and produce its source code and technical documents, as ordered by the Court. Because Facebook will not suffer any injury following the Court's Discovery Order, Facebook's request to stay should be rejected.

### A Stay Will Cause Substantial Harm and Prejudice to Leader

Leader initially served its discovery requests on February 20, 2009. Six months later, Facebook has still failed to produce a single technical document in response to Leader's discovery requests. With fact discovery set to close on November 20, 2009, any further delay in the production of Facebook's source code and technical documents will adversely affect and severely prejudice Leader's ability to prosecute its case in a timely manner. Any further delay, including the granting of a stay of the Court's Discovery Order, will cause Leader to suffer substantial harm, and will unnecessarily waste the resources of the parties as well as the Court.

### Proposal for New Schedule

In an effort to comprise, and because the date for Facebook to produce technical documents has already passed, Leader proposes an amendment to the Court's production timetable in an attempt to get discovery back on schedule. Specifically, Leader proposes:

> Facebook shall produce its entire source code, for Leader's review, subject to the procedures set forth in the Protective Order (D.I. 35), no later than August 21, 2009.
>
> Leader shall provide Facebook with a list of the source code modules with respect to which it seeks production of technical document no later than August 28, 2009.
>
> Facebook shall provide Leader with all such relevant technical documents no later than September 4, 2009.
>
> Leader shall promptly complete its review of Facebook's source code and technical documents and, based on such review, provide supplemental contention interrogatories to Facebook no later than September 25, 2009.

This proposed schedule allows Leader to review Facebook's source code on the original date set forth in the Court's Discovery Order preventing unnecessary costs associated with having to change the travel plans of Leader's expert, Dr. Vigna. The amended schedule also alleviates Facebook's purported concern that it is required to produce all of its technical documents because Leader will identify the specific files with which it seeks the production of related technical documents after it reviews Facebook's source code. It also extends the date for which Facebook will receive supplemental contention interrogatory responses by only one week. Thus, in the event that the Court does not deny Facebook's request outright, Leader respectfully requests that the parties be ordered to follow the above proposed schedule.

Respectfully,

/s/ *Philip A. Rovner*

Philip A. Rovner (#3215)
provner@potteranderson.com

PAR /929722

cc: Steven L. Caponi, Esq. – By E-File and E-mail
    Heidi L. Keefe, Esq. – By –E-mail
    Paul J. Andre, Esq. – By E-mail