

**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:*   *(302) 425-6478*
*Fax:*     *(302) 428-6464*
*Email:*   *Preston-t@Blankrome.com*

August 19, 2009

**BY HAND & ELECTRONIC FILING**

The Hon. Leonard P. Stark
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

      Re:    *Leader Technologies, Inc. v. Facebook, Inc.*, C.A. No. 08-862-JJF

Dear Judge Stark:

    Without the brief stay requested, Facebook will be deprived of any review of or remedy for full disclosure of its critical assets, most of which have no demonstrated relevance to this case. By contrast, plaintiff will suffer no prejudice from a short delay allowing Judge Farnan to determine whether the prescribed source code inspection procedure he established on May 28, 2009 should be abandoned.

    Facebook's position, despite LTI's assertions to the contrary, has been unwavering in this case: Facebook is willing to, and has produced, source code when LTI's requests have been reasonable and narrowly tailored. To date, Facebook has promptly made available to LTI the specific segments of source code that LTI has requested. LTI has not even reviewed all of the source code that has been made available, and yet claims that it can not be satisfied with anything other than every scrap of code and every "technical document." This pretense was rejected by Judge Farnan after two hearings, and once by your Honor. If LTI were truly as prejudiced as it now claims to be, it would at least be reviewing the source code that has been made available, not complaining that it needs more before even reviewing what it has requested.

**Facebook Will Be Denied Meaningful Review of the July 28 Order Without a Stay**

    Facebook is entitled to review of the July 28 Order before production of the entirety of its source code and technical documents. Facebook timely filed and served its written objections under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) on August 10, 2009 (D.I. 82). As explained in its objections, Facebook respectfully contends that the July 28 Order is contrary to Judge Farnan's order, which limited plaintiff to the narrow subsets of Facebook's source code



files that were necessary to craft supplemental infringement contentions. Facebook has been faithful to that process, but LTI has not, instead repeating its mantra that nothing but everything is enough. Facebook believes that plaintiff's tactics—specifically plaintiff's refusal to meet and confer in good faith, refusal to submit a joint letter to the Court on July 23, 2009 and muddying of the term "source code module"—resulted in the erroneous July 28 Order to which Facebook has objected.[1]

If Facebook's objections are sustained only after disclosure of these critical assets, Facebook will have no recourse. The bell will have rung and no remedy will be available to Facebook. Judge Farnan should be allowed to rule on Facebook's objections before the narrower source code production system he established is abandoned.

**Plaintiff Will Suffer No Prejudice From a Brief Stay Pending Resolution of the Objections**

Plaintiff's attempts to characterize the objections as a motion to stay the entire case should be squarely rejected. The case cited by plaintiff, *In re Touch America Holdings, Inc.*, 2009 WL 453107 (D. Del. 2009) dealt with an emergency motion to stay the entirety of bankruptcy proceedings pending appeal of a final order, not a request under Rule 72 to temporarily stay a magistrate judge's interlocutory discovery order pending review by a district judge. However, even under plaintiff's erroneous standard, the stay should be granted because LTI will suffer no prejudice.

Plaintiff's behavior demonstrates that it will suffer no prejudice from a brief stay of the July 28 Order. In fact, the specific source code files that plaintiff requested on July 22, 2009 have been, and remain, available for inspection. Plaintiff has not made any attempt to review these supposedly critical materials, which have been available for nearly one month.

The Court will recall that plaintiff identified a handful of source files that it claimed were not available during its July 16, 2009 source code inspection. *See Declaration of Giovanni Vigna*, D.I. 74 at ¶¶ 7, 8. Yet, Facebook made those files available on July 23, less than 24 hours after plaintiff's request and, to date, plaintiff has not reviewed these files to determine if they indeed lead to additional dependencies beyond the two used to argue that access to the entirety of

---

1. Plaintiff's claims that Facebook violated meet and confer obligations should be ignored. Facebook filed objections, not a motion, and Local Rule 7.1.1's meet and confer requirements do not apply. *See* April 7, 2008 Standing Order in Non-Pro Se Matters for Objections filed under Federal Rule of Civil Procedure 72.



Facebook's source code was required. *Id.* How can plaintiff claim delay and prejudice when these allegedly important files have been ignored for nearly one month? How can it make these claims when it has only spent six hours with the code Facebook has already made available?

As to the technical documents, plaintiff represented to this Court on July 23, 2009 that it would seek documents related to specific source code files identified in Facebook's source code hierarchy produced on July 31, 2009. Rather than do that, plaintiff changed its position and demanded that Facebook produce 99.99 percent of all such documents in less than one week. Plaintiff's refusal to abide by the July 28 order has caused the only delay here, a point plaintiff tacitly admits by proposing a modified schedule wherein it provides a new set of demands for technical documents before any production.

Plaintiff's only other claim of prejudice is an alleged non-refundable airline ticket for a 30 minute flight from the Los Angeles area to the San Francisco Bay Area. Plaintiff knew that any source code produced would be hosted in Northern California offices of the parties' respective counsel; it proposed this arrangement in its initial draft Stipulated Protective Order. Any claim of prejudice based on its selection of a Southern California-based expert should be ignored. Moreover, as of August 18, 2009, the cost of round trip-travel between the Los Angeles area and the San Francisco Bay Area was approximately $140.

All told, plaintiff loses nothing with a stay pending Judge Farnan's decision to either reinstate or abandon the measured process he ordered on May 28, 2009. By contrast, Facebook stands to have its Rule 72 right to review completely vitiated. Accordingly, Facebook respectfully requests that the Court postpone production of technical documents and the entirety of Facebook's source code until Judge Farnan rules on Facebook's objections.

Respectfully submitted,

Thomas P. Preston (I.D. 2548)
Steven L. Caponi (I.D. No. 3484)

TPP:pfc

cc: Philip A. Rovner, Esquire – via e-service
    Paul J. Andre, Esquire – via e-service
    Lisa Kobialka, Esquire – via e-service