# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant-Counterclaimant | ) <br> ) <br> ) Civil Action No. 08-862-JJF/LPS <br> ) <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## LEADER TECHNOLOGIES, INC.'S RESPONSE IN OPPOSITION TO FACEBOOK INC.'S OBJECTIONS TO THE JULY 28, 2009 ORDER OF MAGISTRATE JUDGE STARK

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

Dated: August 21, 2009
Public Version: August 28, 2009

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

# TABLE OF CONTENTS

                                                                                                    Page

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........................... 1

II.   SUMMARY OF ARGUMENT ................................................................................. 1

III.  STATEMENT OF FACTS ........................................................................................ 2

IV.  ARGUMENT ............................................................................................................ 5

      A.    Magistrate Judge Stark's Order is Not Clearly Erroneous ........................... 5

      B.    Magistrate Judge Stark's Order is Not Contrary to Law. ............................ 8

V.   CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*United States v. United States Gypsum Co.*,
   333 U.S. 364 (1948)..................................................................................................5

**STATUTES AND RULES**

28 U.S.C. §636(b)(1)(A).................................................................................................1, 8

Del. L.R. 7.1.1.......................................................................................................................4

Fed. R. Civ. P. 72(a) .......................................................................................................1, 8

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Leader Technologies, Inc. ("Leader") filed this action on November 19, 2008 against Facebook, Inc. ("Facebook") for infringing U.S. Patent No. 7,139,761. Discovery is set to close on November 20, 2009. D.I. 76. Leader served its first set of discovery requests on February 20, 2009 and 6 months later, is still diligently seeking to have Facebook comply with its discovery obligations in connection with such requests. The *Markman* hearing is set for January 20, 2010 and trial is set for June 28, 2010. D.I. 76.

## II. SUMMARY OF ARGUMENT

This Court assigned discovery disputes to Magistrate Judge Stark on May 28, 2009 in an effort to streamline discovery disputes and reduce costs. Facebook has abused the process to continue to protract discovery and increase costs. This is apparent as Magistrate Judge Stark's Order ("Order") is not clearly erroneous or contrary to law. 28 U.S.C. §636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). This Order was based on the facts fairly presented by both parties and reflects the need to progress discovery from both a time and cost perspective.

Despite Facebook's verbose objections, factual mischaracterizations, and conclusory statements, Facebook fails to cite a single law or rule in conflict with the Order. Contrary to Facebook's claims, Magistrate Judge Stark has followed this Court's guidelines for addressing the parties' respective concerns regarding production of Facebook's source code and technical documents. Ultimately, the Order is based on the facts, evidence, and arguments presented by both parties, each of whom had an equal opportunity to present them to Magistrate Judge Stark. Facebook failed to rebut Leader's proof that continuing the piecemeal, selective production of Facebook's source code would only incur needless expense and waste the parties' and Court's time and resources. Requiring Leader to request software modules in an iterative process and

1

continue to return to the Court to contest Facebook's ongoing refusal to produce source code and technical documents will take months, particularly because Facebook's source code is such that nearly all of it is necessary to understand its functionality. Discovery is set to close in three months and Facebook has failed to produce a single technical document. The unnecessary burden, delay, and expense Leader has experienced thus far will continue if Facebook's objections are granted, further undermining the intent of the streamlined discovery process ordered by this Court. *Id.* Accordingly, Magistrate Judge Stark's Order is appropriate and Leader respectfully requests that the Court overrule Facebook's objections and affirm the Order.

## III. STATEMENT OF FACTS

This Court ordered Facebook to produce a list of source code modules from which Leader could identify, on a preliminary basis, potentially relevant source code modules.[1] D.I. 72 at 14:22-24; 22:4-9. Facebook produced a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ D.I. 74, Ex. 1. While this listing of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Leader in an attempt to move discovery forward, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[2] *Declaration of Rowena Young in Support of Leader's Response in Opposition to Facebook's Objections to July 28, 2009 Order of Magistrate Judge Stark* ("Young Decl."), ¶ 2, Ex. 1. The deficiencies with the List included the ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ D.I. 74, Ex. A ¶ 6.

---

[1] At the same time, the Court assigned the resolution of discovery disputes to Magistrate Judge Stark. D.I. 59; D.I. 72 at 38:9-24; 39:1-6.
[2] A module is an independent piece of code which forms a part of a larger program. In terms of source code, typically, each individual file is considered a separate module.

2

Leader confirmed during the July 16th source code review that the List was not a list of modules as this Court required, but a ████████████████████████████████████████
████████ *Id.* at 3. ████████████████████████████████████████████████
████████████████████████████[3] *Id.*, Ex. A ¶ 8. ████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *Id.* at 4.

