

# Potter
# Anderson
# &Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140    Direct Phone
(302) 658-1192    Fax

September 2, 2009

**BY E-FILE**

The Honorable Leonard P. Stark
Magistrate Judge
U.S. District Court for the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801-3556

      Re:    Leader Technologies, Inc. v. Facebook, Inc.,
             C. A. No. 08-862-JJF(LPS)

Dear Judge Stark:

         Leader Technologies, Inc. ("Leader") comes before the Court to resolve a dispute between the parties regarding Judge Farnan's July 23, 2009 Rule 16 Scheduling Order (D.I. 76) ("Scheduling Order"). *See* Ex. 1, attached hereto. Leader respectfully requests the Court clarify the Scheduling Order with regards to when depositions may proceed and when fact discovery closes. This dispute arose after Leader served a deposition notice on Facebook under Rule 30(b)(6) of the F.R.C.P. ("30(b)(6) deposition") on July 29, 2009. D.I. 79; *see also* Ex. 2. Facebook refused to provide a witness or date for this deposition, taking the position that according to the Scheduling Order, no depositions could take place until after November 20, 2009. Since the same Scheduling Order lists the completion of fact discovery on November 20, 2009, Leader met and conferred with Facebook to determine what Facebook's position was regarding when fact discovery closed. Facebook confused the issues, taking a position different from that which it had in the past regarding when fact discovery closes, and not taking a position regarding when fact discovery actually closes. Leader has tried to work through this issue to no avail, which has resulted in Facebook setting the stage for further discovery disputes, as it is now asserting that the Federal Rules of Civil Procedure and the law only permits Leader to take a single 30(b)(6) deposition.[1] Leader does not want to wait until after November 21, 2009, only to find out that Facebook will take yet another position to delay deposition discovery.

---

[1] Facebook is taking the position that Leader "is entitled to a Rule 30(b)(6) deposition of Facebook limited to '1 day of 7 hours,'" citing Fed. R. Civ. P. 30(d)(1) and *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527 (N.D. Ill. 2005) (holding party not entitled to second or

The Scheduling Order states in relevant part:

> 4. Discovery.
>
> a. Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced *so as to be completed by November 20, 2009.*
>
> b. Maximum of 35 interrogatories, including contention interrogatories, for each side.
>
> c. No maximum of requests for admission by each side.
>
> d. Maximum of 10 depositions by plaintiff and 10 by defendant, excluding expert *and non-party* depositions. ***Depositions shall not commence until the discovery required by Paragraph 4(a), (b), and (c) is completed.***

*See* Ex. 1 (emphasis added). While Facebook's current position is that only written discovery must be completed by November 20, 2009, and depositions can only take place after November 20, this is contrary to Facebook's suggestion to Judge Farnan regarding the close of all fact discovery. In a March 31, 2009 scheduling conference, Judge Farnan accepted Facebook's suggestion to close all fact discovery in November 2009.

> THE COURT: We're going to trial in June 2010.
>
> When are we going to have cutoff of factual discovery?
>
> I've seen what you proposed. I'm going through the exercise here. ***When are we cutting off factual discovery?***
>
> ...
>
> MR. CAPONI: *Like November.* Unless it narrows, we're getting a lot of third party discovery.
>
> THE COURT: ***We'll make it November. To address that issue, discovery will cutoff -- pick a date in November 2009.*** And when we will have the need after that fact discovery for an [sic] a Markman hearing? Probably in December or January.
>
> MR. CAPONI: Yes, your honor.

*See* Ex. 3, 4:19-5:15 (emphasis added). Despite Leader pointing out the inconsistencies with Facebook's positions, Facebook has remained steadfast that depositions can only begin after November 20, 2009 and will not discuss when fact discovery needs to be completed. *See* Exs. 4-6.

---

extended Rule 30(b)(6) deposition). Wholly apart from the fact that the law that Facebook cites to does not support its position, Facebook has stated that "[t]o the extent LTI is successful in compelling Facebook's early deposition, modifying the Scheduling Order or obtaining leave to serve a deposition notice prior to the set time, Facebook will provide a designee on a single day for seven hours and will resist any efforts by LTI to obtain an additional, or extended, Rule 30(b)(6) deposition of Facebook later in the case." *See* Ex. 2.

It appears that the final sentence of Paragraph 4(d) of the Scheduling Order, which states "[d]epositions shall not commence until the discovery required by Paragraph 4(a), (b), and (c) is completed" is a vestigial remnant from the earlier April 6, 2009 draft of the Proposed Scheduling Order. D.I. 30. In light of the statements made by counsel and the Court during the March 31 scheduling conference, it is clear that the language in the Scheduling Order was not intended to leave the fact discovery cut off open ended or permit Facebook to further delay Leader's efforts to keep discovery moving forward. While Facebook claims depositions should not proceed until written discovery is completed, Facebook has, at the same time, delayed written discovery as much as possible by not producing its technical documents, refusing to provide written discovery.

To ensure that Facebook cannot create any further discovery delays that will prejudice Leader, Leader respectfully requests that the Court clarify the Scheduling Order as, allowing depositions to take place immediately, and setting the end of all fact discovery for November 20, 2009.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)
provner@potteranderson.com

PAR /mes/931498
cc: Steven L. Caponi, Esq. – By E-File and E-mail
    Heidi L. Keefe, Esq. – By –E-mail
    Paul J. Andre, Esq. – By E-mail