

Phone:   (302) 425-6408
Fax:     (302) 428-6464
Email:   caponi@Blankrome.com

September 3, 2009

**BY HAND & ELECTRONIC FILING**

The Hon. Leonard P. Stark
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

    Re:   *Leader Technologies, Inc. v. Facebook, Inc.*, C.A. No. 08-862-JJF

Dear Judge Stark:

    Facebook respectfully submits this letter in response to the letter submitted by Plaintiff Leader Technologies, Inc. ("Leader") on September 2, 2009 seeking to alter the Scheduling Order.

    In its letter, Leader suggests there is a "discovery dispute" regarding the Scheduling Order governing this matter and requests that Your Honor "clarify" a "vestigial remnant" in the Scheduling Order so that Leader may proceed to conduct deposition discovery. Leader's characterization of the issue, the position taken by Facebook and interpretation of the Scheduling Order are wrong.

    As an initial matter, Leader is not seeking to resolve a discovery dispute. Rather, Leader wishes to modify the Scheduling Order so that it may conduct an untimely Rule 30(b)(6) deposition. To suggest otherwise and to argue that Facebook is taking an unsupportable "position to delay discovery" is, at best, disingenuous. As noted by Leader, the unambiguous provisions of Paragraph 4 of the Scheduling Order clearly state that deposition discovery may not commence until after the close of written discovery on November 20, 2009. Nevertheless, Leader issued a deposition notice under Rule 30(b)(6) on July 29, 2009. Unable to articulate a legitimate basis for modifying a standing Order, Leader improperly accuses Facebook of acting in bad faith. In fact, Facebook has, as it is required to do, abided by the terms of this Court's Order and pointed out to Leader that its conduct would violate that Order.



September 3, 2009
Page 2

Similarly, Leaders' effort to characterize the provision at issue as a "vestigial remnant" does not comport with the facts. Counsel who regularly appear before Judge Farnan know that he has adopted two "form" Rule 16 Scheduling Orders, one for "Patent" cases and one for "Non-Patent" cases. Drafts of these orders can be accessed on the District Court's web-side under the section designated as the "Chambers of the Honorable Joseph J. Farnan, Jr." (Exhibit "A"). Relying upon his many years of experience overseeing patent matters, Judge Farnan adopted the practice of precluding depositions until after the close of written discovery. This practice was eventually codified in the form Rule 16 Scheduling Order at Paragraph 4(d). Far from an oversight or evolutionary remnant left over from an earlier draft, this provision was deliberately included in the Scheduling Order by Judge Farnan, as is done in all patent cases. Judge Farnan has noted that this provision is intended to avoid premature depositions from being taken early in a case, only to be re-noticed a second time after the parties have completed written discovery and formulated their legal theories.

Leader's argument that the undersigned counsel somehow agreed to modify Paragraph 4(d) when engaging in a general discussion with the Court over scheduling some four (4) months earlier is erroneous. At no point did the parties or the Court ever discuss a modification to Judge Farnan's standing Scheduling Order for patent cases. Even if a discussion occurred and counsel expressed their opinion, all lawyers know that, at the end of the day, when it comes to scheduling orders what matters is the opinion of the Court as reflected in its written orders. Judge Farnan's position in this action, and all patent cases before him, has been and remains well known—no depositions until after the close of written discovery.

Facebook further takes exception to Leader's mischaracterization of its position. Facebook has not "confused the issues," "taken different positions" over time or sought to "set the stage for further discovery disputes" by stating that Leader is permitted only one seven-hour 30(b)(6) deposition over the life of the case. To the contrary, Facebook informed Leader that its conduct violated the terms and the spirit of the Scheduling Order. If permitted to conduct depositions at this stage in the litigation, it is inevitable that Leader will seek to depose the very same people after it reviews and understands Facebook's written discovery. Facebook made this concern known to Leader and has taken the position that if Leader nonetheless proceeds with premature depositions, it does so at its own peril because Facebook will oppose any effort to re-depose the same individuals.



Lastly, it is surprising that Leader believes it is in a position to conduct a Rule 30(b)(6) deposition at this time. As recently as this week, Leader has argued—incorrectly—that it has been completely denied (i) meaningful access to Facebook's source code; (ii) technical documents; (iii) substantive interrogatory responses; and (iv) relevant documents. Relying on this alleged information vacuum, Leader argues that it is unable to prosecute its claims or even provide meaningful infringement contentions. This begs the question, how then can Leader conduct any deposition, let alone a Rule 30(b)(6) that covers 37 different, overly-broad topics ranging from general issues, such as Facebook's document retention policy, to highly technical issues involving the "design of the Facebook website, including new information on the Facebook website as modeled?" The simple answer is that any such deposition would be a fishing expedition, with Leader re-noticing the same depositions once written discovery is completed. This result would be a waste of resources, inconvenient to witnesses and disruptive to Facebook's operations, hence, why Judge Farnan adopted Paragraph 4(d).

Respectfully, Facebook simply asks that the clear language of the Scheduling Order that the parties have been operating under be allowed to stand.

Respectfully submitted,

/s/ Steven L. Caponi

Steven L. Caponi
I.D. No. 3484

SLC:pfc

cc:  Philip A. Rovner, Esquire – via e-service
Paul J. Andre, Esquire – via e-service
Lisa Kobialka, Esquire – via e-service

128605.00602/40183637v.1