IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　Plaintiff-Counterdefendant,<br><br>　　v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>　　　　Defendant-Counterclaimant. | Civil Action No. 08-862-JJF/LPS |

### DEFENDANT FACEBOOK, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS RESPONSIVE PLEADING TO ADD A COUNTERCLAIM OF FALSE MARKING

Steven L. Caponi (DE Bar #3484)
**BLANK ROME LLP**
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Jeffrey Norberg (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**COOLEY GODWARD KRONISH LLP**
3000 El Camino Real
5 Palo Alto square, 4th floor
Palo Alto, CA 94306

Dated: October 21, 2009

128605.00602/40184576v.1

# Table of Contents

|     |     |     | Page |
| --- | --- | --- | --- |
| I.  | STATEMENT OF NATURE AND STATE OF PROCEEDINGS | | 1 |
| II. | SUMMARY OF ARGUMENT | | 1 |
| III.| STATEMENT OF FACTS | | 2 |
|     | A. | The Patent and the Marked Product | 2 |
|     | B. | LTI's September 4, 2009 Arguments Before the Court Suggests LTI Had Intent to Deceive the Public | 2 |
|     | C. | LTI's Response to Facebook's Interrogatory No. 18 Confirms LTI's Intent to Deceive | 3 |
|     | D. | On Information and Belief, Leader2 Does Not Practice the Invention Claimed by the '761 Patent | 3 |
| IV. | ARGUMENT | | 4 |
|     | A. | Facebook Has, in Good Faith, Sought Amendment of Its Responsive Pleading Immediately Upon Confirming Its Belief that LTI Falsely Marked Leader2Leader | 4 |
|     | B. | The Present Request to Amend Its Responsive Pleading Is Facebook's First | 5 |
|     | C. | Allowing Facebook to Amend Its Responsive Pleading Will Neither Unduly Prejudice LTI, Nor Delay the Present Action | 5 |
|     | D. | The Requested Amendment Is Not Futile Because Facebook Has Sufficient Grounds Upon Which to File a Claim under 35 U.S.C. § 292(a) | 5 |
|     | E. | Judicial Resources and Litigation Costs Would Both Be Conserved by Appending this Claim to the Present Action | 7 |
| V.  | CONCLUSION | | 8 |

# Table of Authorities

**Page(s)**

**Cases**

*California Medical Prods. v. Tecnol Medical Prods.*,
921 F. Supp. 1219 (D. Del. 1995)...........................................................................6

*Clontech Labs., Inc. v. Invitrogen Corp.*,
406 F.3d 1347 (Fed. Cir. 2005)...............................................................................6

*Ferguson v. E.I. duPont de Nemours & Co.*,
Civ. A. No. 76-407/77-48, 1981 WL 478 (D. Del. May 20, 1981) .........................4

*Foman v. Davis*,
371 U.S. 178 (1962)..................................................................................................4

*Mayview Corp. v. Rodstein*,
620 F.2d 1347 (9th Cir. 1980) .................................................................................6

**STATUTES**

35 U.S.C.
   § 292.......................................................................................................................1
   § 292(a) ...............................................................................................................4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a) ......................................................................................................4, 8

Local Rule
   7.1.1........................................................................................................................1
   15.1........................................................................................................................1

128605.00602/40184576v.1

I. **STATEMENT OF NATURE AND STATE OF PROCEEDINGS**

Plaintiff Leader Technologies, Inc. ("LTI") filed its Complaint against defendant Facebook, Inc. in this patent infringement action on November 19, 2008. Discovery opened on February 17, 2009. Written fact discovery is set to close in November 2009, though discovery is not set to close until March 2010. *Markman* is set for January 20, 2010, and trial is set for June 28, 2010. D.I. 30, *Rule 16 Scheduling Order*.

II. **SUMMARY OF ARGUMENT**

During the past month of discovery in this case, LTI has twice suggested that it falsely marked its product with the patent-in-suit, in violation of 35 U.S.C. § 292. Facebook is therefore seeking immediate leave to amend its responsive pleading to add a counterclaim of false patent marking.

