# EXHIBIT A

# IN THE UNITED STATES COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>Defendant. | CIVIL ACTION<br><br>No. 1:08-cv-00862-JJF<br><br>**JURY TRIAL DEMANDED**<br><br>**FACEBOOK'S SECOND AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendant and Counterclaimant FACEBOOK, INC. ("Facebook"), by and through its undersigned counsel, hereby submits its Second Amended Answer and Counterclaims to the Complaint for Patent Infringement filed by plaintiff LEADER TECHNOLOGIES, INC. ("LTI"):

## ANSWER

### The Parties

1. Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 1 of the Complaint and therefore denies them.

2. Facebook admits that it is a company organized and existing under the laws of the State of Delaware. Facebook denies that its corporate headquarters are located at 165 University Avenue, Palo Alto, California 94301. Facebook's principal place of business is located at 1601 S. California Avenue, Palo Alto, CA 94304-1111.

### Jurisdiction and Venue

3. Admitted.

4. Facebook admits that venue is authorized in this judicial district under 28 U.S.C.

§§ 1391(b) and 1400(b), and that this Court has personal jurisdiction over Facebook. Except as expressly admitted herein, Facebook denies the remaining allegations of paragraph 4 of the Complaint.

### The Asserted Patent

5. Facebook admits that United States Patent No. 7,139,761 (the '761 patent") is entitled "Dynamic Association of Electronically Stored Information with Iterative Workflow Changes." Facebook admits that a copy of the '761 patent was attached to the Complaint as Exhibit A. Facebook denies that the '761 patent was duly and legally issued. Except as expressly admitted herein, Facebook lacks sufficient information to admit or deny the remaining allegations of paragraph 5 of the Complaint and therefore denies them.

6. Facebook lacks sufficient information to admit or deny the allegations of paragraph 6 of the Complaint and therefore denies them.

### Alleged Infringement

7. Facebook admits that it operates a web site that can be found on the World Wide Web at http://www.facebook.com. Except as expressly admitted herein, Facebook denies the remaining allegations of paragraph 7 of the Complaint.

### First Cause of Action

### (Alleged Infringement of the '761 Patent)

8. Facebook incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

### Prayer For Relief

13. Facebook incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Facebook denies that LTI is entitled to any relief sought in LTI's Prayer for Relief against Facebook, or otherwise.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-Infringement

14. Facebook is not infringing and has not infringed any claim of the '761 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense: Invalidity

15. On information and belief, each claim of the '761 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101-103 and/or 112.

### Third Affirmative Defense: Failure to State a Claim

16. The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense: Laches

17. The Complaint and each of the allegations therein do not entitle plaintiff to relief on the grounds that, on information and belief, LTI's claims are barred by the doctrine of laches due to LTI's knowledge of Facebook's allegedly infringing actions, LTI's inexcusable failure to pursue its infringement claims diligently and timely from the time it became aware it had claims against Facebook, and by virtue of the fact that Facebook has been both economically and materially prejudiced and/or injured from LTI's inexcusable lack of diligence, including (but not limited to) through the loss of records of third parties pertaining to the prior art, and the

unreliability of the memories of witnesses who otherwise possess knowledge of the technology at issue.

### Fifth Affirmative Defense: No Injunctive Relief

18. Plaintiff's demand to enjoin Facebook is barred, as plaintiff has suffered neither harm nor irreparable harm from Facebook's actions.

### Sixth Affirmative Defense: Prosecution History Estoppel

19. On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### Seventh Affirmative Defense: Marking of the '761 Patent

20. Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

Facebook reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and counterclaimant FACEBOOK, INC. ("Facebook"), by and through their undersigned counsel, hereby allege the following counterclaims against plaintiff and counterclaim-defendant LEADER TECHNOLOGIES, INC. ("LTI"):

### The Parties

1. Facebook is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1601 S. California Avenue, Palo Alto, CA 94304-1111.

2. Facebook is informed and believes and on that basis alleges that counterclaim-defendant LTI is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 921 Eastwind Drive, Suite 118, Westerville, Ohio 43081.

