# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation, | )<br>)<br>) Civil Action No. 08-862-JJF/LPS |
| Plaintiff-Counterdefendant, | )<br>) |
| v. | )<br>) |
| FACEBOOK, INC., a Delaware corporation, | )<br>)<br>) |
| Defendant-Counterclaimant. | ) |

## LEADER TECHNOLOGIES, INC.'S RESPONSES TO FACEBOOK, INC.'S FOURTH SET OF INTERROGATORIES (NOS. 12-18)

Pursuant to Fed. R. Civ. P. 33, Plaintiff Leader Technologies, Inc. ("Leader") hereby submits the following responses to Defendant Facebook, Inc.'s "Facebook") Fourth Set of Interrogatories (Nos. 12-18).

## PRELIMINARY STATEMENTS

The specific responses set forth below are for the purposes of discovery only and Leader neither waives nor intends to waive, but expressly reserves, any and all objections it may have to the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by such responses. All such objections may be made at any time up to and including the time of trial.

A. Leader's investigation is ongoing. Pursuant to Fed. R. Civ. P. 26(e), Leader specifically reserves the right to supplement and amend these responses and, if necessary, to assert additional objections arising from further investigation.

B.  Leader expressly reserves its right to rely, at any time including trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight or inadvertence.

C.  The specific responses set forth below are based upon Leader's interpretation of the language used in the requests, and Leader reserves its right to amend or supplement further responses in the event that Defendant asserts an interpretation that differs from Leader's interpretation.

D.  Leader's response to a particular request shall not be interpreted as implying that responsive documents and things exist or that Leader acknowledges the appropriateness of the request.

E.  The following responses are based on information reasonably available to Leader as of the date of this response. Leader's investigation is continuing and ongoing and Leader expressly reserves the right to revise and/or supplement its responses.

## GENERAL OBJECTIONS

The following General Objections apply to each request and are hereby incorporated by reference into the individual response to each request, and shall have the same force and effect as if fully set forth in the individual response to each request.

1.  Leader objects to each request to the extent it purports to require Leader to do anything beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and other applicable law.

2.  Leader objects to Defendant's "Instructions" to the extent they seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, or other applicable law.

3. Leader objects to each request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity.

4. Leader objects to each request to the extent it is phrased in a manner that would render it overly broad, vague or ambiguous, or would require subjective judgment or speculation on the part of Leader. Leader responds to these requests by construing them in light of the scope of the issues in this action.

5. Leader objects to each request to the extent it seeks to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

6. Leader objects to each request to the extent it seeks to elicit third-party confidential information.

7. Leader objects to each request to the extent it purports to place an obligation on Leader to obtain information that is as readily available to Defendant as it is to Leader.

8. Leader objects to each request to the extent it calls for information not in the possession, custody or control of Leader.

9. Leader objects to each request to the extent it is not properly limited in time and/or improperly attempts to capture information, if any, created prior to issuance of U.S. Patent No. 7,139,761 ("the '761 Patent").

10. Leader objects to each request to the extent it calls for expert testimony.

11. Leader objects to each request to the extent it calls for interpretation and application of legal conclusions and contentions of the parties.

## OBJECTIONS TO DEFINITIONS

A. Leader objects to Defendants definition of "you," "your," "Leader," and "Plaintiff" as overly broad. Leader shall construe the terms to mean Leader Technologies, Inc., and their employees, agents and attorneys.

B. Leader objects to Defendants definition of "Document" to the extent it seeks to define that term more broadly than allowed under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Leader shall construe the term in a manner consistent with said Rules.

## LEADER TECHNOLOGIES, INC.'S RESPONSES AND SPECIFIC OBJECTIONS TO FACEBOOK, INC.'S FOURTH SET OF INTERROGATORIES (NOS. 12-18)

### INTERROGATORY NO. 12

Identify with particularity the data created on the facebook.com website, if any, that you contend constitute the "user-defined data created by user interaction of a user in a first context," as recited in claim 1 of U.S. Patent No. 7,139,761.

### RESPONSE TO INTERROGATORY NO. 12

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent Facebook has only produced a limited number of technical documents despite the Court's order. Leader objects to this Interrogatory to the extent it is premature, as the Court has not yet construed claim terms of the '761 Patent. Leader objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: non-limiting examples of infringing functionality found thus far, including

"user-defined data created by user interaction of a user in a first context," as recited in Claim 1 of U.S. Patent No. 7,139,761, are identified in Leader's Initial and Supplemental Responses to Interrogatory 1, which are incorporated herein by reference.

**INTERROGATORY NO. 13**

For each item or type of user-defined data identified in response to Interrogatory No. 12, identify with particularity the first context, if any, in which the user-defined data was allegedly created.

**RESPONSE TO INTERROGATORY NO. 13**

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent Facebook has only produced a limited number of technical documents despite the Court's order. Leader objects to this Interrogatory to the extent it is premature, as the Court has not yet construed claim terms of the '761 Patent. Leader objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: non-limiting examples of infringing functionality found thus far, including a first context in which user-defined data is created, are identified in Leader's Initial and Supplemental Responses to Interrogatory 1, which are incorporated herein by reference.

