# EXHIBIT 3

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEADER TECHNOLOGIES, INC., a | ) | |
| Delaware corporation, | ) | |
| | ) | Civil Action No. 08-862-JJF/LPS |
| Plaintiff-Counterdefendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FACEBOOK, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |

## LEADER TECHNOLOGIES, INC.'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO LEADER TECHNOLOGIES, INC. (49-80)

Pursuant to Fed. R. Civ. P. 34, Leader Technologies, Inc. ("Leader") hereby objects and responds to Defendant Facebook, Inc.'s ("Facebook") Second Set of Requests for Production of Documents to Leader Technologies, Inc. ("Requests"). Leader makes the objections and responses herein (collectively the "Responses") based solely on its current knowledge, understanding and belief as to the facts and information available to it as of the date of the Responses. Additional discovery and investigation may lead to additions to or modifications of these Responses. The Responses, therefore, are being given without prejudice to Leader's right to supplement these Responses pursuant to Fed. R. Civ. P. 26(e), or to produce subsequently discovered information and to introduce such subsequently discovered information at the time of any trial or other proceedings in this action.

### GENERAL OBJECTIONS

1.    Leader hereby incorporates by reference each and every general objection set forth below into each and every specific Response. From time to time, a specific Response may repeat a general objection for emphasis or for some other reason. The failure to include a general

objection in a specific Response shall not be interpreted as a waiver of that general objection to that Response.

2.    Leader objects to each and every Definition, Instruction, and Request to the extent it purports to impose any requirement or discovery obligation on Leader greater or different than those imposed by the Federal Rules of Civil Procedures, the Local Civil Rules of this Court, or orders of the Court governing these proceedings.

3.    By stating in these Responses that Leader will produce documents or things, Leader does not intend to represent that any responsive documents or things actually exist within its possession, custody, or control, but rather that Leader has made, and will continue to make, a reasonable good faith search and attempt to ascertain whether responsive documents or things do in fact exist in Leader's possession, custody, or control.

4.    Leader's production of documents or things in response to any Request is not intended to waive, and does not constitute waiver of, any objection which it may have to the admissibility, authenticity, competency, relevance, or materiality of the documents and things produced. For any and all documents and things produced in response to each Request, Leader reserves all objections or other questions regarding the admissibility, authenticity, competency, relevance, or materiality of such documents and things as evidence in this suit or any other proceeding, action, or trial.

5.    Leader objects to each and every Definition, Instruction, and Request to the extent it purports to require Leader to produce documents or things that are not within its possession, custody, or control. Leader limits the scope of its Response to each Request to information within its possession, custody, or control.

-2-

6. Leader objects to each and every Definition, Instruction, and Request to the extent it seeks the production of "all" documents, communications and/or things in circumstances where literal interpretation of the Request asks for documents and things that are not relevant to the Litigation and renders the Request overly broad, unduly burdensome, and oppressive. In such circumstances, subject to any other applicable objection, Leader will make a reasonable production of responsive, non-privileged documents relevant to any claim or defense of the parties in the Litigation.

7. Leader objects to each and every Definition, Instruction, and Request to the extent that it seeks information that is in the public domain and is either (a) equally available to Facebook from another source; or (b) can be obtained more efficiently by Facebook through other means of discovery.

8. Leader objects to each and every Definition, Instruction, and Request to the extent it calls a legal conclusion or for information which is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or attorney-work product doctrine, or any other applicable privilege, doctrine, or immunity. Leader will not disclose or produce any documents or things so protected and the inadvertent disclosure or production of any such information shall not constitute a waiver of any applicable privilege, doctrine, or immunity.

9. Leader objects to each and every Definition, Instruction, and Request to the extent that it seeks the production of confidential, business, financial, proprietary, or sensitive information or trade secrets of Leader before the Court has entered an acceptable protective order in the Litigation.

10. Leader objects to each and every Definition, Instruction, and Request to the extent that it seeks the production of confidential, business, financial, proprietary, or sensitive

information or trade secrets of third parties that is subject to a pre-existing protective order and/or confidentiality agreement or in which any third party has an expectation of privacy. Such information shall not be provided absent an express order from a court of competent jurisdiction or an authorization from the third party having the interest in the information's confidentiality.

