# EXHIBIT C



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/010,591 | 07/02/2009 | 7,139,761 | 1630682-0011 | 6253 |

74877    7590    09/25/2009

King and Spalding LLP
1700 Pennsylvania Ave, NW
Suite 200
Washington, DC 20006

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 09/25/2009

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

WHITE & CASE LLP

PATENT DEPARTMENT

1155 AVENUE OF THE AMERICAS

NEW YORK, NY 10036

MAILED

SEP 25 2009

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/010,591*.

PATENT NO. *7,139,761*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| Order Granting / Denying Request For Ex Parte Reexamination | Control No. 90/010,591 | Patent Under Reexamination 7,139,761 | |
|---|---|---|---|
| | Examiner Deandra M. Hughes | Art Unit 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>02 July 2009</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the date of service of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Deandra M Hughes/
Primary Examiner, Art Unit 3992

cc:Requester ( if third party requester )

# ORDER GRANTING REQUEST FOR *EX PARTE* REEXAMINATION

1. Substantial new questions of patentability ("SNQ") affecting <u>claims 1-2, 4-16, 21-29, and 31-35</u> of USP 7,139,761 ("**McKibben**") have been proposed by the third party requester ("**3PR**") in the *ex parte* reexamination request filed July 2, 2009 ("**Request**").

## *References Cited in this Action*

2. USP 6,236,994 to Swartz et al. published May 22, 2001 ("**Swartz**")

3. USP 6,941,313 to Seliger et al. published Sep. 6, 2005. ("**Seliger**")

4. USP 6,370,538 to Lamping et al. published Apr. 9, 2002 ("**Lamping**")

5. USP 6,434,403 to Ausems et al. published Aug. 13, 2002. ("**Ausems**")

## *Prosecution History*

6. The prosecution history of the application (10/732,744) which became the **McKibben** patent is presented below.

- On Dec. 10, 2004, Applicant presented <u>claims 1-44</u> for examination.

- On June 3, 2005, the Examiner rejected <u>claims 1-44</u> in a non-final office action under 35 U.S.C. §102(e) as being anticipated by McKelvie (Pub. No. 2003/0217096).

- On Nov. 3, 2005, Applicant amended <u>claims 1, 3-10, 12-14, 16-19, 26, 32, 36, 40-42 and 44</u>. <u>Claims 11, 27, and 30</u> were cancelled.

- On Jan. 5, 2006, the Examiner rejected <u>claims 1-10, 12-26, 28-29, and 31-44</u> in a final office action under 35 U.S.C. §103(a) as being unpatentable over McKelvie in view of Smiga (USP 6,421,678).

- On May 5, 2006, Applicant filed an RCE and an amendment cancelling <u>claims 1-17</u>, and amending <u>claims 18-26, 29, 36, and 39-41</u>.

- On Aug. 15, 2006, an interview was initiated and amendment to <u>claims 18, 26, 36, 41, 45, and 52</u> to overcome the prior art was discussed.

- On Aug. 30, 2006, <u>claims 18-26, 28-29, 31-41, 45-49, 51-57, and 59</u> were allowed. <u>Claims 18, 26, 36, 40-41, and 45</u> were independent. The

Examiner amended independent claims 18, 26, 36, and 45 to put the said claims in condition for allowance.

The crux of the amendments was as follows (see NOA):

- stored metadata is dynamically updated based on a change of the user from one context to another wherein the user accesses the data from the second context; (pg. 3, claim 18 and pg. 11, claim 45); and

- the stored metadata is dynamically updated with an association of the data, the application, and the second user environment wherein the user employs at least one of the application and the data from the second environment. (pg. 5, claim 26 and pg. 7, claim 36)

7. Based on the prosecution history of the **McKibben** patent, the Examiner considers the following teachings to form the proper basis for a SNQ for **claims 1-2, 4-16, 21-29, and 31-35.**

   (I)  stored metadata is dynamically updated based on a change of the user from one context to another wherein the user accesses the data from the second context; *or*

   (II) the stored metadata is dynamically updated with an association of the data, the application, and the second user environment wherein the user employs at least one of the application and the data from the second environment.

### *Decision*

8. The Request indicates that 3PR considers:

   (A) **Claims 1-2, 4-15, 21-27, 29, and 31-34** are anticipated by **Swartz**.

   (B) **Claims 1-2, 4-16, 21-29, and 31-35** are anticipated by **Seliger**.

