

## Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

**www.potteranderson.com**

Philip A. Rovner
Partner
provner@potteranderson.com
(302) 984-6140    Direct Phone
(302) 658-1192    Fax

October 21, 2009
Public Version - October 28, 2009

**BY E-FILE AND HAND DELIVERY**

**PUBLIC VERSION**

The Honorable Leonard P. Stark
Magistrate Judge
U.S. District Court for the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801-3556

       Re:     Leader Technologies, Inc. v. Facebook, Inc.,
               C. A. No. 08-862-JJF(LPS)

Dear Judge Stark:

Leader Technologies ("Leader") submits this letter regarding Facebook's failure to comply with the Court's September 4, 2009 Order ("Court's Order") and its discovery obligations under the Federal Rules of Civil Procedure. Specifically, Leader seeks an order from the Court to compel Facebook to produce all requested technical documents, financial and marketing documents, and documents from previous litigations.

Leader has been seeking Facebook's document production for eight months. Leader served its first set of Requests for Production on February 20, 2009. Since then, Leader has moved the Court three times to compel the production of Facebook's documents. Now with 30 days left until the close of discovery, Leader is forced to move the Court a fourth time for an order compelling Facebook to produce documents in this case.

This matter is ripe for the Court's consideration as the parties have exchanged numerous correspondence and participated in a number of meet-and-confers relating to this matter over the course of many months. See *e.g.* Exhibits 1-10.

**Facebook Should be Compelled to Produce All Technical Documents**

In accordance with the Court's Order, Leader provided Facebook a list of source code modules for which it sought the production of technical documents. In response, Facebook produced approximately 4,390 pages of documents. Of those, 3,992 were public documents, most of which related to an open source project sponsored by Apache, a third party. Thus, Facebook's entire production of relevant documents was 398 pages.

In the 398 pages, Facebook produced few, if any, documents relating to research, design, implementation, development, engineering, programming, structure, performance or operation of the Facebook website. Leader did not find any emails, specifications, presentations, schematics, flow charts, troubleshooting guides, service bulletins, technical bulletins, white papers, or instruction manuals as requested by Leader in its Requests for Production. It is surprising that Facebook has not produced any of these documents because most, if not all, technology companies maintain these types of documents in the normal of course business.



Leader contacted Facebook about its deficient document production ███████████ ████████ Specifically, Leader informed Facebook that it still had not produced all technical documents pursuant to the Court's Order and responsive to Leader's Request for Production Nos. 4-8, 18, 23-31, 33-43, 54-59 and 64-65. ████████████████████████████████

Facebook also represented that it had not, and would not, search for relevant emails. ████████

██████ Facebook believes that it is no longer required to comply with the Court's Order and the Federal Rules of Civil Procedure. Facebook is wrong; the rules require Facebook to produce all relevant, non-privileged documents which have been requested by Leader.

Facebook's refusal to search for and produce email is equally disconcerting. One of Facebook's excuses is that the definition of technical documents does not include emails. Facebook's understanding is directly contradictory to the applicable Federal Rule of Civil Procedure. The Advisory Committee Notes to Federal Rule of Civil Procedure 34 explicitly state that documents and other electronically stored information include emails. Furthermore, Leader's definition of "document" in its Request for Production explicitly includes emails. Thus, Facebook is required to search for and produce emails because the Court ordered Facebook to produce all technical documents which relate to the source code modules identified by Leader, and Leader requested such documents in its Request for Production.

Facebook's second excuse for not producing email is that it would take many months to search for, collect, and produce relevant emails. Even if this were true, Facebook has now had eight months to search for relevant documents, including emails. While it may be a burdensome process to collect all relevant emails in a short amount of time, the burden was created by

Facebook's delay tactics, not by Leader. Accordingly, Facebook should be compelled to produce all technical documents pursuant to the Court's Order and Leader's Requests for Production Nos. 4-8, 18, 23-31, 33-43, 54-59 and 64-65 immediately.

