

## Potter
## Anderson
## &Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

www.potteranderson.com

October 22, 2009
**Public Version October 29, 2009**

**BY E-FILE AND HAND DELIVERY**

**PUBLIC VERSION**

The Honorable Leonard P. Stark
Magistrate Judge
U.S. District Court for the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801-3556

> Re:   Leader Technologies, Inc. v. Facebook, Inc.,
> C. A. No. 08-862-JJF(LPS)

Dear Judge Stark:

Leader opposes Facebook's request to order Leader to supplement it responses to Facebook's Interrogatories Nos. 4 and 11 or a stay on discovery regarding willful infringement. Contrary to Facebook's claim, Leader has provided facts to support its willfulness charge, and is seeking fact discovery of information that Facebook has sole control over to provide further support of its claim. Facebook is attempting to dispose of Leader's willfulness claim before it has produced a single relevant document, or any witnesses to provide testimony on the subject. At issue is whether Facebook acted with reckless disregard after learning of Leader's patented technology. Facebook's conduct and actions are what is under consideration, information under the control of Facebook and information that Facebook refuses to provide Leader. As such, Facebook's request should be denied.

### Leader has provided Sufficient Facts in its Responses to Facebook Interrogatories

Leader has provided sufficient facts regarding Facebook's willful infringement of the '761 Patent. Specifically, Leader provided Facebook with all facts that support its willfulness claim based on the public information available to Leader. [1]



---

[1]



Facebook is misguided in relying on *Synapsis, LLC v. Evergreen Data Sys., Inc.* to support its position that Leader's use of "on information and belief" is improper. No. C 05-1524 JF, 2006 U.S. Dist. LEXIS 53928 (N.D. Cal. July 21, 2006). In *Synapsis*, the defendant had produced the relevant documents to the plaintiff. *Id.* at *5. ("[S]ynapsis offers to provide supplementary responses, in light of its review of documents produced by Evergreen. It is hereby ordered to do so."). In our case, it is undisputed that Facebook has produced no documents related to the design or development of the initial Facebook website. Leader is unable to supplement its response until the proper discovery is provided by Facebook, as the documents and testimony will support Leader's position.

Leader has also never stated that Facebook willfully infringes the '761 Patent solely through constructive notice of the '761 Patent. Leader identifies notice through product marking in its response to Interrogatory No. 4 because the interrogatory specifically requests when Facebook was provided notice of the '761 Patent. Leader also indicated that Facebook was at least provided constructive notice through marking of Leader products with the '761 Patent. Thus, Facebook's claim is without merit and irrelevant to the issue.

<u>Facebook has Provided no Discovery into Willful Infringement</u>

Facebook's argument that Leader has provided insufficient facts related to willfulness is disingenuous given that Facebook has not provided any discovery related to the matter. Leader requested documents related to the initial design and development of the Facebook website as early as February 20, 2009.[2] Furthermore, it requested documents from prior litigations,[3] where the design and development of the initial Facebook website would have been discussed at length. Nonetheless, Facebook has failed to provide Leader any relevant documents or communications related to the design and development of the initial version of the Facebook website, Facebook patent applications or patents which may have disclosed the '761 Patent, and meeting notes or competitive intelligence on market competitors and other emerging companies, which would have potentially disclosed knowledge of Leader and its relevant technology. Indeed, with Facebook's admission that it has never looked for responsive relevant emails for production, it is becoming increasingly apparent that Facebook has not sufficiently searched for responsive information at this stage of the case.

---

[2] Leader's Requests for Production Nos. 26, 27, 30, 31, and 60.
[3] Leader's Requests for Production Nos. 18, 19, and 20.

Furthermore, Leader has not taken any depositions yet as depositions are not scheduled to begin until after the close of written discovery. Thus, Leader should be permitted an opportunity to investigate what Facebook's actions were after learning of the patented technology and not just rely on the public information available, since the vast majority of relevant information remains in the hands of Facebook.

Facebook has asked that Leader simply take their word that they had no knowledge of the '761 Patent, Leader, or Leader's white paper marked with "PATENTS PENDING." Facebook argues in their letter that it is relieved of its discovery obligations under the Federal Rules of Civil Procedure because it has provided statements that it had no knowledge of the '761 Patent, Leader, or the Leader white paper. Facebook has cited no authority supporting this assertion and Facebook's conduct in discovery suggests that Facebook will never provide relevant information unless compelled by the Court. Leader should be permitted discovery verifying Facebook's claim it does not willfully infringe the '761 Patent. Facebook's statements hold little or no value, and Leader is unaware of any case in which the defendant admitted that they willfully infringed an asserted patent. Therefore, preclusion of Leader's, willfulness claim is improper.

<u>Facebook's Request for a Stay in Discovery related to Willfulness is Improper</u>

Facebook's request for a stay on discovery should be denied. Motions to stay discovery are generally disfavored, and the moving party must meet a heavy burden, and make a strong showing why discovery should be denied. *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 U.S. Dist. LEXIS 76051 (N.D. Cal. Oct. 5, 2006). Facebook has failed to even come close to meeting this heavy burden for staying discovery. Indeed, by refusing to produce discovery, Facebook has effectively stayed discovery on the issue. This issue is being used as another tool to stop discovery because Facebook has not made a showing of why discovery should be denied.

<u>Conclusion</u>

Facebook is attempting to do an end-around to avoid its discovery obligations. Even though Leader has provided an analysis of its willfulness claim, based on the public information available, Facebook is demanding that Leader provide evidence that is exclusively in its control but has not been produced. For this reason, Facebook's request should be denied. Furthermore, Facebook should be ordered to produce the relevant documents, as discussed in Leader's Opening Letter Brief, filed on October 21, 2009.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)
provner@potteranderson.com

PAR /mes/938788
cc: Steven L. Caponi, Esq. – By E-File and E-mail
    Heidi L. Keefe, Esq. – By –E-mail
    Paul J. Andre, Esq. – By E-mail
Public Version: October 29, 2009