

Phone:   (302) 425-6408
Fax:     (302) 428-5106
Email:   Caponi@BlankRome.com

October 21, 2009

**BY HAND & ELECTRONIC FILING**     **CONFIDENTIAL – FILED UNDER SEAL**

The Hon. Leonard P. Stark     **PUBLIC VERSION**
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

Re:   *Leader Technologies, Inc. v. Facebook, Inc.*, Civ. No. 08-862-JJF-LPS

Dear Judge Stark:

Pursuant to the Court's October 16, 2009 Order, Facebook requests that Leader be ordered to provide complete responses to Facebook's Interrogatory Nos. 4 and 11, which seek Leader's contentions regarding its allegation of willful infringement.

To date, Leader has never provided even a single fact in support of its claim of willful infringement,

To the extent Leader had a Rule 11 basis for alleging willful infringement, Leader must disclose that basis now. If Leader had no such factual basis, it must state so in response to Facebook's discovery.

Facebook has already provided discovery responses unequivocally stating that Facebook was unaware of Leader, Leader's patent, or anything from Leader prior to the filing of this litigation.[1] (Ex. B at 15-16). Facebook should not be subjected to further fishing expeditions on this issue if Leader has no factual basis for asserting this claim. Therefore, to the extent Leader cannot provide any factual support for its claims of willful infringement, as Leader's current responses imply, Facebook requests an order staying all discovery on the issue of willful

---

[1] Willful infringement requires actual knowledge of the patent. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement *of a valid patent*."); *see also State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("to willfully infringe *a patent*, the patent must exist and one must have knowledge of it.").



October 21, 2009
Page 2

infringement to allow Facebook time to negotiate a stipulated dismissal of the willfulness claim or move for summary adjudication.

### Relevant Background

Leader filed this action for claimed infringement of a single patent – U.S. Patent No. 7,139,761 (the "'761 patent") on November 19, 2008. Leader's complaint included a bare allegation that Facebook has allegedly willfully infringed the '761 patent. (Compl. ¶ 11).

Knowing it had never known of or received the patent prior to the case, Facebook served Interrogatory No. 4 asking Leader to "Identify with particularity all evidence, documents and the complete factual basis of [Leader's] allegation of willful infringement, including but not limited to, the precise circumstances by which notice (if any) of the '761 patent was allegedly provided to Facebook prior to the filing of the Complaint in this action"; Requests for Admission Nos. 1-8, which seek admissions regarding Leader's factual basis for its willfulness claims; and Interrogatory No. 11, which asked Leader to provide the complete factual basis for Leader's denials of Facebook's Requests for Admission. (Exs. C, D and E, respectively).

In response, Leader did not provide any factual basis for its claim of willful infringement. This is insufficient to sustain a claim of willfulness as a matter of law. Leader has never provided any facts upon which it based its claim of actual notice of the '761 patent to Facebook.

Leader's responses to Facebook's Requests for Admission and Interrogatory No. 11 were similarly devoid of facts. In explaining its denials in Interrogatory No. 11, Leader provided the same blanket "information and belief" claim it made in response to Interrogatory No. 4, regardless of whether the blanket explanation was responsive to each request.

### Argument

Facebook has never understood Leader's claim of willful infringement, since Facebook knows that it never knew of or received the '761 patent before this lawsuit was filed. Leader should be compelled to disclose all facts of which it aware, including those used to formulate its Rule 11 basis for its claim of willful infringement. If Leader has no such facts, it should so state.

Leader's recitation of "information and belief" without providing any underlying facts is improper. Making allegations on "information and belief" is a practice limited to pleadings and



Page 3

has no place in interrogatory responses. *Synapsis, LLC v. Evergreen Data Sys., Inc.*, No. C 05-1524 JF, 2006 U.S. Dist. LEXIS 53928, at *4 (N.D. Cal. Jul. 21, 2006). In responding to interrogatories, a party who "'believes' a certain fact to be true, but is concerned that it does not currently possess documents or other evidence sufficient to prove that fact, may so state, but it should also state the *factual basis* of its belief." *Id* at *5. Leader has failed to do even this much and Facebook still has no knowledge of what facts led Leader to believe that Facebook had any knowledge of the '761 patent (or Leader) before this litigation was filed.

*re Seagate*, 497 F.3d at 1371. Facebook has unequivocally denied knowledge of this white paper or the patent.

Leader's conclusory claim that Facebook had actual or constructive notice of the '761 patent is similarly insufficient. As an initial matter, constructive notice of a patent is insufficient to support a claim of willful infringement. *See Imonex Servs., Inc. v. W.H. Munzprufer Diermar Trenner GmbH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005) (internal citations omitted). If Leader believes Facebook had notice of the patent, it must disclose the facts underlying this belief.

Finally, if Leader cannot produce any factual evidence in support of its claim of willful infringement, discovery should be limited to allow Facebook to negotiate a stipulated dismissal of this claim or move for summary adjudication. This case has been pending for nearly a year and Leader has provided no factual support for its willfulness claim.

If Leader did not possess any evidence of willfulness when it brought this suit, and has not been able to obtain any evidence nearly a year into the case, there is no reason to subject Facebook to the expense of further discovery on this issue.

### Conclusion

For the foregoing reasons, Facebook respectfully requests that Leader be compelled to provide complete responses to Facebook's Interrogatory Nos. 4 and 11. If Leader cannot provide facts in support of its claim of willful infringement, Facebook asks that the Court stay discovery on the issue to allow Facebook to seek dismissal of the claim or move for summary adjudication.

Very truly yours,

*/s/ Steven L. Caponi*
Steven L. Caponi (I.D. No. 3484)