

BLANK ▪ ROME LLP
COUNSELORS AT LAW

Phone:    (302) 425-6408
Fax:      (302) 428-5106
Email:    Caponi@BlankRome.com

October 22, 2009

**BY HAND & ELECTRONIC FILING**      **CONFIDENTIAL – FILED UNDER SEAL**

The Hon. Leonard P. Stark
J. Caleb Boggs Federal Building                    **PUBLIC VERSION**
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6100
Wilmington, DE 19801-3556

Re:  *Leader Technologies, Inc. v. Facebook, Inc.,* Civ. No. 08-862-JJF-LPS

Dear Judge Stark:

This letter responds to the October 21 letter brief filed by plaintiff LTI. LTI asks this Court to abandon its September 4 Order regarding the production of technical documents and instead order Facebook to produce the substantial majority of the company's documents,


evidence of how the Facebook website works – and the technical documents requested by LTI on September 22. Facebook as always been willing to consider reasonable requests for additional documents, but LTI has refused to narrow its requests or provide any justification as to why Facebook should be required to spend months reviewing and producing e-mails, which are unlikely to lead to the discovery of anything that is not already disclosed by the source code.

LTI's other requests should similarly be denied. Facebook has agreed to provide a supplemental production of financial documents and LTI has made no showing as to why this Court should reconsider LTI's prior motion for *all* documents from unrelated litigations.

**Leader's Request for E-Mail and Unspecified Technical Documents Should Be Denied**

On September 4, this Court issued an Order specifying the procedure by which LTI would request and receive technical documents from Facebook. That procedure required Facebook to produce its entire source code for LTI's review. Following that review, LTI was required to identify the specific source code modules for which it sought technical documents, and Facebook would then produce the relevant technical documents one week later.



Facebook timely produced its source code, which LTI only reviewed for two days. LTI

Facebook source code. After conferring with LTI, Facebook agreed to produce the technical documents related to ·

LTI. Exhibit A. On September 29, Facebook produced the documents located in that search.

On October 1, LTI for the first time took the position that Facebook's production of technical documents should include e-mail. This new position was surprising to Facebook because LTI's definition of "technical documents" in its discovery requests did *not* include e-mail (Exhibit D at 4), and LTI did not ask the Court to require the production of e-mail in connection with the motion that led to the September 4 Order. LTI further complained about the volume of Facebook's technical document production despite the fact that Facebook has repeatedly assured LTI that it has everything relevant that a diligent search yielded. Exhibit A.

Leader's eleventh hour request for e-mail is absurdly overbroad, unlikely to lead to the discovery of admissible evidence more relevant than the source code and related technical documents, and nothing more than a desparate attempt to find a "smoking gun" that does not exist and therefore should be denied. Complying with Leader's harrassing and late request that

. Such a production would require a lengthy review, and not yield anything more relevant than the source code itself, something that could not have been intended by the Court when it ordered a seven-day turnaround for this production.

Moreover, LTI has inexplicably failed to provide any rationale as to how such e-mail will be relevant to the case, and why its claimed need for this e-mail outweighs the enormous burden associated with such a massive document production effort. The Federal Rules make clear that information need not be produced when, as here, it would impose undue burden and cost, and the discovery is unreasonably cumulative or duplicative of the source code already produced. *See* Fed. R. Civ. P. 26(b)(2)(B)-(C). This is a clear case where "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C)(iii). LTI's claims of alleged infringement revolve around the operation and functionality of the Facebook website. There is simply no better evidence describing how that website functions than the source code that is responsible for everything it does. LTI does not provide any theory of relevance because there is none. To the extent e-mail messages may talk about the website or what is contained in the source code, they are no substitute the actual source code and technical documents that LTI has already obtained. LTI's request is nothing more than harassment, which must be stopped.



Leader's request for additional unspecified technical documents should also be denied.

Facebook has produced the technical
documents it was able to locate after a reasonable search. Exhibit A. Leader's complaint that it

t

documents, examples of which have been attached hereto. Exs. E-H. Further, LTI's complaint

LTI's request for "manuals" in its definition of technical documents. Exhibit D at 4.

provided no justification for seeking irrelevant documents regarding unaccused functionality.

## Facebook Has Already Agreed To Supplement Its Production of Financial Documents

LTI's request for further production of financial and marketing documents is unnecessary
because Facebook has never refused to produce them. Facebook has already produced numerous

## LTI's Request for Documents Relating To Other Unrelated Litigations Should be Denied

Initially, LTI failed to meet and confer in good faith on this matter. On October 20 LTI
agreed that the parties would state their positions on this issue in a letter and attempt to resolve
the issue on October 27. LTI's motion on this issue should be denied for this reason alone.

LTI's motion should further be denied because it has failed to make any showing of
relevance for its request for *all* documents produced in other litigation unrelated to the plaintiff
or the patent at issue in this case. The only explained relevance LTI has offered is in an apparent
effort to bolster its claim of willful infringement. However, as explained in Facebook's
concurrently-pending letter brief, Facebook has denied any knowledge of the plaintiff or the
patent prior to this litigation. This Court has twice declined to order these documents produced –
on May 28 and July 14, 2009 – and LTI has provided no good reason to revisit this issue now.



Very truly yours,

*/s/ Steven L. Caponi*

Steven L. Caponi
I.D. No. 3484

SLC:pfc