## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC., a Delaware     )
corporation,                              )
                                          )
     Plaintiff-Counterdefendant,        )       Civil Action No. 08-862-JJF/LPS
                                          )
       v.                             )
                                          )  **PUBLIC VERSION**
FACEBOOK, INC., a Delaware corporation,   )
                                          )
     Defendant-Counterclaimant.          )


## PLAINTIFF LEADER TECHNOLOGIES, INC.'S OBJECTIONS TO
## THE MARCH 12, 2010 ORDER OF MAGISTRATE JUDGE STARK


OF COUNSEL:

Paul J. André
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

Dated:  March 26, 2010
Public Version:  April 1, 2010

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

## TABLE OF CONTENTS

I.   STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ........................................ 1

II.  SUMMARY OF ARGUMENT ....................................................................................... 1

III. STATEMENT OF FACTS ............................................................................................. 3

    A. Facebook's Refusal to Comply with the Federal Rules of Civil Procedure ........................ 3

    B. Documents Protected by a Common Legal Interest .......................................................... 4

IV.  ARGUMENT .............................................................................................................. 5

    A. The Order is Contrary to Law .......................................................................................... 7

    B. The Order is Clearly Erroneous ....................................................................................... 8

       1.  Denies production of all relevant documents .............................................................. 8

       2.  Compels production of privileged documents ............................................................ 9

V.   CONCLUSION ........................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

CASES

*In re the Regents of the Univ. of Cal.,*
    101 F.3d 1386 (Fed. Cir. 1996)................................................................................7

STATUTES

28 United States Code § 636(b)(1)(A) ................................................................................1

Fed. R. Civ. P. 26...........................................................................................2, 4, 7, 10

Fed. R. Civ. P. 72(a) ...........................................................................................1, 5

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. §636(b)(1)(A), Plaintiff Leader Technologies, Inc. ("Leader") respectfully submits the following objections to Magistrate Judge Starks's March 12, 2010 Order ("Order") Regarding Discovery Matters (*see* Official Transcript of 3/12/2010 Hearing Before Judge Stark) with respect to Leader's Letter Brief to Compel Production of Technical Documents and the Community Interest Privilege. Leader incorporates its arguments and briefing before Judge Stark and preserves its rights to use such arguments in further proceedings as necessary. D.I. 285.

## I.   STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Leader filed its Complaint against Facebook, Inc. ("Facebook") alleging infringement of U.S. Patent No. 7,139,761 on November 19, 2008. Discovery opened on February 17, 2009. Written fact Discovery closed in November 2009. Expert reports and depositions are currently scheduled to close on April 19, 2010.[1] *See* D.I. 76 at 2. Trial is set for June 28, 2010. *Id.* at 4.

## II.   SUMMARY OF ARGUMENT

Leader objects to the following portions of Judge Stark's March 12, 2010, Order: (1) the limited technical document production that will prejudice Leader at trial and (2) compelling Leader to produce documents protected by a common legal interest. Declaration of Yuridia Caire in Support of Plaintiff Leader Technologies, Inc.'s Objections to the March 12, 2010 Order of Magistrate Judge Stark ("Caire Decl."), Ex. 1, Mar. 12, 2010, Tr. at 65-74. Leader respectfully submits that the Order denying Leader's motion to compel and ordering production of privileged documents protected under a common legal interest are clearly erroneous and contrary to law because they violate the Federal Rules of Civil Procedure and are highly prejudicial to Leader.

---

[1] ████████████████████████████████████████████████

The Order limits the production of technical documents by Facebook to a ██████████████

████████████████████████ and is thus highly prejudicial to Leader's infringement case.

Federal Rule of Civil Procedure 26(b)(1) requires Facebook to produce all documents relevant to

Leader's claims of infringement. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ Caire Decl., Ex. 1, Mar. 12, 2010, Tr. at 72:13-21. The technical

documents requested are relevant to Leader's patent infringement claims because these

documents provide details regarding the development of the only accused product in this

infringement action, the Facebook website. *See* D.I. 285 at 1 and Ex. A. ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.*

Without these documents Leader is highly prejudiced in presenting its infringement case. Leader

respectfully requests that the Court set aside this portion of the Order and compel production of

all relevant technical documents which have been identified by Facebook's employees.

The Order also compels the production of privileged documents protected by a common

legal interest. Caire Decl., Ex. 1, Mar. 12, 2010, Tr. at 72:3-6. These documents were

exchanged between Leader and financing companies who were interested in funding the

litigation. *See* D.I. 264 at 2. The parties agreed to share privileged and work product

information on a confidential basis after signing non-disclosure agreements ("NDA") to that

effect. *Id.* The parties created an expectation of privilege and confidentiality, took appropriate

steps to protect that confidentiality, and therefore had a common legal interest. *Id.* Leader

---

2 ██████████████████████████████████████████████████████
████████████████████████████████████████████████

requests that the Court set aside this ruling in the Order and uphold the privilege and work product protections of the confidential communications exchanged between Leader and the third party financing companies.

