## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEADER TECHNOLOGIES, INC., a Delaware corporation, | )<br>)<br>) Civil Action No. 08-862-JJF/LPS |
| Plaintiff-Counterdefendant, | ) |
| v. | ) |
| FACEBOOK, INC., a Delaware corporation, | ) |
| Defendant-Counterclaimant. | ) |

## LEADER TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 7
## TO EXCLUDE REFERENCES TO A POTENTIAL INJUNCTION

OF COUNSEL:

Paul J. André
Lisa Kobialka
KING & SPALDING LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
(650) 590-0700

Dated: May 20, 2010

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Leader Technologies, Inc.*

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, and 403, Leader hereby moves in limine for an order precluding Defendant Facebook, Inc. ("Facebook") from making any reference in front of the jury regarding Leader's request for injunctive relief.

Injunctive relief is a remedy that is determined by the Court, and is not an issue for the jury. The possibility of an injunction does not bear on any issue decided by the jury and is irrelevant to the jury's analysis. Further, it would be prejudicial to allow Facebook to refer to the possibility of an injunction in an attempt to influence the jury's determination on issues related to infringement, validity and damages.

## II. ARGUMENT

Injunctive relief is an equitable question to be decided by the Court in the remedy phase of the trial, not during the liability proceedings. There is no right to have a jury determine whether injunctive relief is appropriate; this is an issue for the trial court. *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005). The Supreme Court recently reiterated that granting an injunction is separate from finding patent infringement or validity, and must be based on the district court's consideration of the traditional, four-factor equity analysis. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006). In addition, the Federal Circuit has observed that "[t]he wording of 35 U.S.C. § 283, which empowers 'courts [to] grant injunctions in accordance with the principles of *equity*... on such terms as the *court* deems reasonable,' leaves no doubt that Congress did not intend to statutorily entitle patentees to a jury trial for the purposes of awarding relief thereunder." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315 n.16 (Fed. Cir. 2007) (emphasis in original).

It would be extremely prejudicial to Leader if Facebook is allowed to refer to the possibility of an injunction and any alleged hardships as a result of an injunction in an attempt to influence the jury's ultimate determination on factual issues before it. Fed. R. Evid. 402; *see also Computer Assocs. Int'l v. American Fundware, Inc.*, 831 F. Supp. 1516, 1530 (D. Colo. 1993) (granting motion to preclude reference before jury to request for injunctive relief: Court decides issue, so "[t]he jury need not be advised of [plaintiff's] equitable claim."). The risk of prejudice to Leader is especially great in this case given the success of Facebook's website and the likelihood that at least some of the jurors will be users of Facebook's website.

Accordingly, Facebook should be prohibited from presenting evidence, testimony, or argument to the jury regarding whether an injunction should issue, the possible consequences of an injunction, or whether the public interest would be well-served by an injunction. *See Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 529 (D. Del. 2005) (describing court order precluding defendant from referring to injunctive relief in presence of jury); *Athrocare Corp. v. Smith & Nephew, Inc.*, C. A. No. 01-504-SLR, 2003 WL 1905636, at *1 (D. Del. April 14, 2003) (same); *see also Richards Mfg. Co. v. Thomas & Betts Corp.*, No. Civ. A. 01-4677-SRC, 2005 WL 6043427, at *1 (D.N.J. Oct. 31, 2005) (excluding evidence that party sought injunctive relief).

### III. CONCLUSION

For the foregoing reasons, Leader respectfully requests that the Court grant its motion and preclude Facebook from making any reference in front of the jury to a potential injunction.

|  |  |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| Paul J. André<br>Lisa Kobialka<br>King & Spalding, LLP<br>333 Twin Dolphin Drive<br>Suite 400<br>Redwood Shores, California 94065-6109<br>(650) 590-7100 | By: /s/ Philip A. Rovner<br>　　　Philip A. Rovner (#3215)<br>　　　Jonathan A. Choa (#5319)<br>　　　Hercules Plaza<br>　　　P.O. Box 951<br>　　　Wilmington, DE 19899<br>　　　(302) 984-6000<br>　　　provner@potteranderson.com<br>　　　jchoa@potteranderson.com |
| Dated: May 20, 2010<br>967299 | *Attorneys for Plaintiff*<br>*Leader Technologies, Inc.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 20, 2010, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

## BY CM-ECF, E-MAIL AND HAND DELIVERY

Thomas P. Preston, Esq.
Steven L. Caponi, Esq.
Blank Rome LLP
1201 Market Street
Wilmington, DE 19801
Preston-T@blankrome.com
caponi@blankrome.com

I hereby certify that on May 20, 2010 I have sent by E-mail the foregoing document to the following non-registered participants:

Heidi L. Keefe, Esq.
Mark R. Weinstein, Esq.
Jeffrey Norberg, Esq.
Melissa H. Keyes, Esq.
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
hkeefe@cooley.com
mweinstein@cooley.com
jnorberg@cooley.com
mkeyes@cooley.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com