IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC., :
                              :
            Plaintiff, :
                              :
       v.                  :       Civil Action No. 08-862-LPS
                              :
FACEBOOK, INC., :
                              :
           Defendant. :

---

Paul J. Andre, Esquire, and Lisa Kobialka, Esquire of KING & SPALDING LLP,
Redwood Shores, California.
Philip A. Rovner, Esquire of POTTER ANDERSON & CORROON LLP,
Wilmington, Delaware.

Attorneys for Plaintiff.

Heidi L. Keefe, Esquire; Mark R. Weinstein, Esquire; Jeffrey Norberg, Esquire; and Melissa H.
Keyes, Esquire of COOLEY GODWARD KRONISH LLP, Palo Alto, California.
Stephen L. Caponi, Esquire of BLANK ROME LLP, Wilmington, Delaware.

Attorneys for Defendant.

---

**<u>MEMORANDUM OPINION</u>**

June 24, 2010, Wilmington, Delaware

Stark, Magistrate Judge.

Presently before the Court is a Motion For Leave To Amend Its Responsive Pleading To

Add A Defense And Counterclaim Of Inequitable Conduct And To Amend Its False Marking

Counterclaim ("Motion To Amend") (D.I. 304) filed by Defendant Facebook, Inc.  For the

reasons to be discussed, Facebook's Motion To Amend will be **GRANTED IN PART** and

**DENIED IN PART.**

## I.      Background

This is a patent infringement case brought by Plaintiff Leader Technologies, Inc.

("Leader") against Defendant Facebook, Inc. ("Facebook") alleging infringement of United

States Patent No. 7,139,761 (the "'761 patent" or the "patent-in-suit").  The patent-in-suit relates

to the "management and storage of electronic information," and specifically relates to "new

structures and methods for creating relationships between users, applications, files and folders."

'761 patent, col. 1 lines 20-24.  On July 23, 2009, the Court issued a Scheduling Order (D.I. 76)

directing the parties to file amendments to pleadings by November 20, 2009.  Facebook was

previously granted leave to amend its responsive pleading to add a false marking claim on

December 23, 2009.  (D.I. 189)  Facebook filed the present Motion To Amend on March 25,

2010.  The parties consented to my jurisdiction on June 18, 2010.  (D.I. 543)

## II.     Parties' Contentions

By its Motion To Amend, Facebook seeks to amend its existing false marking

counterclaim, and to add an affirmative defense of inequitable conduct and a counterclaim

seeking a declaratory judgment that the '761 patent is unenforceable.  The proposed amendments

to the false marking counterclaim allege false marking on additional Leader products, including

LeaderPhone, LeaderAlert, and LeaderMeeting.  (D.I. 305, Ex. A ¶ 12)  Additionally, the

amended false marking counterclaim alleges that Leader marked each public page accessible from its website with the number for the '761 patent, "effectively contending that all of its products and even its webpage practiced the alleged invention claimed in the '761 patent." (*Id.* ¶ 13)  Facebook contends that it did not learn that Leader marks all of its products with the '761 patent number until the February 17, 2010 deposition of Timothy Fathbruckner, a former production chief at Leader.  (D.I. 305 at 5)  Facebook contends that it acted diligently in pursuing its false marking claim, and notes that Mr. Fathbruckner's testimony conflicted with Leader's response to Interrogatory No. 18, in which Leader stated that only "material related to Leader2Leader® or related to the Digital Leaderboard® was marked with the '761 patent number." (*Id.* at 7)  Further, Facebook contends that Leader will not be prejudiced by amendment of the false marking claim because Leader has had knowledge of this claim since October 2009, and fact discovery has already been propounded on the claim.  (*Id.* at 9)  Finally, Facebook argues that amendment to the false marking claim would not be futile, and that it has set forth sufficient facts to state its counterclaim.  (*Id.* at 10)

With regard to the affirmative defense of inequitable conduct and declaratory judgment counterclaim of unenforceability, Facebook contends that it learned during the February 19, 2010 deposition of Jeffrey Lamb, one of the inventors of the '761 patent, that the priority date of the '761 patent is actually December 10, 2003, not December 10, 2002 (as asserted by Leader).  (*Id.* at 2)  Further, Facebook contends that the deposition of Michael McKibben, the other named inventor of the '761 patent, supports a finding that material information was withheld from the U.S. Patent and Trademark Office ("PTO").  (*Id.* at 3)  Specifically, Facebook contends that the McKibben deposition establishes that more than one year prior to the filing of U.S. Patent

