IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC., a
Delaware corporation,

        Plaintiff-Counterdefendant,

v.

FACEBOOK, INC., a Delaware corporation,

        Defendant-Counterclaimant.

Civil Action No. 08-862-JJF/LPS

## VERDICT FORM

**A.**   **Leader's Patent Infringement Claims Against Facebook**

    **1.**   **Literal Infringement**

Do you find that Leader has proven by a preponderance of the evidence that Facebook has literally infringed each and every element of any of the asserted claims of U.S. Patent No. 7,139,761?

    YES __X__                NO _____

    **a.**   If you answered "Yes," please place a check mark next to the claims you found to be infringed.

| Claim 1: X | Claim 4: X | Claim 7: X |
|---|---|---|
| Claim 9: X | Claim 11: X | Claim 16: X |
| Claim 21: X | Claim 23: X | Claim 25: X |
| Claim 31: X | Claim 32: X | |

2. **Infringement Under the Doctrine of Equivalents**

If you found that Facebook did not literally infringe some or all of the claims of U.S. Patent No. 7,139,761 in Question 1, do you find that Leader has proven by a preponderance of the evidence that Facebook has infringed any of those claims under the doctrine of equivalents?

YES \_\_\_\_\_   NO __X__

   a. If you answered "Yes," please mark the claims you found to be infringed under the doctrine of equivalents.

| | | |
|---|---|---|
| Claim 1: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ | Claim 7: \_\_\_\_\_ |
| Claim 9: \_\_\_\_\_ | Claim 11: \_\_\_\_\_ | Claim 16: \_\_\_\_\_ |
| Claim 21: \_\_\_\_\_ | Claim 23: \_\_\_\_\_ | Claim 25: \_\_\_\_\_ |
| Claim 31: \_\_\_\_\_ | Claim 32: \_\_\_\_\_ | |

3. **Control or Direction**

With respect to its infringement claims against Facebook with respect to claims 9, 11, and 16, has Leader shown by a preponderance of the evidence that Facebook controls or directs the accused actions of Facebook end users and/or Facebook employees?

   a. Facebook end users    YES \_\_\_\_\_   NO __X__
   b. Facebook employees    YES \_\_\_\_\_   NO __X__

4. **Priority Date of U.S. Patent No. 7,139,761**

Do you find that Leader has proven by a preponderance of the evidence that U.S. Patent Application No. 60/432255 (the "Provisional Application") fully discloses each and every element of any asserted claim of U.S. Patent No. 7,139,761?

YES \_\_\_\_\_     NO __X__

    a. If you answered "Yes," please mark the asserted claims of U.S. Patent No. 7,139,761 for which you found that each and every element was fully disclosed by the Provisional Application.

| Claim 1: \_\_\_\_ | Claim 4: \_\_\_\_ | Claim 7: \_\_\_\_ |
|---|---|---|
| Claim 9: \_\_\_\_ | Claim 11: \_\_\_\_ | Claim 16: \_\_\_\_ |
| Claim 21: \_\_\_\_ | Claim 23: \_\_\_\_ | Claim 25: \_\_\_\_ |
| Claim 31: \_\_\_\_ | Claim 32: \_\_\_\_ | |

**B. Facebook's Patent Invalidity Defenses**

    **1. On-Sale Bar**

Do you find that Facebook has proven by clear and convincing evidence that the asserted claims of U.S. Patent No. 7,139,761 are invalid because the alleged invention was the subject of an invalidating offer of sale?

YES __X__     NO \_\_\_\_\_

    **2. Prior Public Use**

Do you find that Facebook has proven by clear and convincing evidence that the asserted claims of U.S. Patent No. 7,139,761 are invalid because the alleged invention was the subject of an invalidating public use?

YES __X__     NO \_\_\_\_\_

3.  **Anticipation by iManage**

Do you find that Facebook has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,139,761 are invalid because they are anticipated by iManage DeskSite 6.0 ("iManage")?

YES \_\_\_\_\_        NO **X**

    a.  If you answered "Yes," please mark the claims you found to be anticipated.

| Claim 1: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ | Claim 7: \_\_\_\_\_ |
| Claim 9: \_\_\_\_\_ | Claim 11: \_\_\_\_\_ | Claim 16: \_\_\_\_\_ |
| Claim 21: \_\_\_\_\_ | Claim 23: \_\_\_\_\_ | Claim 25: \_\_\_\_\_ |
| Claim 31: \_\_\_\_\_ | Claim 32: \_\_\_\_\_ | |

4.  **Anticipation by Swartz**

Do you find that Facebook has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,139,761 are invalid because they are anticipated by U.S. Patent No. 6,236,994 B1 ("Swartz")?

YES \_\_\_\_\_        NO **X**

    a.  If you answered "Yes," please mark the claims you found to be anticipated.

| Claim 1: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ | Claim 7: \_\_\_\_\_ |
| Claim 9: \_\_\_\_\_ | Claim 11: \_\_\_\_\_ | Claim 16: \_\_\_\_\_ |
| Claim 21: \_\_\_\_\_ | Claim 23: \_\_\_\_\_ | Claim 25: \_\_\_\_\_ |
| Claim 31: \_\_\_\_\_ | Claim 32: \_\_\_\_\_ | |

5. **Anticipation by Hubert**

Do you find that Facebook has proven by clear and convincing evidence that any of the asserted claims of U.S. Patent No. 7,139,761 are invalid because they are anticipated by European Patent Application No. EP 1 087 306 A2 or U.S. Patent No. 7,590,934 B2 ("Hubert")?

YES \_\_\_\_\_      NO ✗

    a.    If you answered "Yes," please mark the claims you found to be anticipated.

| | | |
|---|---|---|
| Claim 1: \_\_\_\_ | Claim 4: \_\_\_\_ | Claim 7: \_\_\_\_ |
| Claim 9: \_\_\_\_ | Claim 11: \_\_\_\_ | Claim 16: \_\_\_\_ |
| Claim 21: \_\_\_\_ | Claim 23: \_\_\_\_ | Claim 25: \_\_\_\_ |
| Claim 31: \_\_\_\_ | Claim 32: \_\_\_\_ | |

6. **Obviousness**

Do you find that Facebook has proven by clear and convincing evidence that any of the claims of U.S. Patent No. 7,139,761 are invalid on the ground of obviousness?

YES \_\_\_\_\_      NO ✗

    a.    If you answered "Yes," please mark the claims you found to be obvious.

| | | |
|---|---|---|
| Claim 1: \_\_\_\_ | Claim 4: \_\_\_\_ | Claim 7: \_\_\_\_ |
| Claim 9: \_\_\_\_ | Claim 11: \_\_\_\_ | Claim 16: \_\_\_\_ |
| Claim 21: \_\_\_\_ | Claim 23: \_\_\_\_ | Claim 25: \_\_\_\_ |
| Claim 31: \_\_\_\_ | Claim 32: \_\_\_\_ | |

**Signatures**

Date July 28, 2010

_William T. Aufhold_
FOREPERSON
_William T. Tylott_
Joseph Miller
Linda S. Flinn
Carol Doohan

Mary F Giles
Maria D. Grambi
Mauren L. Cony
_[signature]_