IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEADER TECHNOLOGIES, INC., :
a Delaware corporation, :
 :
         Plaintiff and :
         Counterdefendant, :
 :
v. : Civil Action No. 08-862-LPS
 :
FACEBOOK, INC., :
a Delaware corporation, :
 :
         Defendants and :
         Counterclaimant. :

---

Paul J. André, Esquire and Lisa Kobialka, Esquire of KING & SPALDING LLP, Redwood Shores, California.
Philip A. Rovner, Esquire and Jonathan A. Choa, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Plaintiff and Counterdefendant, Leader Technologies, Inc.

Michael G. Rhodes, Esquire; Heidi L. Keefe, Esquire; Mark R. Weinstein, Esquire and Jeffrey T. Norberg, Esquire of COOLEY LLP, Palo Alto, California.
Steven L. Caponi, Esquire of BLANK ROME LLP, Wilmington, Delaware.

Attorneys for Defendant and Counterclaimant, Facebook, Inc.

---

March 14, 2011
Wilmington, Delaware

[signature] Stark, District Judge:

Pending before the Court are three motions filed by Defendant Facebook, Inc. ("Facebook"): (1) a Motion For Summary Judgment Of Non-Infringement [Motion 3 of 6] (D.I. 389), (2) a Motion For Summary Judgment No. 5 Of Invalidity Of U.S. Patent No. 7,139,761 Based On The On Sale Bar [Motion 5 of 6] (D.I. 403); and (3) a Motion For Summary Judgment Of [In]validity Of U.S. Patent No. 7,139,761 Based On Anticipation Under 35 U.S.C. Section 102(b) [Motion 6 of 6] (D.I. 408). At the second Pretrial Conference, the Court orally denied the Motions and indicated that a written decision and order would be forthcoming. This Memorandum Opinion constitutes the Court's rationale for denying the Motions.

## I. The Parties' Contentions

By their Motions, Facebook requests summary judgment on three issues. First, Facebook contends that Plaintiff Leader Technologies, Inc. ("Leader") cannot establish infringement as a matter of law, because Leader cannot establish that the Facebook website automatically updates the metadata in response to the user's movement. Second, Facebook contends that U.S. Patent No. 7,139,761 (the "'761 patent") is invalid as a matter of law based upon the on sale bar. Third, Facebook contends that the '761 patent is invalid as anticipated based on U.S. Patent No. 6,236,994 (the "Swartz reference"), which was neither cited to nor considered by the U.S. Patent and Trademark Office ("PTO").

In response, Leader contends that each of the three Motions raise genuine issues of material fact. Specifically, Leader contends that the presence or absence of the updating the metadata element for purposes of the infringement analysis turns on the differing opinions of Leader's expert, Dr. Vigna, and Facebook's expert, Dr. Kearns. With respect to invalidity based upon the on sale bar, Leader disputes key assertions made by Facebook, including whether the

patented invention was commercially offered for sale by Leader. As for the issue of invalidity based upon anticipation, Leader contends that resolution of this issue turns on the differing opinions of Leader's expert, Dr. Herbsleb, and Facebook's expert, Dr. Greenberg.

## II. Legal Standards

A grant of summary judgment is appropriate only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). If the moving party has carried its burden, the nonmovant must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If the Court is able to determine that "there is no genuine issue as to any material fact" and that the movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005); Fed. R. Civ. P. 56©).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Service,* 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks

omitted). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The *Anderson* Court provides further guidance: "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## III. Discussion

The Court reviewed the Motions and concluded that each of them turns on genuine issues of material fact that must be tried before a jury.[1] The expert witnesses in this case advanced detailed and plausible, but conflicting, opinions concerning the application of the Court's claim construction to the accused device for infringement purposes and the comparison between the '761 patent and the prior anticipatory art for invalidity purposes. Such conflicting expert testimony raises genuine issues of material fact that are appropriate for consideration by a jury in the first instance and, hence, preclude summary judgment. *See e.g., B-K Lighting, Inc. v. Fresno Valves & Castings, Inc.*, 375 Fed. Appx. 28, 32 (Fed. Cir. 2010); *Total Containment, Inc. v. Environ Prods.*, 1999 WL 717946, at *4 (Fed. Cir. Sept. 15, 1999) (recognizing that summary

---

[1] A trial in this matter was held from July 19 to July 23 and July 26 to July 28, 2010. (*See* D.I. 608, 619-625)

3

judgment is often inappropriate where case depends on "specific, plausible and detailed testimony by dueling expert witnesses"); *Ethyl Corp. v. Borden, Inc.*, 427 F.2d 206, 210 (3d Cir 1970) (holding that court may not resolve "disputed and relevant factual issues on conflicting affidavits of qualified experts").

Similarly, with respect to the question of invalidity based upon the on sale bar, genuine issues of material fact exist concerning whether the purported offers are sufficient in scope and context to constitute commercial offers for sale and whether Leader intended such communications to be offers in the commercial sense. In addition to factual disputes concerning the scope and context of the documentary evidence, genuine issues of material fact exist regarding the testimony of Mr. McKibben as it applies to critical issues concerning the on sale bar, including such issues as whether the Leader2Leader product subject to the potentially invalidating offers for sale embodied all the elements of the '761 patent. Accordingly, the Court concludes that genuine issues of material fact permeated all three Facebook Motions and, therefore, the Court concluded that summary judgment is inappropriate.

## IV. Conclusion

For the reasons discussed, the Court has orally denied Facebook's Motions For Summary Judgment. A written Order will be entered.