During the July 16th source code review, Leader learned that Facebook uses the ████
████████████████████████████████████████ D.I. 74, Ex. A ¶ 6. ████████████
████████████████████████████████████████████████████████████████████
████████ *Id.* at ¶¶ 7-8. Dr. Vigna quickly and repeatedly ████████████████
████████████████████████████████████████████████████████████████████
████████ and was able to conclude that further review ██████████████████
████████████████████████████████████████ *Id.* at ¶¶ 5-9. Leader also discovered during the source code review ████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████ D.I. 74 at 1, 3; D.I. 72 at 11:9-19.

The parties conferred on July 21 and 22, 2009 regarding the source code issues and Facebook's refusal to produce technical documents. During the meet and confers, Leader made clear its position that a complete production of Facebook's source code would reduce the burden and expense to both parties and the Court. Facebook was aware at the conclusion of the meet and confer on July 22nd that Leader viewed the iterative process and Facebook's offer to

---



[3] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████

produce ▓▓▓▓▓▓▓▓▓▓▓▓ the following day as simply a delay tactic and a waste of resources for both parties.

Facebook had an equal opportunity to address all of its concerns before Magistrate Judge Stark. Facebook specifically reserved the right to respond to Leader's letter brief and chose not to do so. Therefore, upon reviewing the salient facts and parties' arguments, Magistrate Judge Stark issued the Order, resolving the parties' discovery concerns with a reasonable timetable for Facebook to produce its source code and technical documents, and for Leader to supplement its infringement contentions. Based on Magistrate Judge Stark's oral instruction in briefing this dispute, Leader understood that the parties were to file separate letter briefs. When such briefing was due, Leader did not have the benefit of the July 14, 2009 hearing transcript, which was not available until the day after the briefs were filed. *See* D.I. 77. There can be no reasonable dispute that Leader articulated with great detail the problems it encountered when inspecting Facebook's source code leading up to the briefing before Magistrate Stark through numerous meet and confers, and correspondence. Young Decl., ¶ 3, Ex. 2.

Magistrate Judge Stark's July 28, 2009 Order required: (1) Facebook to produce a hierarchical map no later than July 31; (2) Leader to select "modules" from that map no later than August 7 and Facebook to produce the related technical documents for those modules no later than August 14; (3) Facebook to produce its entire source code no later than August 21; and (4) Leader to provide supplemental infringement contentions no later than September 18, 2009. D.I. 78. Facebook complied with No. 1 of the Order on July 31st. However, in an attempt to further delay discovery, it elected to wait until the last day, August 10th, to file its objections to Nos. 2 and 3 of the Order, and did so without meeting and conferring with Leader pursuant to D. Del. L.R. 7.1.1.

## IV. ARGUMENT

Magistrate Judge Stark's Order is completely appropriate in light of the facts and law. Devoid from Facebook's objections is any substantive legal argument that Magistrate Judge Stark's Order was clearly erroneous or contrary to law. Instead, Facebook is attempting to reargue the facts already presented to Magistrate Judge Stark and have this Court override Magistrate Judge Stark's analysis, ultimately negating the advantage of having Magistrate Judge Stark handle discovery disputes in an expedited manner. Facebook should not be permitted to have a "mulligan." Any further delay in meaningful discovery will severely prejudice Leader, who has yet to receive a single technical document from Facebook, including any non-confidential technical documents.

### A. Magistrate Judge Stark's Order is Not Clearly Erroneous.

An order is clearly erroneous only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Facebook's attempt to create a new standard of review for clearly erroneous by shifting the burden to Leader to demonstrate reasonableness of Magistrate Judge Stark's Order has no legal basis. *See Facebook's Objections to July 28, 2009 Order of Magistrate Judge Stark ("Facebook's Objections")*, D.I. 82 at 8. Magistrate Judge Stark's Order was based upon all the facts, evidence and arguments before him. Facebook's feigned indignation regarding Dr. Vigna's declaration ignores the totality of the evidence before Magistrate Judge Stark regarding the parties' discovery disputes.

For example, Dr. Vigna's attempts to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Facebook attempts to downplay Dr. Vigna's failed efforts to trace functions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ as a mere "inconvenience." *Id.* However, it is more than a mere inconvenience

5

to bring an expert from out of town to examine █████████████████████████
████████████████████████ D.I. 74 at 2-3. Leader should not be forced to
undergo the same wasteful process of source code review, which is completely antithetical to this
Court's expressed intent to reduce the cost and burden of discovery.

Facebook is attempting to take a second bite of the apple with its objections. Indeed, it
presented a declaration of Mr. Gray, which does not change any of the facts presented to
Magistrate Judge Stark. As a preliminary matter, Mr. Gray misses the point that Dr. Vigna
selected items from Facebook's List ████████████████████████████
████████████████████████████████. *See Facebook's
Objections*, D.I. 82 at 5. Upon review, Dr. Vigna discovered that there was no way that he could
████████████████████████████████ D.I. 74, Ex. A, ¶¶ 6-8.
████████████████████████████████████
████████████████████████████████████
██████████████████████████████████ *Id.*
████████████████████████████████████
████████████████████████████████████
██████████ *Id.*
████████████████████████████████████
████████████████████████████ *See Declaration of Stephen Gray*,
D.I. 83, ¶ 8. ████████████████████████████
████████████████████████████████ D.I.
74, Ex. A, ¶ 7. ████████████████████████████
████████████████████████████████████

Young Decl., ¶ 3, Ex. 2.