Allowing Facebook to add its false-marking counterclaim will neither prejudice LTI nor delay proceedings in this action, as the minimal discovery necessary to prove such a claim has already been served. Furthermore, the addition of a false marking claim to the present action would serve judicial economy by consolidating what would otherwise be two separate-but-related actions into this proceeding. Facebook therefore respectfully submits this Motion for Leave to Amend Its Responsive Pleading to Add a Counterclaim of False Marking.

In accordance with Local Rule 15.1, the proposed amended responsive pleading is attached as Exhibit A, and a copy of the proposed amended responsive pleading showing changes from Facebook's First Amended Answer (D.I. 12) is attached as Exhibit B. In accordance with Local Rule 7.1.1, an averment of Facebook's counsel that reasonable efforts have been made to reach agreement with the opposing party on the matters set forth in this motion is contained in the Declaration of Jeffrey Norberg in Support of Defendant Facebook's Motion for Leave to Amend its Responsive Pleading to Add a Counterclaim of False Marking ("Norberg Decl.").

## III. STATEMENT OF FACTS

### A. The Patent and the Marked Product

The patent-in-suit in this action is U.S. Patent No. 7,139,761 entitled "Dynamic Association of Electronically Stored Information with Iterative Workflow Changes" (the "'761 patent"). The '761 patent has been assigned to LTI, and LTI has marked its "Leader2Leader® powered by Digital Leaderboard®" product ("Leader2Leader") with the patent number. Leader2Leader is the only product which LTI claims practices the invention disclosed in the '761 patent. *See* Norberg Decl. Ex. 1 (Transcript of September 4, 2009 Telephone Conference before Judge Stark) at 19:22-20:2.

### B. LTI's September 4, 2009 Arguments Before the Court Suggests LTI Had Intent to Deceive the Public

The parties to this action appeared before Magistrate Judge Stark on September 4, 2009 to argue certain pending discovery motions. Among these motions was a motion to compel LTI's further response to Facebook's Interrogatory No. 9, which requested plaintiff to identify every LTI product that practices the invention claimed in the '761 patent, the specific claims practiced by each such product, and where in each such product each limitation of each claim is found. In response to this Interrogatory, LTI provided only the identification of its product, Leader2Leader. When asked by the Court whether it could identify the claims of the '761 patent that are practiced by Leader2Leader, LTI stated that it could not; such identification, LTI stated, would present a "large burden" because LTI would have to perform a limitation-by-limitation analysis of the product which it has not previously performed. *See* Norberg Decl. Ex. 1 at 20:3-15. If LTI had *ever* performed the analysis required of any patent owner before marking its product, this information would have been readily available and producing it would have presented no appreciable burden to LTI. LTI's response to the Court's questions suggests that LTI never performed *any* analysis before it marked its Leader2Leader product with the '761 patent, a failure which amounts, at best, to a lack of reasonable belief that its product was covered by its patent and, at worst, to a specific intent to deceive the public.

2

### C. LTI's Response to Facebook's Interrogatory No. 18 Confirms LTI's Intent to Deceive

In order to confirm that LTI had performed no pre-marking analysis of its Leader2Leader product, Facebook served its Fourth Set of Interrogatories on September 15, 2009. Among these interrogatories was Facebook's Interrogatory No. 18, which requested:

> For each product and/or service that LTI has marked with U.S. Patent No. 7,139,761, describe, with particularity, the process employed for each such marking, including but not limited to an identification of the beginning and end date(s) of the marking of that product and a description of the analysis, if any, by which the decision to mark such product was reached.

Norberg Decl. Ex. 2 (Leader Technologies, Inc.'s Responses to Facebook, Inc.'s Fourth Set of Interrogatories (Nos. 12-18)) at 8-9. In response to this Interrogatory, Leader simply answered:

> Leader has the policy of marking material related to Leader2Leader® or related to the Digital Leaderboard® engine with U.S. Patent No. 7,139,761, starting when the patent was issued on November 21, 2006.