### Jurisdiction and Venue

3. This is a civil action seeking relief under two federal statutes: the Declaratory Judgment Act, 28 U.S.C.A. § 2201 *et seq.*, regarding allegations of patent infringement arising under the patent laws of the United States; and the federal patent false marking statute, 35 U.S.C. § 292. This Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. The Court has personal jurisdiction and venue over LTI because LTI consented to personal jurisdiction and venue by filing the Complaint in this action.

### Actual Controversy

5. LTI claims to be the assignee of the complete interest in United States Patent No. 7,139,761 (the "'761 patent"), entitled "Dynamic Association of Electronically Stored Information with Iterative Workflow Changes." LTI has alleged that Facebook has infringed and is infringing the '761 patent, a contention Facebook denies.

6. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Facebook and LTI. Facebook seeks a declaration that it does not infringe the '761 patent, that the '761 patent is invalid, and that LTI's claims under the '761 patent are barred.

### Count I
(Declaratory Judgment of Non-infringement of U.S. Patent No. 7,139,761)

7. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

8. Facebook does not infringe and has not infringed any claim of the '761 either

literally or under the doctrine of equivalents and therefore is not liable for infringement thereof. Furthermore, LTI's claims under the '761 Patent are barred for the reasons set forth in Facebook's Affirmative Defenses set forth above.

### Count II
### (Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 7,139,761)

9. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

10. The '761 patent and each claim thereof are invalid and/or unenforceable for the reasons set forth in Facebook's Affirmative Defenses set forth above.

### Count III
### (False Marking under 35 U.S.C. § 292)

11. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

12. LTI designs and sells, among other things, a product called "Leader2Leader® powered by Digital Leaderboard®" ("Leader2Leader").

13. On information and belief, LTI has marked the Leader2Leader product itself, as well as advertising, marketing and promotional materials for Leader2Leader, with the '761 patent since at least November 2006.

14. On information and belief, Leader2Leader does not practice the invention disclosed by the claims of the '761 patent.

15. On information and belief, LTI has been aware at all relevant times that Leader2Leader does not practice the invention disclosed by the claims of the '761 patent.

16. On information and belief, LTI has falsely affixed the '761 patent number to the Leader2Leader product and advertising, marketing and promotional materials for that product, for the purpose of deceiving the public and suppressing competition.

17. Pursuant to 35 U.S.C. § 292(b), Facebook is entitled to sue for the penalty for such false marking and receive one-half of such penalty.

## Prayer For Relief

WHEREFORE, Facebook prays that this Court enter judgment:

A. In favor of Facebook, and against LTI, thereby dismissing LTI's Complaint in its entirely, with prejudice, with LTI taking nothing by way of its claims;

B. Declaring and adjudging that Facebook does not infringe the '761 patent;

C. Declaring and adjudging that the '761 patent is invalid and/or unenforceable;

D. Adjudging that LTI has falsely marked the Leader2Leader product in violation of 35 U.S.C. § 292;

E. Ordering plaintiff to pay all costs incurred by Facebook in responding to this action, including Facebook's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. Ordering plaintiff to pay the statutory penalty of $500 for every offense of false marking;

G. Awarding one-half of the penalty assessed for violation of 35 U.S.C. § 292 to Facebook; and

H. Awarding Facebook all other relief the Court deems just and proper.

///

## JURY DEMAND

Facebook demands a trial by jury as to all issues so triable.

Dated: October 21, 2009

By: /s/ Steven L. Caponi
Steven L. Caponi (DE BAR #3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
FAX: (302) 425-6464

and

OF COUNSEL:
Heidi L. Keefe
Mark R. Weinstein
Jeffrey Norberg
Melissa H. Keyes
COOLEY GODWARD KRONISH LLP
3000 El Camino Real
5 Palo Alto Square, 4th Floor
Palo Alto, CA 94306

Dennis P. McCooe
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Attorneys for Defendant Facebook, Inc.