**INTERROGATORY NO. 14**

Identify and describe with particularity all user actions and events on facebook.com by which "a change of the user from the first context to a second context," as recited in claim 1 of U.S. Patent No. 7,139,761, is allegedly accomplished.

5

## RESPONSE TO INTERROGATORY NO. 14

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory to the extent it is overbroad to the extent it asks for "all user actions and events." Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent Facebook has only produced a limited number of technical documents despite the Court's order. Leader objects to this Interrogatory to the extent it is premature, as the Court has not yet construed claim terms of the '761 Patent. Leader objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: non-limiting examples of infringing functionality found thus far, including "a change of the user from the first context to a second context," as recited in Claim 1 of U.S. Patent No. 7,139,761, are identified in Leader's Initial and Supplemental Responses to Interrogatory 1, which are incorporated herein by reference.

## INTERROGATORY NO. 15

For each user action or event identified in response to Interrogatory No. 14, identify with particularity the first context and the second context.

## RESPONSE TO INTERROGATORY NO. 15

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent Facebook has only produced a limited number of technical documents despite the Court's order. Leader objects to this Interrogatory to the extent it is premature, as the Court has not yet construed claim terms of the '761 Patent. Leader objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: non-limiting examples of infringing functionality found thus far, including a first context and a second context, are identified in Leader's Initial and Supplemental Responses to Interrogatory 1, which are incorporated herein by reference.

**INTERROGATORY NO. 16**

For each item or type of user-defined data identified in response to Interrogatory No. 12, identify and describe with particularity all user actions and events on facebook.com by which "the user accesses the data from the second context," as recited in claim 1 of U.S. Patent No. 7,139,761.

**RESPONSE TO INTERROGATORY NO. 16**

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory to the extent it is overbroad to the extent it asks for "all user actions and events." Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent Facebook has only produced a limited number of technical documents despite the Court's order. Leader objects to this Interrogatory to the extent it is premature, as the Court has not yet construed claim terms of the '761 Patent. Leader objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: non-limiting examples of infringing functionality found thus far, including user actions and events by which "the user accesses the data from the second context," as recited in Claim 1 of U.S. Patent No. 7,139,761, are identified in Leader's Initial and Supplemental Responses to Interrogatory 1, which are incorporated herein by reference.

## INTERROGATORY NO. 17

For each action and/or event identified in response to Interrogatory No. 16, identify with particularity the second context, if any, in which the data is allegedly accessed by the user.

## RESPONSE TO INTERROGATORY NO. 17

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent Facebook has only produced a limited number of technical documents despite the Court's order. Leader objects to this Interrogatory to the extent it is premature, as the Court has not yet construed claim terms of the '761 Patent. Leader objects to this Interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: non-limiting examples of infringing functionality found thus far, including a second context in which data is accessed by a user, are identified in Leader's Initial and Supplemental Responses to Interrogatory 1, which are incorporated herein by reference.

## INTERROGATORY NO. 18

For each product and/or service that LTI has marked with U.S. Patent No. 7,139,761, describe, with particularity, the process employed for each such marking, including but not limited to an identification of the beginning and end date(s) of the marking of that product and a description of the analysis, if any, by which the decision to mark such product was reached.

## RESPONSE TO INTERROGATORY NO. 18

Leader incorporates by reference the General Objections. Leader objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks information regarding the process employed for each marking of a Leader product and/or

service. Leader objects to this Interrogatory to the extent that it is vague and ambiguous. Leader objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity.

Subject to and without waiving the forgoing Specific and General Objections, Leader responds as follows: Leader has the policy of marking material related to Leader2Leader® or related to the Digital Leaderboard® engine with U.S. Patent No. 7,139,761, starting when the patent was issued on November 21, 2006.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

By: _____
Philip A. Rover (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Dated: October 15, 2009
937754

*Attorneys for Plaintiff and Counterdefendant Leader Technologies, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 15, 2009, true and correct copies of the within document were served on the following counsel of record, at the addresses and in the manner indicated:

### BY EMAIL AND FIRST CLASS MAIL

Thomas P. Preston, Esq.
Steven L. Caponi, Esq.
Blank Rome LLP
1201 Market Street
Wilmington, DE 19801
Preston-T@blankrome.com
caponi@blankrome.com

Heidi L. Keefe, Esq.
Mark R. Weinstein, Esq.
Jeffrey Norberg, Esq.
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
hkeefe@cooley.com
mweinstein@cooley.com
jnorberg@cooley.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

904147v1

## VERIFICATION

I, Michael T. McKibben, Chairman and Founder of Leader Technologies, Inc., being duly sworn, deposes and says that I am authorized to sign this Verification and that I am informed and believe that the factual statements in **Plaintiff Leader Technologies, Inc.'s Response to Facebook, Inc.'s Interrogatory No. 18** is true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury under the laws of the State of Ohio and the United States that the above statement is true and correct.

Oct. 14, 2009
Date

Michael T. McKibben