11.    Leader objects to each and every Definition, Instruction, and Request to the extent it seeks the production of documents or things containing both discoverable and non-discoverable or objectionable material and reserves the right to redact from documents or things any non-responsive or irrelevant matter and matter for which Leader may claim privilege or immunity from discovery.

12.    Leader objects to each and every Definition, Instruction, and Request to the extent it is overbroad and/or seeks information that is not relevant to the issues in the Litigation or not reasonably calculated to lead to the discovery of admissible evidence because it is not properly limited in time.

13.    Leader objects to each and every Definition, Instruction, and Request to the extent it is unreasonably cumulative or duplicative.

14.    Leader objects to each and every Definition, Instruction, and Request to the extent it is premature because the Court has not yet construed the claim terms of U.S. Patent No. 7,139,761 ("the '761 Patent") and/or it seeks documents or information that are scheduled to be disclosed to Facebook on future dates directed by the Court.

15.    Leader objects to each and every Definition, Instruction, and Request to the extent that it is vague and ambiguous.

16.     Leader objects to each and every Definition, Instruction, and Request to the extent it is unduly burdensome and oppressive to the extent it subjects Leader to unreasonable and undue effort or expense.

17.     Leader's written Responses and production of documents and things are based upon information and writings available to and located by its attorneys as of the date of these Responses. Leader has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed its preparation for trial. The information supplied herein is based only on such information and documents which are reasonably available and specifically known to Leader and its attorneys as of the date of these Responses. Therefore, Leader's written Responses and production of documents and things are made without prejudice to Leader's right to supplement and/or amend the written Responses and the production of documents and things and to present at any trial or other proceeding evidence discovered and produced hereafter.

18.     Leader objects to each and every Definition, Instruction, and Request to the extent it is unduly burdensome and oppressive on the grounds that it purports to require Leader to search facilities other than those facilities that would reasonably be expected to have responsive information. Leader's Responses are based upon a reasonable search of facilities and files that could reasonably be expected to contain responsive information.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS

### REQUEST FOR PRODUCTION NO. 49:

49.     All documents that refer to, relate to, or comprise the results of any searches for prior art to the '761 patent conducted by LTI or by another entity, including without limitation all prior art references located in connection with such searches.

- 5 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Leader objects to this Request as duplicative of other Requests. Leader objects to this

Request to the extent it seeks information which is outside the possession, custody or control of

Leader. Leader objects to this Request to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, or any other applicable law, privilege,

doctrine, or immunity. Leader objects to this Request to the extent it seeks to burden Leader

with the production of publicly available documents and/or documents within the possession,

custody or control of Facebook.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

**REQUEST FOR PRODUCTION NO. 50:**

50. All financial statements and reports from 2002 to the present, including, but not
limited to, balance sheets, income statements, profit-and-loss statements, cash flow statements,
statements of retained earnings, costs and asset valuations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks

information that is not relevant to any party's claim or defense in the Litigation and/or not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 51:

51.     All summary financial reports, including, but not limited to, monthly, quarterly
and/or yearly reports, of LTI's gross and net revenues and gross and net profits from 2002 to the
present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Leader objects to this Request as duplicative of other Requests. Leader objects to this

Request as overbroad and unduly burdensome to the extent it seeks information that is not

relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead

to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 52:

52.     Documents sufficient to determine LTI's gross and net revenues and gross and net
profits on an annual or other periodic basis for every year since 2002.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Leader objects to this Request as duplicative of other Requests. Leader objects to this

Request as overbroad and unduly burdensome to the extent it seeks information that is not

relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead

to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 53:

53. All summary reports, including, but not limited to, monthly, quarterly and/or yearly reports, of gross and net revenues and gross and net profits generated by LTI in connection with its sales of Leader2Leader since Leader2Leader was conceived.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects to this Request as duplicative of other Requests. Leader objects to this Request as vague and ambiguous, particularly as to the phrases "in connection with its sales" and "conceived." Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