   (C) **Claims 1-2, 4-16, 21-29, and 31-35** are anticipated by **Lamping**.

   (D) **Claim 16** is obvious over **Swartz** in view of **Ausems**.

9.   With regard to **(A)** and **(D)**, it is agreed that the consideration of **Swartz** raises a

SNQ as to <u>claims 1-2, 4-16, 21-29, and 31-35</u> of the **McKibben** patent. **Swartz**

discloses

> "use of a knowledge repository containing record of integration transactions, context information from users and applications, information metadata catalog, knowledge access control, application activation rules, metadata and rules for knowledge integration, knowledge generation, knowledge visualization, 'live' knowledge links, task execution, and case-based data for regulatory review" (<u>col. 4:33-40</u>).

**Swartz** was not before the Examiner during the prosecution of the **McKibben**

patent and there is a substantial likelihood that a reasonable examiner would consider

the said teaching of **Swartz** important in deciding whether the claims of the **McKibben**

patent are patentable. Accordingly, **Swartz** raises a SNQ as to <u>claims 1-2, 4-16, 21-27, 29, and 31-35</u>, which question has not been decided in a previous examination of the of

the **McKibben** patent.

10.   With regard to **(B)**, it is agreed that the consideration of **Seliger** raises a SNQ as

to <u>claims 1-2, 4-16, 21-29, and 31-35</u> of the **McKibben** patent. **Seliger** discloses

> "By carrying out certain actions, referred to as 'context gestures,' a user using a context-managed environment causes context data to be generated and transmitted through the context manager. The context gestures may take any of numerous forms, but generally are responsive to a need by the user to move between applications or windows executing in a data processing system. The context in which the gestures are carried out may be transmitted from a first application to a second application to simplify the work of the user, as described above, so that the second applications 'knows' what context the user is working in at the time the user shifts from using the first to using the second application. This looking-ahead functionality is a shortcut that shifts some of the burden of cross-application work from the user to the context manager. " (<u>col. 2:17-32</u>).

**Seliger** was not before the Examiner during the prosecution of the **McKibben**

patent and there is a substantial likelihood that a reasonable examiner would consider

the said teaching of **Seliger** important in deciding whether the claims of the **McKibben** patent are patentable. Accordingly, **Seliger** raises a SNQ as to <u>claims 1-2, 4-16, 21-29, and 31-35</u>, which question has not been decided in a previous examination of the of the **McKibben** patent.

11. With regard to **(C)**, it is agreed that the consideration of **Lamping** raises a SNQ as to <u>claims 1-2, 4-16, 21-29, and 31-35</u> of the McKibben patent. **Lamping** discloses

> "A property analyzer will sense operation of the movement mechanism and analyze properties attached to the first document when the representation of the first document is to be moved into the second containment structure. A property changer will alter at least one of the properties of the first document based on information received from the property analyzer. By this arrangement, a user may generate a structure of document organization in a system which separates a document's content and the properties of a document." (<u>col. 2:28-36</u>).

**Lamping** was not before the Examiner during the prosecution of the **McKibben** patent and there is a substantial likelihood that a reasonable examiner would consider the said teaching of **Lamping** important in deciding whether the claims of the **McKibben** patent are patentable. Accordingly, **Lamping** raises a SNQ as to <u>claims 1-2, 4-16, 21-29, and 31-35</u>, which question has not been decided in a previous examination of the of the **McKibben** patent.

### Conclusion

12. For the reasons set forth above, <u>claims 1-2, 4-16, 21-29, and 31-35</u> of **McKibben** will be reexamined.

13. All correspondence relating to this *inter partes* reexamination proceeding should be directed:

> By Mail to: Mail Stop *Inter Partes* Reexam
> Attn: Central Reexamination Unit

> Commissioner for Patents
> United States Patent &.Trademark Office
> P.O. Box 1450
> Alexandria, VA 22313-1450
>
> By FAX to: (571) 273-9900
> Central Reexamination Unit
>
> By hand: Customer Service Window
> Randolph Building
> 401 Dulany Street
> Alexandria, VA 22314

Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at:

https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html.

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

| Signed: | Conferees: |
|---|---|
| /Deandra M. Hughes/ | /A. J. G./ |
| Deandra M. Hughes | Examiner, Art Unit 3992 |
| Primary Examiner | ESK |
| Central Reexamination Unit 3992 | |
| (571) 272-6982 | |