Notably, written discovery is scheduled to close in 30 days. Thus, Facebook's delay tactics have left Leader without any opportunity to propound additional written discovery requests relating to Facebook's documents. To avoid any future prejudice to Leader, Facebook should be compelled to comply with the Court's Order and produce all technical documents responsive to Leader's Requests for Production.

## Facebook Should be Compelled to Produce All Marketing and Financial Documents

Facebook has failed to provide Leader with all responsive documents to Leader's Requests for Production Nos. 28-29, 33-43, and 45-59 which are directed to relevant financial and marketing documents. To date, Facebook has produced only a limited amount of financial documents, and has produced little, if any, marketing or other promotional materials. Notably missing from Facebook's limited production is information about competitors and especially financial and marketing documents from 2008 and 2009. 

After an exchange of correspondence and meet-and-confers between counsel, Facebook's evasive response to Leader's Requests for Production of financial and marketing documents is that it will produce responsive documents on a rolling basis in accordance with the rules.

Facebook initial objection to producing documents in response to a number of these Requests for Production was that it could not understand Leader's basis for its claim of infringement. However, this was never a valid excuse. Nevertheless, Leader recently supplemented its infringement contentions, but Facebook still withholds highly relevant documents relevant to this case. Leader requests that the Court order Facebook to produce all responsive financial and marketing documents to its Requests for Production Nos. 28-29, 33-43, and 45-59 in order to prevent Facebook from causing any further prejudicial delay in this case to Leader.

## Facebook Should be Compelled to Produce All Documents from Previous Litigations

Facebook has refused to confirm whether it will produce documents from previous litigations. Leader requested Facebook to produce all documents related to Facebook's previous litigation after Leader supplemented its infringement contentions pursuant to the Court's July 28, 2009 Order. After numerous requests to Facebook to produce documents from previous litigations, Facebook refused to provide Leader with a position as to whether it would produce the requested documents. As with the technical and financial documents, Leader cannot afford any further delay in Facebook's document production and respectfully requests an order compelling Facebook to produce all documents from previous litigations.

The Honorable Leonard P. Stark
October 21, 2009
Page 4

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)
provner@potteranderson.com

PAR /mes/938598
cc: Steven L. Caponi, Esq. -- By E-File and E-mail
    Heidi L. Keefe, Esq. -- By --E-mail
    Paul J. Andre, Esq. -- By E-mail

# EXHIBIT 1

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
Tel: (650) 590-0700
Fax: (650) 590-1900
www.kslaw.com

Rowena Young
Direct Dial: (650) 590-0714
Direct Fax: (650) 590-1900
rowenayoung@kslaw.com

June 30, 2009

**VIA E-MAIL**

Craig W. Clark
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Re: _Leader Technologies, Inc. v. Facebook, Inc._, 1:08-cv-00862-JJF (D.Del.)

Dear Craig:

We write regarding Facebook, Inc.'s ("Facebook") document production to date, production of source code and technical documents, and production of documents and things from relevant prior litigations.

Facebook claimed in its Brief in Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Requests For Production and First Set of Interrogatories ("Opposition") that Facebook's document production "mooted [Leader's] motion with respect to all issues related to Facebook's counterclaims and affirmative defenses and financial, marketing, valuation and competitive information." Dk. No. 48, pg. 1. We have thoroughly reviewed Facebook's document production (which consists of fewer than 3,000 documents) and are surprised at the incomplete nature of the production given Facebook's representations to Leader and to the Court. Facebook's production did not include any valuations, budgets, financial information or marketing documents after 2007, nor did the production include any competitor information. Based on public information, we understand that valuations of Facebook have been conducted since 2007, with at least one as recently as May 2009. Facebook has not produced any of this highly relevant information. Furthermore, we find it extremely difficult to believe that Facebook does not have in its possession any relevant company, financial, and marketing information from 2008 and 2009 or any competitor information at all given the active nature of the company.