## III. STATEMENT OF FACTS

### A. Facebook's Refusal to Comply with the Federal Rules of Civil Procedure

On September 4, 2009, the Court ordered Facebook to provide Leader with *all* relevant technical documents no later than September 29, 2009. *See* D.I. 111 at 8; *see also* Caire Decl., Ex. 2, Sept. 4, 2009 Tr. Facebook produced its source code and a total of 398 pages of non-public technical documents, ███████████████████████████████████████

█████████████████ Leader brought a motion to compel all responsive technical documents pursuant to the Court's Order. *See* D.I. 36. During the briefing before the Court, Facebook "repeatedly assured [Leader] that it has *everything relevant* that a diligent search yielded." *See* D.I. 134 at 2 (emphasis added). The Court denied Leader's motion to compel additional technical documents. *See* Caire Decl., Ex. 3, Oct. 23, 2009 Tr. ███████████████

███████████████████████████████████████

████████████████ *Id.* at 18:7-18.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

Leader has repeatedly requested that the technical documents referenced by its former and current employees be produced, but in each instance Facebook has refused, despite its obligations under the Federal Rules. *See* D.I. 285 and Ex. A. These documents relate directly to the product accused of infringing Leader's patent. To date none of these documents have been produced.

Facebook's belief is in direct conflict with its obligations under Federal Rule of Civil Procedure 26(b)(1) that requires the production of "all relevant technical documents."

### B.    Documents Protected by a Common Legal Interest

Leader entered into NDAs with litigation financing companies to discuss the merits of a potential litigation. *See* D.I. 264 at 2-3. Leader has consistently asserted that it shared a common legal interest with these companies regarding the merits of a potential litigation because the companies were looking to finance the potential litigation and their legal interest in the merits of the case were identical to Leader's. *Id.* Facebook asserts that no common legal interest existed and has requested the privileged and work product information shared between Leader and certain litigation financing companies. *See* Caire Decl., Ex. 1, Mar. 12, 2010, Tr. at 21:14-18.

██████████████████████████. *Id.* However, because the litigation

financing companies were interested in financing the litigation, there is an identical common

legal interest. Facebook's claim that no legal interest existed is completely unfounded.

## IV.  ARGUMENT

Federal Rule of Civil Procedure 72(a) provides that when a magistrate judge issues an

order in a non-dispositive pretrial matter, such as a discovery dispute, a party may serve and file

objections to the order within 14 days after service. *See* Fed. R. Civ. P. 72(a)("[t]he district

judge in the case must consider timely objections and modify or set aside any part of the order

that is clearly erroneous or is contrary to law.")

Judge Stark's Order is clearly erroneous and contrary to law because it unduly prejudices

Leader's ability to try its case. The Order denies the production of relevant documents and

compels the production of privileged documents, while relieving Facebook of its discovery

obligations to produce all relevant documents to Leader's claim of infringement. Facebook's

failure to produce all relevant documents relating to the products accused of infringing is unfairly

prejudicial to Leader.

The inequities in this case are alarming. ████████████████████

████████████████████████████████████

| | | |
|---|---|---|
| ████ | ███ | ████ |
| ████ | ▮ | |
| ██████ | ▮ | |
| ███ | ▮ | |
| █████ | ⌐ | |

| | | |
|---|---|---|
| ███████████ | ██ | |
| ██████████ | ██ | |
| █████████ | ██ | |
| ████████ | ██ | |
| ██ | ███ | █ |
| ███████████ | ██ | |
| █████████ | ██ | █ |

Looking at the above chart, one would assume that Leader, the Plaintiff in this action, is actually the party accused of patent infringement.  Leader has provided Facebook with almost all of the documentation in its possession, and has even been ordered to produce its source code and privileged documents. ████████████████████

████████████████████████████████████████████████

██████████████  Facebook's refusal to provide relevant technical documents is a violation of its discovery obligations.

In addition, the Order compelling production of privileged documents between Leader and certain litigation financing companies is clearly erroneous because these documents were exchanged only after a common legal interest was created.  The common interest protects the

---

3 ████████████████████████████████████████
██████████████████

limited privileged and work product information shared between Leader and certain litigation financing companies.[4]  The Order is highly prejudicial and thus should be set aside.

**A.    The Order is Contrary to Law**

Under Federal Rule of Civil Procedure 26(e) Facebook "*must* supplement or correct its disclosure or response" to an interrogatory, request for production, or request for admission.  The technical documents, both the updated versions and those identified by Facebook employees, are responsive to a number of Leader's Requests for Production.  Specifically, these documents are responsive to Request Nos. 4-8, 18, 23-31, 33-43, 54-59 and 64-65.  Deposition testimony proves that Facebook has not complied with its discovery obligations.  Caire Decl., Ex. 1; *see also* D.I. 285 at 1 and Ex. A.  Facebook should have been ordered to produce all responsive documents. Therefore, the Order is contrary to law because it relieves Facebook of its discovery obligations.