2

Application No. 10/732,744 (the "'744 Application), Leader offered to sell the Leader2Leader product to at least three third parties. (*Id.* at 3-4) Also, Facebook alleges that documents produced by Leader during discovery demonstrate that Mr. McKibben failed to disclose at least four items of relevant prior art to the PTO. (*Id.* at 4)

According to Facebook, it acted diligently in seeking amendment because it could not have deposed Mr. McKibben prior to the November 20, 2009 deadline, and it requested a meet and confer with Leader about asserting an inequitable conduct defense only nine days after Mr. McKibben's deposition. (*Id.* at 7) Facebook contends that Leader belatedly produced ten thousand pages of non-disclosure agreements with third parties, and that Facebook reviewed those documents as quickly as possible, filing its Motion To Amend only two weeks later. (*Id.* at 8) In addition, Facebook contends that Leader already has the information needed to defend against an inequitable conduct claim in its possession, and, thus, that Leader will not be prejudiced by amendment. (*Id.*) Finally, Facebook contends that it has sufficiently plead inequitable conduct and amendment would not be futile. (*Id.* at 9)

Leader opposes Facebook's Motion To Amend. With regard to the proposed amendment of the false marking counterclaim, Leader contends that Facebook has not acted diligently or in good faith in pursuing its false marking claim in that the information on Leader's website has been publicly available, and Leader's April 17, 2009 document production contained numerous marking documents showing that the LeaderPhone, LeaderAlert, and LeaderMeeting products were marked with the '761 patent. (D.I. 331 at 7, 11-12) According to Leader, Facebook had all of the information it now seeks to add to the false marking claim in its possession when it previously moved before the Court to amend in October 2009. (*Id.*) Leader additionally argues

3

that amendment of the false marking claim will cause undue prejudice because Leader will not have the ability to conduct discovery, Leader does not know what documents Facebook is relying on in support of its new allegations, and the proposed amendment quadruples the number of products alleged to have been falsely marked. (*Id.* at 13-14)  Leader also contends that the proposed false marking amendments are futile because Facebook fails to cite to any evidence of an intent to deceive the public by Leader. (*Id.* at 17-18)

With regard to the proposed amendment to add an inequitable conduct defense and declaratory judgment counterclaim, Leader contends that Facebook has not shown good cause for this amendment because the relevant documents have been in Facebook's possession for over eight months (since at least August 18, 2009) and because Facebook failed to propound specific written discovery or relevant third-party discovery to explore the alleged inequitable conduct issues. (*Id.* at 6, 8-9)  Moreover, Leader contends that Facebook has not shown good cause for amendment because the cited deposition testimony does not even provide a basis for Facebook's inequitable conduct allegations. (*Id.* at 10-11)  Permitting amendment would also be unduly prejudicial, according to Leader, because the proposed inequitable conduct claim contains a new, distinct factual allegation, and because Facebook is allegedly attempting to "materially expand its invalidity claims by bootstrapping additional issues to its proposed amendment to add an inequitable conduct claim." (*Id.* at 12-13)  Finally, Leader contends that amendment would be futile because Facebook cannot show intent to deceive the PTO with the alleged prior offers for sale, the alleged public disclosures, or the alleged prior art. (*Id.* at 15-17)

## III.   Legal Standards

"After amending once or after an answer has been filed, the plaintiff may amend only

with leave of the court or the written consent of the opposing party." *Shane v. Fauver*, 213 F.3d

113, 115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)). The district court has discretion in

granting a motion to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "the court should

freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Third Circuit has

adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided

on the merits rather than on technicalities. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.

1990). Amendment should ordinarily be permitted absent a showing of "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment

previously allowed, undue prejudice to the opposing party by virtue of the allowance of the

amendment, futility of the amendment." *Foman*, 371 U.S. at 182.

If a party moves for leave to amend the pleadings after a deadline imposed by a

Scheduling Order, Rule 16 of the Federal Rules of Civil Procedure is also implicated. Pursuant

to Rule 16(b), "a schedule may be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4). After a pleading deadline has passed, the Third Circuit requires a

showing of good cause in order to amend. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d

330, 340 (3d Cir. 2000) (affirming district court's denial of motion for leave to amend because

no showing of good cause to modify scheduling order was made); *see also Dimensional*

*Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005) (citing *E. Minerals* to

disagree with assertion that Third Circuit had not adopted good cause requirement when ruling

on motions to amend pleading after scheduling order deadline has passed). "Good cause" exists

when the ordered schedule cannot reasonably be met despite the diligence of the party seeking

the extension. *See* Fed. R. Civ. P 16(b)(4) Advisory Committee's Notes (1983 amendments).