Despite its deficient source code production, Facebook immediately returned to its mantra regarding supplementation of Leader's infringement contentions during the July 21st meet and confer. *See Facebook's Objections*, D.I. 82 at 4. Once again, Facebook attempts to equate this case with a patent infringement case in which the accused product is publicly available. *Id.* at 2. Facebook's Website is not a software program that can be purchased, downloaded, or readily reverse engineered. The publicly available information regarding the Facebook Website is the graphical user interface presented through an internet browser and the application programming interfaces (API) used to develop applications that plug-in to the Facebook Website software. Through comprehensive analysis of the publically available Facebook interface and APIs, Leader has more than a good faith basis for its infringement allegations; however the only method available to further define Leader's infringement contentions is the examination of the Facebook Website source code and related technical documents.

Leader has provided detailed infringement contentions and produced 99% of all non-privileged, relevant documents that it expects to produce in this case, but has received little in return. Young Decl., ¶ 5, Ex. 4. Facebook's protests of a "one-sided discovery" are disingenuous. *Facebook's Objections*, D.I. 82 at 8. Facebook has repeatedly manipulated the discovery process to delay and obstruct this case, and to avoid producing documents it is obligated to produce under the Federal Rules of Civil Procedure. It is imperative that Facebook be forced to meet its obligations in the discovery process at this late date because written discovery closes on November 20th and it is apparent that Facebook has no intention of

advancing discovery in this case. Magistrate Judge Stark abided with the Court's original intent and has "let the situation in place play out." D.I. 77 at 33:22-23. Now within the Court's discovery framework, Magistrate Judge Stark has decided that production of Facebook's technical documents and source code is appropriate to facilitate discovery.

### B. Magistrate Judge Stark's Order is Not Contrary to Law.

Facebook fails to state a single law to which Magistrate Judge Stark's Order is contrary under 28 U.S.C. §636(b)(1)(A) or Federal Rules of Civil Procedure 72(a). Facebook's attempt to characterize the progress of discovery to date as contrary to law is misplaced. Facebook's tireless refrain that it is being reasonable and only wishes to protect its "highly confidential and valuable materials" is not supported by any of its actions to date. Facebook's source code and technical documents are more than adequately protected under the Stipulated Protective Order negotiated by the parties.[4] *See* D.I. 34. Facebook's "reasonableness" thus far has only produced: (1) ▇▇▇▇▇▇▇▇▇▇▇▇ in response to Leader's motion regarding its discovery requests; (2) ▇▇▇▇▇▇▇▇▇▇ pursuant to court order; (3) ▇▇▇▇▇▇▇▇ pursuant to court order; and (4) ▇▇▇▇▇▇▇▇▇▇ pursuant to court order.[5] Young Decl., ¶ 4, Ex. 3. Facebook does not participate in the discovery process except when ordered by the Court or when attempting to create further delay. Leader has made every attempt to work with the limited information provided by Facebook and to work within the discovery process to resolve any issues. Leader's "impatience" is with Facebook's constant abuse of the discovery process to further delay the case as the close of fact discovery quickly approaches.

---

[4] The source code is provided in Facebook's counsel's office on a stand-alone computer under the control of Facebook's counsel. The source code cannot be printed or copied.
[5] In contrast, Leader has produced over 31,000 documents. Young Decl., ¶ 5, Ex. 4.

8

## V. CONCLUSION

For the reasons provide above, Leader respectfully requests the Court overrule Facebook's objections to Magistrate Judge Stark's July 28, 2009 Order and order Facebook to comply with the Order.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

Dated: August 21, 2009
Public Version: August 28, 2009

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on August 28, 2009, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM-ECF, E-MAIL AND FIRST CLASS MAIL**

>Thomas P. Preston, Esq.
>Steven L. Caponi, Esq.
>Blank Rome LLP
>1201 Market Street
>Wilmington, DE 19801
>Preston-T@blankrome.com
>caponi@blankrome.com

I hereby certify that on August 28, 2009 I have sent by E-mail and first class mail the foregoing document to the following non-registered participants:

>Heidi L. Keefe, Esq.
>Mark R. Weinstein, Esq.
>Craig W. Clark, Esq.
>Melissa H. Keyes, Esq.
>White & Case LLP
>3000 El Camino Real
>5 Palo Alto Square, 9th Floor
>Palo Alto, CA 94306
>hkeefe@whitecase.com; mweinstein@whitecase.com
>cclark@whitecase.com; mkeyes@whitecase.com

>/s/ Philip A. Rovner
>Philip A. Rovner (#3215)
>Potter Anderson & Corroon LLP
>Hercules Plaza
>P. O. Box 951
>Wilmington, DE 19899
>(302) 984-6000
>provner@potteranderson.com