*Id.* The existence of a policy does not amount to the existence of the analysis required prior to marking a product with a patent number. LTI's response confirms that LTI performed no investigation of whether Leader2Leader practiced the '761 patent before marking it, a failure which amounts to deception.

### D. On Information and Belief, Leader2Leader Does Not Practice the Invention Claimed by the '761 Patent

There is no evidence on the record in this action that Leader2Leader includes a "computer-implemented tracking component . . . for tracking the change of the user from the first context to a second context . . . and dynamically updating the stored metadata based on the change." '761 patent, Claim 1. Furthermore, LTI is refusing to produce either the Leader2Leader product or the source code of the product, which Facebook was compelled to do in this action, suggesting that LTI has something to hide. *See* Norberg Decl. Ex. 3, (Leader

3

Technologies, Inc.'s Responses to Facebook, Inc.'s Second Set of Requests for Production of Documents to Leader Technologies, Inc. (49-80)) at 17-18.

IV.  ARGUMENT

The Federal Rules of Civil Procedure advocate a liberal amendment policy: Fed. R. Civ. P. 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." *Ferguson v. E.I. duPont de Nemours & Co.*, Civ. A. No. 76-407/77-48, 1981 WL 478, at *1 (D. Del. May 20, 1981). The Supreme Court has articulated only four reasons for denying leave to amend: 1) the movant's undue delay, bad faith, or dilatory motive; 2) repeated failure to cure deficiencies by previous amendments; 3) allowance of the amendment would impose undue prejudice on the opposing party; and 4) the futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these grounds applies in this instance.

### A. Facebook Has, in Good Faith, Sought Amendment of Its Responsive Pleading Immediately Upon Confirming Its Belief that LTI Falsely Marked Leader2Leader

Facebook first learned of the possibility that LTI had fulfilled all elements of false marking under 35 U.S.C. § 292(a) on September 4, during a discovery hearing before Magistrate Judge Stark in which LTI's arguments suggested an intent to deceive. Just eleven days later, on September 15, Facebook propounded Interrogatory No. 18, requesting confirmation of LTI's failure to analyze its product prior to marking. LTI responded to this Interrogatory on October 15 with an admission that it relied upon blind policy rather than analysis. A mere five days after LTI's response, and after requesting a meet-and-confer on the matter, Facebook is filing this motion for leave to amend its responsive pleading to add a counterclaim of false marking. Facebook has therefore promptly, diligently and in good faith pursued its claim of false marking.

///

4

128605.00602/40184576v.1

### B. The Present Request to Amend Its Responsive Pleading Is Facebook's First

Facebook's responsive pleading in this action is not otherwise deficient, and Facebook has not previously requested any amendments to its pleadings.

### C. Allowing Facebook to Amend Its Responsive Pleading Will Neither Unduly Prejudice LTI, Nor Delay the Present Action

LTI would not suffer any undue prejudice or harm if the Court grants Facebook leave to file a false marking counterclaim. To defend itself against such a claim, the only proof LTI would require is either public knowledge or information already in LTI's possession: whether the Leader2Leader product practices the claims of the '761 patent can be determined from LTI's product, and only LTI knows what process it used to make the decision to mark its product. Therefore, LTI will not be prejudiced by the fact that written discovery in this action is due to close on November 20, 2009. Neither will the addition of a false marking counterclaim inhibit LTI's ability to gather non-written discovery, because the parties will not be permitted to take depositions until after the close of written discovery. *See* D.I. 30 at ¶ 4(d). Furthermore, the deadline for dispositive motions in this action is not until May 1, 2010, and neither party is required to disclose its testifying witnesses until May 28, 2009, so LTI will have plenty of time to prepare its defense against this counterclaim.

It is also important to note that allowing Facebook's requested amendment will not significantly alter the schedule of proceedings in this action. Facebook has already propounded the vast majority of the written discovery requests it would need answered in order to successfully make its false marking claim. Therefore, the deadline of written discovery would only be affected to the extent that LTI delays in responding to those discovery requests. No other deadlines in this action should be affected by adding this counterclaim.