**REQUEST FOR PRODUCTION NO. 54:**

54.     For every year since LTI conceived or began development of the product(s) known as Leader2Leader, whichever is earlier, documents sufficient to establish the gross and net revenues and gross and net profits on an annual or other periodic basis derived from any sales and/or commercial exploitation of such product(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects

to this Request as duplicative of other Requests. Leader objects to this Request as vague and

ambiguous, particularly as to the phrases "conceived," "began development," "derived from any

sales," and "commercial exploitation." Leader objects to this Request as overbroad and unduly

burdensome to the extent it seeks information that is not relevant to any party's claim or defense

in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

**REQUEST FOR PRODUCTION NO. 55:**

55.     All summary reports, including, but not limited to, monthly, quarterly and/or yearly reports costs and expenses incurred by LTI in connection with its sales of Leader2Leader since Leader2Leader was conceived.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects

to this Request to the extent it is vague and ambiguous, particularly as to the phrases "expenses

incurred," "in connection with its sales" and "conceived" and Leader objects to this Request as

duplicative of other Requests. Leader objects to this Request as overbroad and unduly

- 9 -

burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 56:

56.    For every year since LTI conceived of Leader2Leader, all documents and communications sufficient to determine the costs and expenses incurred in connection with providing Leader2Leader on an annual or other periodic basis.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "expenses incurred" and "in connection with providing." Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 57:

57. All documents and communications that refer to, relate to, or comprise financing requests submitted by LTI to third parties or financing offers made by third parties to LTI.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrases "financing requests" and "financing offers." Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

## REQUEST FOR PRODUCTION NO. 58:

58. All documents and communications that refer to, relate to, or comprise any business plans or proposals that refer to or depend upon either Leader2Leader or the '761 patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrases "business plans or proposals" and "depend upon." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the

discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

### REQUEST FOR PRODUCTION NO. 59:

59.     All documents and communications that refer to, relate to, or comprise any projections of LTI's future business.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "projections of LTI's future business." Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 60:

60.    All documents and communications that refer to or relate to any attempts to sell LTI itself and/or any intellectual property owned by LTI.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Leader objects to this Request as duplicative of other Requests. Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "attempts to sell LTI itself." Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have

- 13 -

not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 61:

61.     All documents that refer to or relate to any awards, reviews or other public recognition received by LTI.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "reviews or other public recognition." Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks to burden Leader with the production of publicly available documents.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 62:

62. All documents that support your contention, if any, that Leader2Leader fulfilled a long-felt need.

- 14 -

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects

to this Request to the extent it is vague and ambiguous, particularly as to the phrase "long-felt

need." Leader objects to this Request to the extent it seeks information which is outside the

possession, custody or control of Leader. Leader objects to this Request as overbroad and

unduly burdensome to the extent it seeks information that is not relevant to any party's claim or

defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible

evidence. Leader objects to this Request to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, or any other applicable law, privilege,

doctrine, or immunity. Leader objects to this Request to the extent it seeks to burden Leader

with the production of publicly available documents and/or documents within the possession,

custody or control of Facebook.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 63:

63.    All documents that refer to, relate to, or support the assertion by LTI that, "Leader
has conducted extensive R&D surrounding the subject of social networking technology for more
than a decade," <www.leader.com/leader2leader.htm>(last visited September 15, 2009).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Leader objects to this Request to the extent it seeks information which is outside the

possession, custody or control of Leader. Leader objects to this Request as overbroad and

unduly burdensome to the extent it seeks information that is not relevant to any party's claim or

defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible

evidence. Leader objects to this Request to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, or any other applicable law, privilege,

doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 64:

64. All documents that support your contention, if any, that others have failed to
fulfill a need in the relevant market that Leader2Leader allegedly fulfills.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects

to this Request to the extent it is vague and ambiguous, particularly as to the phrase "fulfill a

need in the relevant market." Leader objects to this Request to the extent it seeks information

which is outside the possession, custody or control of Leader. Leader objects to this Request as

overbroad and unduly burdensome to the extent it seeks information that is not relevant to any

party's claim or defense in the Litigation and/or not reasonably calculated to lead to the

discovery of admissible evidence. Leader objects to this Request to the extent it seeks

information protected by the attorney-client privilege, the work product doctrine, or any other

applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it

- 16 -

seeks to burden Leader with the production of publicly available documents and/or documents within the possession, custody or control of Facebook.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 65:

65. A fully-functioning copy and/or account sufficient to enable access to and/or use of Leader2Leader, including all its features

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrases "fully-functioning copy" and "account sufficient to enable access." Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 66:

66. A fully-functioning copy and/or account sufficient to enable access to and/or use of Leader2Leader Enterprise Social Networking, including all its features.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrases "fully-functioning copy," "account sufficient to enable access" and "Leader2Leader Enterprise Social Networking." Leader objects to this Request as overbroad and unduly

- 17 -

burdensome to the extent it seeks information that is not relevant to any party's claim or defense

in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 67:

67. A copy of the complete source code for Leader2Leader.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to

the phrase "complete source code." Leader objects to this Request as overbroad and unduly

burdensome to the extent it seeks information that is not relevant to any party's claim or defense

in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 68:

68. All documents and communications that refer to or relate to the conception,
design, development, implementation, research, testing, evaluation, production, and/or sales of
Leader2Leader, including, but not limited to, meeting notes, memoranda, correspondence, data
sheets, test data, test results, analyses, drawings, design diagrams, design reviews, technical files,
notes, engineering notebooks, invention disclosure forms, laboratory notebooks, reports, graphs,
charts, articles, presentation materials, workbooks, electronic mail, and/or the first drawing or
sketch and the first written description of Leader2Leader.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects

to this Request to the extent it is vague and ambiguous, particularly as to the phrases

"conception" and "first written description." Leader objects to this Request to the extent it is

duplicative of other Requests. Leader objects to this Request to the extent it seeks information

which is outside the possession, custody or control of Leader. Leader objects to this Request as

overbroad and unduly burdensome to the extent it seeks information that is not relevant to any

party's claim or defense in the Litigation and/or not reasonably calculated to lead to the

discovery of admissible evidence. Leader objects to this Request to the extent it seeks

- 18 -

information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 69:

69.    All documents and communications sufficient to identify each person involved in any way in the conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing, and/or evaluation of Leader2Leader..

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects to this request to the extent it is vague and ambiguous, particularly as to the phrases "conception" and "reduction to practice." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 70:

70.     All documents and communications that describe the operation of Leader2Leader,
including without limitation all user manuals, installation manuals, administrator manuals and
other documentation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

Leader objects to this Request as duplicative of other Requests. Leader objects to this

request to the extent it is vague and ambiguous, particularly as to the phrase "describe the

operation." Leader objects to this Request as overbroad and unduly burdensome to the extent it

seeks information that is not relevant to any party's claim or defense in the Litigation and/or not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 71:

71.     All documents and communications that refer to or relate to the conception,
design, research, experimental work, development, reduction to practice, examination, analysis,
testing and/or evaluation of the social networking feature(s), if any, of Leader2Leader, including,
but not limited to, documents sufficient to identify each person involved in any way in the

conception, design, research, experimental work, development, reduction to practice, examination, analysis, testing, and/or evaluation of such social networking feature(s).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Leader objects to this Request to the extent it calls for a legal conclusion. Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the "conception," "reduction to practice" and "social networking feature(s)." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 72:

72.    All documents and communications that refer to or relate to the marketing, advertising and other commercial promotion of Leader2Leader and/or Leader2Leader Enterprise Social Networking.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "commercial promotion." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request to the extent it seeks information which is outside the

-21-

possession, custody or control of Leader. Leader objects to this Request to the extent it seeks to burden Leader with the production of publicly available documents. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 73:

73. Documents sufficient to identify all customers of Leader2Leader and/or Leader2Leader Enterprise Social Networking.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "all customers of Leader2Leader." Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information related to "all customers of Leader2Leader." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information related to "all customers."