Accordingly, Leader requests that Facebook immediately supplement its document production with relevant company, financial, marketing, and competitor documents through 2009.

With respect to Facebook's production of source code and technical documents. Facebook provided Leader with a list of directory file names without hierarchical information or explanation on June 19, 2009 instead of the agreed upon listing or map of source code or modules. Leader has attempted to work with this list to facilitate moving discovery forward in an efficient manner. In a letter from Paul Andre, dated June 26, 2009, Leader requested 89 of the 400 listed files. With this concession, Leader anticipates production of the relevant source code and accompanying technical documents. Please confirm that such production will be provided in the next 2 weeks.

Finally, Leader has repeatedly requested documents from Facebook's prior litigations. *See* Leader's Request for Production No. 18; Leader's Motion to Compel, Dk. No. 39, pg 16. The technology of the Facebook website and the development of the company were previously at issue in multiple litigations. Sworn testimony, documents, and information regarding the company, the technology, and their development is relevant to this litigation. For example, this information is relevant to Leader's infringement and willfulness case and therefore Facebook is obligated to produce it. Any such testimony, documents, and information regarding the technology and the company that Facebook intends to present at trial is also relevant and Facebook is obligated to produce it. Leader again requests that Facebook produce the testimony, documents, and information from prior litigations. Now that Leader has made a preliminary identification of the relevant Facebook source code and technology, Facebook can no longer claim that the issue of such production is premature.

We continue to be available for further discussion as to the issues raised in this letter. As always, please do not hesitate to contact me with any questions.

Very truly yours,

Rowena Young

# EXHIBIT 2

# KING & SPALDING

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
Tel: (650) 590-0700
Fax: (650) 590-1900
www.kslaw.com

Rowena Young
Direct Dial: (650) 590-0714
Direct Fax: (650) 590-1900
rowenayoung@kslaw.com

July 2, 2009

**VIA E-MAIL**

Craig W. Clark
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Re:   *Leader Technologies, Inc. v. Facebook, Inc.*, 1:08-cv-00862-JJF (D.Del.)

Dear Craig:

I write to summarize the discussions between Facebook, Inc. ("Facebook") and Leader Technologies, Inc. ("Leader") on June 29 and July 1, 2009 regarding certain outstanding discovery issues.

As we noted in our letter of June 23, 2009, a number of Facebook's answers to Leader's First Set of Requests for Admission ("RFA") (Nos. 1-34) were non-responsive and appeared to attempt to evade the plain language of the RFAs. Leader believes that the RFAs which Facebook claims are "vague" or "internally inconsistent" would be clearly understood by anyone familiar with Facebook (and indeed, by Facebook itself); however, in an attempt to facilitate moving discovery forward, Leader offered to clarify certain terms to which Facebook objected if Facebook would supplement its responses with non-evasive answers. Facebook refused this offer and would not consider clarification by Leader, but rather insisted that Leader could serve another set of RFAs. The parties acknowledged that the issue is at an impasse and Leader will refer the matter to the Court for resolution.

With respect to the issues discussed in Leader's letter of June 30, 2009, we understand that Facebook received the letter, but had not read it at the time of the discussion on July 1, 2009. However, in an effort to avoid additional delay in resolving discovery issues, the parties discussed a number of the issues set forth in the June 30 letter. With respect to Facebook's

production of source code and other technical documents, as ordered by the Court, Facebook indicated it could not yet provide a date for production of such information. Leader believes that production on or about July 10, 2009 (two weeks after Leader made an initial identification of potentially relevant source code directories on June 26, 2009) provides Facebook with a sufficient amount of time to collect the source code. If there is a reason why Facebook needs additional time to collect this information, which is readily available to Facebook, please let us know and we will be happy to further discuss a mutually agreeable date for production.