███████████████████████████████████████

███████████████████████████████████

███████████████████████████  Caire Decl., Ex. 1, Mar. 12, 2010 Tr. at 48:22.  Without the relevant technical documentation Leader will be prejudiced because these documents provide a functional description of the features on the Facebook website.  In addition, these documents will be admitted into evidence, presented at trial, and aid the jury during its deliberation.  By allowing Facebook to forgo its discovery obligations, Leader will be unfairly prejudiced.  Therefore, Leader respectfully requests that this portion of the Order be set aside, because it is contrary to law.

---

[4] This information is protected because the information communicated was privileged and work product information and the legal interest was the same, and not solely commercial. *See In re the Regents of the Univ. of Cal.*, 101 F.3d 1386, 1389-91 (Fed. Cir. 1996)(citations ommitted).

7

**B.     The Order is Clearly Erroneous**

###### 1.     Denies production of all relevant documents

Leader narrowed its document requests to specific topics identified during the deposition of Facebook employees in an effort to progress the case in a timely manner.  Judge Stark denied Leader's motion to compel these documents based on the premise that it is the expert and attorney's responsibility to teach the jury the computer language and computer science at issue in the case. *See* Caire Decl., Ex. 1, Mar. 12, 2010 Tr. at 73:14-20.  It will be very difficult to teach the jury about the relevant features of the Facebook Website, especially using the terminology used by Facebook's employees and engineers, without the relevant technical documents.  The very purpose of these documents is to teach Facebook's engineers and employees how the Facebook website operates.  There is no better explanation for the infringing technology than Facebook's own technical documents.  Source code is typically not submitted to the jury for deliberations, but these technical documents can and will be used by the jury during deliberations.  Leader has clearly identified the technical documents that Facebook must produce and there is no reason to relieve Facebook of these requirements.  *See* D.I. 285 at 1 and Ex. A.  Therefore, the Order is clearly erroneous and Leader will be unfairly prejudiced during trial by not being able to use these highly relevant documents in its case.

### 2.   Compels production of privileged documents

The Order also erroneously compels production of privileged documents between Leader and certain litigation financing companies.  These privileged documents were exchanged only after a common legal interest was created.  Facebook does not contest that the documents in question are privileged but merely that such protection is waived.  Leader took great care to ensure that NDAs were signed prior to exchanging information.  *See* D.I. 266 at ¶¶4-7.  Leader never waived attorney client or work product privilege.  Thus, these documents are privileged and should not be produced.

The Order was based on the clearly erroneous finding that because a deal was not consummated there was no common legal interest protecting attorney-client or work product privileged information.[5]  Attorney-client or work product privilege does not end because the parties involved do not consummate the deal.  Without a common legal interest protection, companies will decline to share privileged information crucial to consummating a deal.  The Order removes the common legal interest privilege and requires the production of privileged attorney-client communications or work product documents.  This information is protected because the information communicated was privileged and work product information, and the legal interest between the parties was the same.  ████████████  *See* Caire Decl.,

████████████████████████████  Ex. 1, Mar. 12, 2010 Tr. at 69:3-5.  Therefore, the Order is clearly erroneous because the documents are protected under a common legal interest and highly prejudicial to Leader.

---

[5] Judge Stark stated that "I think it's fair say that this area of the law is unsettled, somewhat inconsistent and frankly, difficult to apply.  Courts have noted those facts about the law in this area and I certainly agree with it.  And so I think this presents a close and difficult question." *See* Caire Decl., Ex. 1, Mar. 12, 2010 Tr. at 65:20-66:3.

## V.   CONCLUSION

For the foregoing reasons, Leader respectfully requests that the Court set aside pages 72-75 of Judge Stark's March 12, 2010, Oral Order, order Facebook to provide all relevant technical documents as required by the Federal Rule of Civil Procedure 26(b)(1), and deny production of the privileged information protected by a common legal interest.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Paul J. André | By: /s/ Philip A. Rovner |
| Lisa Kobialka | Philip A. Rovner (#3215) |
| King & Spalding, LLP | Hercules Plaza |
| 333 Twin Dolphin Drive | P.O. Box 951 |
| Suite 400 | Wilmington, DE  19899 |
| Redwood Shores, California  94065-6109 | (302) 984-6000 |
| (650) 590-7100 | provner@potteranderson.com |

Dated:  March 26, 2010                      *Attorneys for Plaintiff*
958960                                                *Leader Technologies, Inc.*

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 1, 2010, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following; that the document was served on the following counsel as indicated; and that the

document is available for viewing and downloading from CM/ECF.

### BY CM-ECF AND E-MAIL

Thomas P. Preston, Esq.
Steven L. Caponi, Esq.
Blank Rome LLP
1201 Market Street
Wilmington, DE  19801
Preston-T@blankrome.com
caponi@blankrome.com

I hereby certify that on April 1, 2010 I have sent by E-mail the foregoing

document to the following non-registered participants:

Heidi L. Keefe, Esq.
Mark R. Weinstein, Esq.
Jeffrey Norberg, Esq.
Melissa H. Keyes, Esq.
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
hkeefe@cooley.com
mweinstein@cooley.com
jnorberg@cooley.com
mkeyes@cooley.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com