"In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at \*4 (D. Del. May 21, 2009).

## IV.   Discussion

### A.   Whether Facebook Will Be Permitted To Amend Its Existing False Marking Counterclaim

The Court concludes that Defendant has not demonstrated good cause to amend its existing false marking counterclaim, as required by Rule 16(b). Although Facebook contends that, in light of Leader's interrogatory response, it could not have known of other products marked with the '761 patent number until Mr. Fathbruckner's deposition, Leader points to numerous documents within Facebook's own document production from over one year ago that contain examples of how Leader marked the newly accused products. For example, Leader Phone and Leader Alert advertisements, as well as a LeaderMeeting Quick Start Guide, all contain references to the '761 patent. (*See* D.I. 334, Hopkins Decl., Ex. G at G1, G3, G7) Facebook does not dispute its receipt in production of these documents. Thus, it appears that Facebook possessed documents containing examples of how Leader marked its LeaderPhone, LeaderAlert, and LeaderMeeting products before it previously moved to add the false marking claim. Facebook provides no explanation for why, in light of this information, it could not reasonably have complied with the Scheduling Order. Accordingly, the Court concludes that Facebook has not shown that good cause exists to amend its responsive pleading with regard to the false marking counterclaim.

B.   Whether Facebook Will Be Permitted To Amend Its Answer To Add An Inequitable Conduct Defense and Declaratory Judgment Counterclaim For Unenforceability

The Court concludes, however, that Defendant has demonstrated good cause to amend its Answer to add an inequitable conduct defense and declaratory judgment counterclaim for unenforceability, as required by Rule 16(b). Rule 9(b) requires that claims of inequitable conduct in patent cases be pled with particularity. *See Enzo Life Sci., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487 (D. Del. 2003). Where inequitable conduct claims are made, the pleading party is "possibly required to confirm the factual allegations through discovery." *Id.* at 489; *see also Roquette Freres*, 2009 WL 1444835, at *5 (finding it "appropriate" for defendant to confirm proposed inequitable conduct allegations through discovery). Facebook does not dispute that it possessed the documents cited in its proposed amended Answer prior to the Scheduling Order's deadline for amended pleadings. However, the Court is persuaded by Facebook's contention that it was unable to discover key evidence for an inequitable conduct claim – an intent to deceive – until the '761 patent's inventors were deposed. Therefore, the Court concludes Facebook's proposed amendment pleads a new legal theory, inequitable conduct, based on a new set of facts which could not be adequately confirmed prior to the Scheduling Order's deadline for amended pleadings.

In addition, the Court is satisfied that, upon deposing Mr. McKibben and Mr. Lamb, Facebook acted diligently in pursuing the inequitable conduct claim and in discovering facts necessary to plead it with particularity. Mr. McKibben and Mr. Lamb were deposed in late February 2010, and Facebook subsequently sought a meet-and-confer with Leader on March 5, 2010. (D.I. 305 at 7)  The parties met on March 10, 2010 to discuss Facebook's proposed

7

inequitable conduct claim and, less than two weeks later, Facebook filed the present Motion. (*Id.*)

Having thus found that Facebook demonstrated good cause as required by Rule 16(b), the Court turns to Rule 15(a), and concludes that Leader will not be unduly prejudiced if Facebook is granted leave to amend, and that the inequitable conduct claim is not futile. Amendment of a complaint is futile if it fails to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In addition, when alleging inequitable conduct, the Federal Circuit "requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

Furthermore, while Rule 9(b) allows "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally, . . . 'generally' is a relative term. In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009). "Although 'knowledge' and 'intent' may be averred generally, [Federal Circuit] precedent . . . requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. "In sum, to plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific *who, what, when, where and how* of the material misrepresentation or omission committed before the PTO." *Id.* at 1327 (emphasis added).