### D. The Requested Amendment Is Not Futile Because Facebook Has Sufficient Grounds Upon Which to File a Claim under 35 U.S.C. § 292(a)

Section 292(a) of 35 U.S.C. provides: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public ... shall be fined not

5

more than $500 for every such offense." To establish false marking, a plaintiff must show (1) a marking importing that an object is patented (2) falsely affixed to (3) an unpatented article (4) with intent to deceive the public. *See Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359 (9th Cir. 1980); *California Medical Prods. v. Tecnol Medical Prods.*, 921 F. Supp. 1219, 1261 (D. Del. 1995).

Based on information produced during discovery in this action, Facebook has come to understand that LTI has been marking promotional materials for its product Leader2Leader with the '761 patent since November 2006. Norberg Decl. Ex. 2 at 8-9. Facebook believes that LTI has been falsely affixing the patent mark because LTI has produced no evidence that the Leader2Leader product, among other things, "dynamically updat[es] the stored metadata based on the change" of a user from one context to another, as required by the '761 patent.

Facebook further believes that LTI has made these false affixations with an intent to deceive the public. According to the Federal Circuit, intent to deceive is a "state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). In arguments before the Court to avoid discovery in this action, LTI admitted that it entirely failed to perform any analysis of whether Leader2Leader practices the invention claimed in the '761 patent: such willful ignorance shows, at the very least, LTI's lack of reasonable belief that its product is covered by its patent. *Clontech Labs*, 406 F.3d at 1352-53.

Based on this information, Facebook has sufficient grounds upon which to file a complaint in any federal district court having personal jurisdiction over LTI. However, it would be both more convenient for the parties and a more judicious use of court resources to consolidate these actions into a single proceeding.

### E. Judicial Resources and Litigation Costs Would Both Be Conserved by Appending this Claim to the Present Action

The addition of Facebook's false marking counterclaim to this action, rather than the institution of a separate action, will promote the efficient resolution of the parties' disputes and minimize LTI's costs of litigation. There are relatively few factual issues for resolution in light of LTI's unambiguous marking of Leader2Leader promotional materials and its candid admission that LTI has not analyzed whether the Leader2Leader product practices the claims of the '761 patent. Nevertheless, given this Court's soon-to-be-acquired familiarity with the patent's scope and the construction of its claims, this Court will be in a superior position to address any factual or legal issues LTI may raise regarding a false marking counterclaim. By contrast, if Facebook were to file another action in another court against LTI alleging false marking of the '761 patent, the result would be substantial duplication of effort for the parties and the court, greater litigation expenses for both parties, and a much longer overall litigation timeline. No doubt, should Facebook be forced to file a separate action, LTI will request a consolidation of proceedings arguing the same considerations of judicial economy – this request to amend Facebook's responsive pleading aims simply to cut short this process.

128605.00602/40184576v.1

## V. CONCLUSION

The liberal amendment standard of Rule 15(a), as well as principles of judicial economy, compel the conclusion that Facebook should be allowed to pursue a claim for false marking in this litigation. For these reasons, Facebook respectfully requests that the Court grant it leave to amend its responsive pleading to add a counterclaim of false marking.

Dated: October 21, 2009

OF COUNSEL:

Heidi L. Keefe (*pro hac vice*)
Mark R. Weinstein (*pro hac vice*)
Melissa H. Keyes (*pro hac vice*)
**COOLEY GODWARD KRONISH LLP**
3000 El Camino Real
5 Palo Alto square, 4th floor
Palo Alto, CA 94306

BLANK ROME LLP

By: /s/ *Steven L. Caponi*
Steven L. Caponi (DE Bar #3484)
1201 N. Market Street
Wilmington, DE 19801
302-425-6400
Fax: 302-425-6464

*Attorneys for Defendant-Counterclaimant Facebook, Inc.*

128605.00602/40184576v.1