- 22 -

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 74:

74.    Documents sufficient to identify every third party who participated in any testing or evaluation of Leader2Leader, including without limitation early adopters, actual or potential customers and members of the press.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrases "participated in any testing or evaluation" and "early adopters." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

- 23 -

**REQUEST FOR PRODUCTION NO. 75:**

75.    All documents and communications relating to Leader2Leader which refer to the '761 patent or the alleged invention embodied in the '761 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Leader objects to this Request to the extent it calls for a legal conclusion.  Leader objects to this Request to the extent it is duplicative of other Requests.  Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity.  Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.  Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

**REQUEST FOR PRODUCTION NO. 76:**

76.    All documents and communications showing or describing how Leader2Leader is, was, or has been marked with the '761 patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Leader objects to this Request to the extent it is duplicative of other Requests. Leader

objects to this Request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or

immunity. Leader objects to this Request as overbroad and unduly burdensome to the extent it

seeks information that is not relevant to any party's claim or defense in the Litigation and/or not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, Leader

responds as follows: to the extent Leader understands this Request and such documents exist,

Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a

reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 77:

77.    All documents that refer to, relate to, or comprise the reasons customers purchase
and/or have chosen to use Leader2Leader, including, but not limited to, customer reports,
correspondence, sales, meeting minutes, and competitive market analyses, and all documents
relating to returns of, or complaints or negative comments regarding, any such product, system
process or method.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to

the phrase "reasons customers purchase and/or have chosen to use Leader2Leader." Leader

objects to this Request as duplicative of other Requests. Leader objects to this Request to the

extent it seeks information which is outside the possession, custody or control of Leader. Leader

objects to this Request as overbroad and unduly burdensome to the extent it seeks information

that is not relevant to any party's claim or defense in the Litigation and/or not reasonably

calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks to burden Leader with the production of publicly available documents and/or documents within the possession, custody or control of Facebook. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 78:

78. All white papers or other publications that refer to or relate to either Leader2Leader or the '761 patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Leader objects to this Request as duplicative of other Requests. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks to burden Leader with the production of publicly available documents and/or within the possession, custody or control of Facebook.

- 26 -

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 79:

79.    All documents that refer to, relate to, or comprise any licenses that LTI has taken in the intellectual property of any third party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "any license" and "any third party." Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity. Leader objects to this Request to the extent it seeks the production of a third-party's confidential, proprietary, and/or trade secret information for which Leader is under a legal or contractual obligation to keep confidential.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have

not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

## REQUEST FOR PRODUCTION NO. 80:

80.    All documents constituting or relating to any communications with Jeffrey Lamb taking place after the termination of his employment with LTI, that relate in any way to (a) the '761 patent or the alleged invention embodied therein; (b) any LTI product including without limitation Leader2Leader; (c) this Litigation; (d) Facebook; or (e) social networking.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Leader objects to this Request to the extent it is vague and ambiguous, particularly as to the phrase "termination of his employment" and "social networking." Leader objects to this Request as duplicative of other Requests. Leader objects to this Request to the extent it seeks information which is outside the possession, custody or control of Leader. Leader objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is not relevant to any party's claim or defense in the Litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. Leader objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific objections, Leader responds as follows: to the extent Leader understands this Request and such documents exist, Leader has already produced the responsive documents, and to the extent these documents have not been produced, Leader will produce responsive non-privileged documents located after a reasonable search of documents in its custody and control that are relevant to this Litigation.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. André
Lisa Kobialka
James Hannah
King & Spalding, LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, California 94065-6109
(650) 590-7100

Dated: October 16, 2009
938065

By: _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Plaintiff-Counterdefendant
Leader Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 16, 2009, true and correct

copies of the within document were served on the following counsel of record, at the addresses

and in the manner indicated:

### BY EMAIL AND FIRST CLASS MAIL

Thomas P. Preston, Esq.
Steven L. Caponi, Esq.
Blank Rome LLP
1201 Market Street
Wilmington, DE 19801
Preston-T@blankrome.com
caponi@blankrome.com

Heidi L. Keefe, Esq.
Mark R. Weinstein, Esq.
Jeffrey Norberg, Esq.
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
hkeefe@cooley.com
mweinstein@cooley.com
jnorberg@cooley.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

904147v1