Finally, Leader renewed its request for documents and things from Facebook's prior litigations. Leader again pointed out that sworn testimony, documents, and information regarding the Facebook website and the development of the company are relevant to the current dispute. As an example, Leader understands that the development of the Facebook website was an issue in Facebook's litigation with ConnectU. The development of the Facebook website will likely be an issue in the current matter. Therefore, any positions, representations and statements Facebook has made in prior litigation concerning the development of its website and the formation of the company, including prior deposition testimony of Facebook's principals, are relevant to this matter and Facebook is obligated to produce such information. Furthermore, Facebook cannot continue to claim that production of information from prior litigations is premature as Leader has now made a preliminary identification of the relevant source code from Facebook's list of directories. Facebook, however, continues to insist that such information from prior litigations – including statements Facebook has made concerning the development of the Facebook website – is not relevant to this matter. Unfortunately, because it appears that the parties will not be able to reach agreement on this issue, Leader gave notice that this issue is also at an impasse and will be presented to the Court for resolution.

We look forward to hearing back from you regarding Leader's request that Facebook supplement its current document production with more current information from 2008 and 2009.

We continue to be available for further discussion regarding the issues raised in this letter. As always, please do not hesitate to contact me with any questions. Have a good holiday weekend.

Very truly yours,

Rowena Young

# EXHIBIT 3

# KING & SPALDING

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
www.kslaw.com

Paul Andre
Partner
Direct Dial: (650) 590-0721
Direct Fax: (650) 590-1900
pandre@kslaw.com

July 5, 2009

**VIA E-MAIL**

Heidi L. Keefe
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

Re: *Leader Technologies, Inc. v. Facebook, Inc., 1:08-cv-00862-JJF (D. Del.)*

Dear Heidi:

We write regarding your letter dated July 2, 2009. In your letter you indicated that Facebook is still refusing to provide supporting technical documentation with the requested source code. Judge Farnan intended for supporting technical documents to be produced before, or in conjunction with, Facebook's production of source code, and it is necessary in order to avoid undue expense to both parties in reviewing the code. We note that during the five months discovery has been open, Facebook has failed to produce a single technical document.

We remain willing to discuss a mutually acceptable solution on the issue of technical document production. However, this matter is of the utmost importance and must be resolved as quickly as possible. Accordingly, we intend to bring this issue before the Court as part of the July 14 conference unless it can be resolved before initial letter must be filed on July 9. If you would like to discuss this issue further, please give me a call.

Sincerely,

Paul Andre

# EXHIBIT 4

# KING & SPALDING

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
www.kslaw.com

James Hannah
Direct Dial: (650) 590-0726
Direct Fax: (650) 590-1900
jhannah@kslaw.com

August 12, 2009

**VIA E-MAIL**

Craig Clark
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306

     **Re:**    Leader Technologies Inc. v. Facebook Inc. (1:08-cv-00862-JJF)

Dear Craig:

     I write in response to your letter dated July 31, 2009 which was sent on August 10, 2009. For the reasons discussed below and your representation during our meet and confer on July 22, 2009 that Facebook has a limited amount of technical documents, Leader expects a full production on August 14, 2009 of all technical documents that have been identified in our correspondence of July 21, 2009 and August 7, 2009, pursuant to Judge Stark's order. Furthermore, in response to your request made on August 11, 2009, Leader will not agree to a stay of Facebook's production of technical documents or source code, pending the Court's decision on Facebook's opposition to Judge Stark's July 28, 2009 Order.

     As you know, as a result of the initial source code review, we provided you a list of files, directories, functions and specific documents that Leader requested Facebook to produce on July 21, 2009. Facebook refused to produce any technical documents because the list was not a list of source code modules. When we asked you what a source code module was during our meet and confer on July 22, 2009, you stated that Facebook's definition of a source code module is a directory of files.