8

Facebook's proposed inequitable conduct allegations center around failure to disclose the following information to the PTO: (1) 2001-2002 offers of sale, (2) 2002 prior public uses, and (3) material prior art.  With respect to the offer of sale, Facebook alleges that Mr. McKibben and Leader offered to sell Leader2Leader to The Limited, Inc., Wright-Patterson Air Force Base, and Boston Scientific Corporation.  (D.I. 305 Ex. A ¶¶ 25-27)  Facebook provides the approximate dates of these offers and details concerning how the alleged offers were made.  (*Id.*)  Additionally, Facebook alleges that the offers to sell were material to the patentability of the '761 patent, that Mr. McKibben was directly involved in the negotiations, and that he acted with the intent to deceive because obtaining the patent was crucial to Leader's funding.  (*Id.* ¶¶ 28-29)  With respect to the 2002 prior uses, Facebook alleges that more than one year prior to the filing of the '744 Application, Mr. McKibben made public demonstrations of Leader2Leader to numerous companies, including Boston Scientific Corporation and Applied Materials.  (*Id.* ¶¶ 30-31)  Facebook provides the dates of these alleged demonstrations and alleges that the prior public uses were material to patentability.  (*Id.* ¶¶ 30-33)  Finally, with respect to the material prior art, Facebook identifies four specific items of prior art and details the important features of each item.  (*Id.* ¶¶ 34, 36-42)  Further, Facebook alleges that the document and deposition testimony establish that Mr. McKibben and Mr. Lamb were aware of these prior art references yet failed to disclose them to the PTO.  (*Id.* ¶ 35)

The Court concludes that these allegations adequately identify the "specific who, what, when, where and how of the material misrepresentation[s] or omission[s] committed before the PTO."  *Exergen*, 575 F.3d at 1328.  Regarding the intent to deceive requisite to an inequitable conduct claim, the Court concludes that these allegations include sufficient facts from which it

9

may be inferred that Leader knew of the withheld material information and withheld the information with specific intent to deceive the PTO. *See id.* Accordingly, the proposed inequitable conduct affirmative defense and declaratory judgment counterclaim for unenforceability are not futile.

In order to prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . had the amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). In light of its finding that Facebook has plead inequitable conduct with the required particularity, the Court necessarily rejects Leader's contention that it will be prejudiced by Facebook's alleged failure to plead with particularity. Leader's other arguments regarding prejudice relate to the fact that discovery is now closed and that it has not had the opportunity to seek discovery from relevant third parties or to seek discovery regarding Facebook's evidence. Given that Facebook's inequitable conduct claim is largely premised on documents already within Leader's control, and on testimony of the '761 patent's inventors, the Court concludes that Leader will not be unduly prejudiced by Facebook's proposed amendment.

## V.    Conclusion

For the reasons discussed, Facebook's Motion For Leave To Amend Its Responsive Pleading To Add A Defense And Counterclaim Of Inequitable Conduct And To Amend Its False Marking Counterclaim (D.I. 304) will be granted in part and denied in part. Specifically, Facebook will not be permitted to amend its existing false marking counterclaim, but will be permitted to add an affirmative defense of inequitable conduct and declaratory judgment counterclaim. An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC.,  :
                              :
           Plaintiff,     :
                              :
       v.               :        Civil Action No. 08-862-LPS
                              :
FACEBOOK, INC.,        :
                              :
          Defendant.   :

## **ORDER**

At Wilmington, this 24th day of June 2010, for the reasons set forth in the Memorandum

Opinion issued this date;

      NOW THEREFORE, IT IS HEREBY ORDERED that:

1.     Defendant Facebook, Inc.'s Motion For Leave To Amend Its Responsive Pleading To

     Add A Defense And Counterclaim Of Inequitable Conduct And To Amend Its False

     Marking Counterclaim (D.I. 304) is **GRANTED IN PART** and **DENIED IN PART** as

     follows:

           a.     Defendant Facebook, Inc.'s Motion is **DENIED** as to amendment of the

               false marking claim;

           b.     Defendant Facebook, Inc.'s Motion is **GRANTED** as to amendment

               adding an affirmative defense of inequitable conduct and declaratory

               judgment counterclaim for unenforceability;

2.      Facebook's Third Amended Answer And Counterclaims (D.I. 305 Ex. A) is deemed filed

to the extent consistent with this Order.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this

Order.  To avoid the imposition of sanctions, counsel shall advise the Court immediately of any

problems regarding compliance with this Order.

UNITED STATES MAGISTRATE JUDGE
Leonard P. Stark