     In accordance with Judge Stark's order, and your definition of source code module, on August 7, 2009, we provided you with a list of directories for which Leader requests the production of technical documents from Facebook. In your letter, which is dated July 31, 2009 but sent on August 10, 2009, you again refused to produce technical documents because, again, we allegedly did not provide you a list of source code modules. In your letter, it appears that Facebook's definition of a source code module has now changed, and Facebook now defines a source code module as a file and not a directory.

Our August 7, 2009 letter covers both definitions of source code module. Specifically, we requested all technical documents which relate to the listed directories and, in the event you changed your definition of source code module from directory to file, all technical documents which relate to the files contained in those directories. Those files are found on the listing you provided on July 31, 2009. Moreover, we identified 8 non-limiting categories of documents for which Leader requests production of related technical documents based on our initial source code review and the listing you provided on July 31, 2009. Thus, your attempt to limit the production of technical documents to the listed directories, and not produce technical documents related to the specific files contained in those directories or the categories of documents identified, is improper and contrary to Judge Stark's order. As a result, we reiterate our request for all technical documents identified in our August 7, 2009 correspondence.

Additionally, we reiterate our request for all technical documents identified in our July 21, 2009 correspondence. As explained above, our July 21, 2009 correspondence included a list of files, directories, functions and specific documents based on our initial source code review. Therefore, we expect your production of technical documents on August 14, 2009 will include these technical documents.

Feel free to contact me if you have any further questions regarding this matter.

Regards,

James Hannah

# EXHIBIT 5

# KING & SPALDING

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
www.kslaw.com

Rowena Young
Direct Dial: (650) 590-0714
Direct Fax: (650) 590-1900
rowenayoung@kslaw.com

September 16, 2009

**VIA E-MAIL**

Mark Weinstein
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
mweinstein@cooley.com

Re: **Leader Technologies Inc. v. Facebook Inc. (1:08-cv-00862-JJF)**

Dear Mark:

We write as a follow-up to Craig's July 6, 2009 letter, in which Facebook stated that it would supplement production of Facebook valuation, budget, financial, marketing, and competitor information on a "rolling basis as necessary." Over two months have passed and Facebook has failed to supplement its deficient production. As stated in our June 30, 2009 letter, while Facebook has not produced any valuations, budgets, financial information, or marketing documents after 2007, we understand from public information that valuations of Facebook have been conducted since 2007, with at least one as recently as May 2009. Furthermore, Facebook has completely failed to produce any competitor information. Facebook has had ample time to look into this issue, and has given no explanation for failing to produce these highly relevant documents. Produce these documents by September 30, 2009, or we will be forced to go to the Court for resolution.

Feel free to contact me if you have any questions regarding this matter.

Very Truly Yours,

Rowena Young

# EXHIBIT 6

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# EXHIBIT 7

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
www.kslaw.com

James Hannah
Direct Dial: (650) 590-0726
Direct Fax: (650) 590-1900
jhannah@kslaw.com

September 23, 2009

**VIA E-MAIL**

Jeffrey Norberg
Cooley Godward Kronish LLP
3000 El Camino Real
5 Palo Alto Square, 4th Floor
Palo Alto, CA 94306

Re: **Leader Technologies Inc. v. Facebook Inc. (1:08-cv-00862-JJF)**

Dear Jeffrey:

After careful review of Judge Stark's September 4, 2009 order, it is clear that Leader has fully satisfied its obligations. Specifically, Leader provided Facebook with a list of source code modules for which it seeks the production of technical documents and expects Facebook to fully comply with Judge Stark's order. This means producing all such relevant technical documents by September 29, 2009.

As you know, Leader spent two days reviewing Facebook's source code repository. After its review, Leader identified a very small percentage of the available source code files for which it seeks the production of technical documents. With the end of written discovery less than 60 days away, Leader expects a full production of the technical documents that relate to the source code modules that Leader has identified.

Facebook's newly formed position that is does not organize its technical documents by source code file name is contrary to the representations it has made to the Court. Facebook advocated to the Court on several occasions that Leader should be forced to identify the source code files for which it seeks the production of technical documents. Now that Leader has done just that, Facebook has taken the position that the identification of source code file names is vague, ambiguous and overbroad, and objects to the production of technical documents based on the source code files names. Facebook's new position appears to be another attempt to limit and/or delay its production of technical documents. We have on numerous occasions during our meet and confer discussions requested that Facebook provide us with information regarding how it maintains its information in an effort to efficiently work through discovery. Facebook declined those requests, and cannot now take this position, after all of our efforts to work with Facebook through its various discovery concerns.

Furthermore, even if Facebook does not organize its technical documents by source code file name, it can still readily find and produce the relevant technical documents based on the source code modules identified by Leader. As you know, the functionality of the Facebook website is implemented by the source code files that are in Facebook's source code repository. Facebook's position that it does not organize its technical documents by source code file name is a red herring because Facebook surely knows the functionality which is implemented by the source code modules identified by Leader and the relevant technical documents related to that functionality. Thus, Facebook can readily obtain and produce all documents which relate to the source code modules identified by Leader no matter how the technical documents are organized.

With regard to Leader's identification of directories, as I explained yesterday, we included those directories out of an abundance of caution. Specifically, Leader was concerned that Facebook would not produce any technical documents because Leader did not identify the directories for which it sought the production of technical documents. However, based on your representation that Facebook understands a source code module to be a file (and not a directory), and that Facebook will not withhold its production because Leader did not identify a list of directories, Leader will withdraw its identification of the directories for which it seeks the production of technical documents. Therefore, Leader only seeks the production of technical documents which relate to the source code files that Leader has identified.

Lastly, Leader does not agree with the superficial limitations that Facebook has placed on Leader's request for technical documents. As explained in Leader's September 22, 2009 letter, and during our call yesterday, the identification of categories is not a limitation of the technical documents that Facebook must produce. Rather, Leader seeks all technical documents which relate to the source code modules identified by Leader. Leader expects that the categories of documents will be covered by the production of technical documents which relate to the source code modules identified by Leader and merely provided the categories as a cautionary measure. Moreover, Leader does not agree with your characterizations of the categories as identified in your September 23, 2009 letter and expects production of all 11 categories, not the 5 categories that you listed.

As always, feel free to contact me if you have further questions regarding this matter.

Regards,

James Hannah

# EXHIBIT 8

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# EXHIBIT 9

## Hannah, James

| | |
|---|---|
| **From:** | Norberg, Jeffrey [jnorberg@cooley.com] |
| **Sent:** | Friday, October 09, 2009 3:59 PM |
| **To:** | Hannah, James |
| **Cc:** | Keefe, Heidi; Weinstein, Mark; Keyes, Melissa; caponi@blankrome.com; Rovner, Philip A.; Andre, Paul; Kobialka, Lisa |

**Subject:** RE: Leader v. Facebook - Correspondence

James,

We have conferred with our client regarding your proposal that Facebook search for and produce e-mail relating to the functionality implemented by each of the php files identified in your September 22 letter. Conducting such a search would require Facebook to review the e-mail accounts of more than 330 Facebook employees and require many months to complete. As we have previously explained to you, the list of files you provided touches nearly every aspect of the Facebook website. Moreover, as we have repeatedly stated, e-mails are not "technical documents" and the production of e-mail in this case is unlikely to lead to the discovery of any evidence beyond what Facebook has already produced - the Source Code and technical documents. Requiring Facebook to review and produce such a large quantity of e-mail is thus unduly burdensome, unreasonable and unnecessary.

As always, we are open to any proposal you may have to resolve this issue without need for Court intervention. However, Facebook's willingness to continue meeting and conferring on this issue, which Leader did not raise until October 1, should not be taken as a reason for Leader to delay compliance with the Court's September 4 Order. We expect Leader to provide full supplemental responses to our contention interrogatories no later than October 15, as ordered by the Court.

Sincerely,

Jeff

---

**From:** Hannah, James [mailto:jhannah@KSLAW.com]
**Sent:** Monday, October 05, 2009 4:22 PM
**To:** Norberg, Jeffrey
**Cc:** Keefe, Heidi; Weinstein, Mark; Keyes, Melissa; caponi@blankrome.com; Rovner, Philip A.; Andre, Paul; Kobialka, Lisa
**Subject:** RE: Leader v. Facebook - Correspondence

Jeff,

Thank you for returning my call in response to your email below. As we discussed, Leader does not believe that Facebook has complied with its discovery obligations or the Court's order with regard to its document production. Leader has received only a limited number of technical documents from Facebook, and has not received any email communications. Furthermore, Leader does not believe that it has received a complete production of financial documents.

In response, Facebook's position is that it is not required to produce any email communications because they are not relevant, and do not fall within the definition of technical documents. Facebook's position with regard to the financial documents is that it will produce the financial documents as required by the rules.

As such, we agreed that the parties are at an impasse with regard to these issues. Specifically, Leader will seek assistance from the Court to compel Facebook to produce all technical documents (including those technical documents identified in previous correspondence) and email communications that relate to the functionality

implemented by the source code modules identified by Leader on September 22, 2009. Leader will also seek a complete production of all financial documents.

Feel free to contact me if you have any questions.

James

---

**From:** Norberg, Jeffrey [mailto:jnorberg@cooley.com]
**Sent:** Monday, October 05, 2009 2:49 PM
**To:** Hannah, James
**Cc:** Keefe, Heidi; Weinstein, Mark; Keyes, Melissa; caponi@blankrome.com; Rovner, Philip A.; Andre, Paul; Kobialka, Lisa
**Subject:** RE: Leader v. Facebook - Correspondence

James,

We requested in our October 2 letter that you participate in a telephonic meet and confer with us if you still intend to move to compel. This call is necessary because you have not yet articulated how your request for essentially every e-mail in the company is reasonably calculated to lead to the discovery of admissible evidence that is not duplicative of Facebook's production of its entire source code and related technical documents. We are willing to consider any reasonably tailored requests for e-mails but your request for every e-mail relating to "the Facebook platform" is ridiculously overbroad. Your refusal to participate in a telephonic meet and confer and your refusal to be more specific in your request for e-mail will be noted in our opposition to your motion to compel.

Also, your statement below regarding Facebook's production of financial documents is inaccurate. Facebook has provided financial documents for the period between 2007 and 2009. As we have repeatedly stated in our prior correspondence, we will supplement our production as required by the rules.

Sincerely,

Jeff Norberg

---

**From:** Hannah, James [mailto:jhannah@KSLAW.com]
**Sent:** Monday, October 05, 2009 1:22 PM
**To:** Norberg, Jeffrey
**Cc:** Keefe, Heidi; Weinstein, Mark; Keyes, Melissa; caponi@blankrome.com; 'Rovner, Philip A.'; Andre, Paul; Kobialka, Lisa
**Subject:** RE: Leader v. Facebook - Correspondence

Jeff,

We write in response to your letter dated October 2, 2009. Facebook's attempt to define the scope of "technical documents" narrowly in order to exclude documents such as e-mails is improper and nonsensical. On February 20, 2009, Leader expressly defined "document" in its First Set of Requests for Production to include "e-mails" and requested emails to be produced. For example, Leader's Request for Production Nos. 4-8, 18, 23-31, 33-43, 54-59 and 64-65 seek all documents and communications relating to certain technical aspects of the Facebook Website.

Furthermore, the Advisory Committee Notes to the Federal Rule of Civil Procedure 34 supports our definition of responsive documents to include emails. As mentioned above, "documents" requested by Leader included emails. This definition is consistent with the Advisory Committee Notes, which state that "electronically stored information" includes e-mail communications.

In our meet and confer efforts since February, Facebook has never informed us that it was not intending to

produce emails. Your letter is the first affirmative statement that you will not collect this highly relevant, technical information that we have been seeking.

Also, your statement that Facebook will continue to produce documents relevant to Leader's claims for damages is improper. Leader has been waiting for these documents for 3 months, and will not wait until the eleventh hour for Facebook to produce these highly relevant documents. Leader cannot afford to wait for Facebook to produce such documents when it feels it is convenient to do so. There is no reasonable explanation why Facebook has failed to produce relevant financial information from 2007 forward at this point.

Due to Facebook's response to our letter dated October 1, 2009 and continued failure to produce relevant technical and financial documents, Leader will be forced to move the Court to compel responses.

Sincerely,

James

**James Hannah**
*Attorney At Law*
King & Spalding LLP

Silicon Valley -
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065

San Francisco -
Four Embarcadero Center, Suite 3500
San Francisco, CA 94111

Phone (SV & SF): (650) 590-0726
Fax (SV & SF): (650) 590-1900
Email: jhannah@kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT 10

King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
Tel: (650) 590-0700
Fax: (650) 590-1900
www.kslaw.com

Rowena Young
Counsel
Direct Dial: 650-590-0714
Direct Fax: 650-590-1900
rowenayoung@kslaw.com

October 16, 2009

VIA E-MAIL

Re:  **Leader Technologies, Inc. v. Facebook - C.A. No. 1:08-cv-00862-JJF-LPS**

Dear Jeffrey,

Pursuant to Magistrate Judge Stark's September 4, 2009 Order, Leader supplemented its Response to Facebook's Interrogatory 1 on October 15, 2009. Leader has now provided two extremely detailed claim charts — one citing to public information and one citing to Facebook's own documents and source code — detailing Leader's infringement allegations. As a result, Facebook no longer has any basis to claim that it does not understand Leader's infringement theory. Accordingly, we expect Facebook to immediately withdraw all objections to Leader's Interrogatories and Requests for Production based on Facebook's inability to understand Leader's infringement theory, and to supplement its Interrogatory Responses and production accordingly. We further remind Facebook that while specific Interrogatories and Requests for Production are identified herein, Facebook has a duty to respond completely to all of Leader's Interrogatories and produce all documents requested.

As an initial matter, Facebook is now obligated to supplement all of its Responses to Interrogatories which did not provide a complete response based Facebook's alleged inability to understand Leader's infringement theory. For example, Facebook refused to provide a complete response to Leader's Interrogatories 1, 2, 3, 4, 15, and 16, based on Facebook's claim that Leader's Response to Facebook's Interrogatory was not sufficient for Facebook to understand Leader's infringement position. In light of Leader's October 15, 2009 Supplemental Response to Interrogatory 1, such an objection is disingenuous.

Facebook is further required to supplement its production with documents responsive to Leader's Requests for Production that were withheld based on Facebook's alleged inability to understand Leader's infringement theory. This was never a valid a basis for refusing to produce these documents, and with Leader's supplementation of Interrogatory 1, Facebook has no further excuse. Facebook stated that they would not produce documents responsive to Leader's Requests for Production 4, 5, 6, 7, 8, 9, 10, 11, 12, 23, 24, 25, 26, 27, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 54, 55, 56, 57, 58, 59, 60, and 61 based on its lack of understanding. We expect Facebook to now produce all documents responsive to these Requests.

Furthermore, in accordance with Magistrate Judge Stark's July 28, 2009 Order, Leader renews its demand that Facebook produce all documents related to Facebook's previous litigations. As stated before, these documents are highly relevant to at least Leader's willfulness case, and no adequate reason has been articulated for withholding them.

Please verify by October 20, 2009 that Facebook will comply with its discovery obligations by supplementing its production and Interrogatory Responses by October 30, 2009 as requested. Otherwise, we will be forced to seek the Court's intervention in this matter.

Sincerely,

Rowena Young